# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Diageo North America, Inc, Plaintiff/Counterclaim Defendant -- Appellee<br>v.<br>W.J. Deutsch & Sons, Ltd. d/b/a Deutsch Family Wine and Spirits, et al.<br>Defendants/Counterclaim Plaintiffs -- Appellants | Southern District of NY | Hon. Louis Stanton |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>September 9, 2022 | District Court Docket No.:<br>17-cv-4259 |
| | Date the Notice of Appeal was Filed:<br>September 27, 2022 | Is this a Cross Appeal?<br>☐ Yes   ☑ No |

| **Attorney(s) for Appellant(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br>Michael S. Cryan  1301 6th Ave., NY, NY 10019   212-492-3289   212-484-3990<br>michael.cryan@arentfox.com |
|---|---|

| **Attorney(s) for Appellee(s):**<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br>Susan Kohlmann 1155 6th Ave. NY, NY 10036 212-891-6100  212 891-1699<br>skohlmann@jenner.com |
|---|---|

| Has Transcript Been Prepared?<br>Yes | Approx. Number of Transcript Pages:<br>1,968 | Number of Exhibits Appended to Transcript:<br>None | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party<br>☑ Federal question (U.S. not a party) | ☐ Diversity<br>☐ Other (specify): _____ | ☑ Final Decision<br>☐ Interlocutory Decision Appealable As of Right | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))<br>☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- ☐ Pre-trial
- ☐ During trial
- ☑ After trial

**2. Type of Judgment/Order Appealed**
- ☐ Default judgment
- ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- ☐ Dismissal/FRCP 12(b)(6) failure to state a claim
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- ☐ Dismissal/other jurisdiction
- ☐ Dismissal/merit
- ☑ Judgment / Decision of the Court
- ☐ Summary judgment
- ☐ Declaratory judgment
- ☑ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☐ Other (specify):

**3. Relief**
- ☑ Damages:
  - ☑ Sought: $ _$20 million_
  - ☐ Granted: $ _____
  - ☑ Denied: $ _____
- ☑ Injunctions:
  - ☐ Preliminary
  - ☑ Permanent
  - ☐ Denied

---

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☐ Civil Rights
- ☐ Commerce
- ☐ Energy
- ☐ Commodities
- ☐ Other (specify): _____
- ☐ Communications
- ☐ Consumer Protection
- ☐ Copyright / Patent
- ☑ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

**2. Torts**
- ☐ Admiralty/ Maritime
- ☐ Assault / Defamation
- ☐ FELA
- ☐ Products Liability
- ☐ Other (Specify):

**3. Contracts**
- ☐ Admiralty/ Maritime
- ☐ Arbitration
- ☐ Commercial
- ☐ Employment
- ☐ Insurance
- ☐ Negotiable Instruments
- ☐ Other Specify

**4. Prisoner Petitions**
- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

**5. Other**
- ☐ Hague Int'l Child Custody Conv.
- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): _____
- ☐ Other (specify): _____

**6. General**
- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

**7.** Will appeal raise constitutional issue(s)?
☐ Yes ☑ No

Will appeal raise a matter of first impression?
☐ Yes ☑ No

---

1. Is any matter relative to this appeal still pending below? ☑ Yes, specify: _Motion re clarification of injunction_ ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☑ No

   If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: Diageo North America, Inc. v. W.J. Deutsch & Sons Ltd. et al | Docket No. 22 - 2106 | Citation: | Court or Agency: |
|---|---|---|---|

Name of Appellant: **W.J. Deutsch & Sons Ltd., and Bardstown Barrel Selections LLC**

| Date: 10/11/2022 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

# Addendum A

**1.     A brief, but not perfunctory, description of the nature of the action;**

This is a trade dress dispute raising claims under federal and New York law.  The plaintiff (Diageo) contends that certain bottles and packaging for Deutsch's Redemption bourbon and rye whiskeys infringed on and diluted Diageo's design mark and trade dress rights under applicable federal and New York statutes, and common law.  Deutsch disputes Diageo's claims.

**2.     The result below**

The Jury returned a verdict finding that Deutsch's Redemption bottle and packaging had (1) not infringed the Bulleit design mark or trade dress under either federal law or common law; and (2) not willfully diluted the Bulleit Design Mark or Trade Dress under either federal law or New York law.  This precluded any award of damages.  The jury did find that certain of Deutsch's Redemption bottles and packaging caused a likelihood of dilution of the Bulleit trade dress under both federal and New York law.

Based on the jury's findings of likelihood of dilution, the district court granted Diageo's request for a permanent injunction.  The injunction prohibits Deutsch from distributing products in the Redemption bottle design and packaging that was at issue in the action and requires Deutsch to undertake a change to "the Redemption glass bottle and packaging" to "convey a substantially different commercial impression," that has "no superficial, at a glance, resemblance to the Bulleit bottle," while still allowing "unchallenged aspects of the Redemption packaging, including the Redemption brand name, the terms "pre-prohibition" or "rye revival;" "the label, other than its border;" "the embossed rye 'frond'" on the Redemption bottle, and the Redemption bottle's concave back.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DIAGEO NORTH AMERICA, INC.,

Plaintiff/Counterclaim Defendant,

  v.

W.J. DEUTSCH & SONS LTD. d/b/a
DEUTSCH FAMILY WINE & SPIRITS, and
BARDSTOWN BARREL SELECTIONS LLC,

  Defendants/Counterclaim Plaintiffs.

Case No. 1:17-CV-04259-LLS

## NOTICE OF APPEAL

Please take notice that Defendants/Counterclaim Plaintiffs W.J. Deutsch & Sons Ltd. d/b/a Deutsch Family Wine & Spirits, and Bardstown Barrel Selections LLC (collectively "Deutsch"), hereby appeal to the United States Court of Appeals for the Second Circuit from the Final Judgment entered in this action on September 12, 2022 (ECF No. 470) and all prior adverse orders entered in this case.

Dated:      September 26, 2022          Respectfully submitted.

**ARENTFOX SCHIFF LLP**

By:      /s/ Michael Cryan

          Michael A. Grow
          Zachary D. Smith (*admission pending*)
          Ross Panko
          1717 K Street, NW
          Washington, DC 20006
          Telephone: (202) 856-6000
          Facsimile: (202) 857-6395
          Michael.grow@afslaw.com
          zachary.smith@afslaw.com
          ross.panko@afslaw.com

          Michael Cryan
          Eric Roman
          1301 Avenue of the Americas, Floor 42
          New York, NY 10019
          michael.cryan@afslaw.com
          eric.roman@afslaw.com

          Neil Lloyd (*admission pending*)
          233 South Wacker Drive
          Suite 7100
          Chicago, IL 60606
          neil.lloyd@afslaw.com

          *Attorneys for Defendants/Counterclaim Plaintiffs*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

DIAGEO NORTH AMERICA , INC .,

                 Plaintiff,                     17 **CIVIL** 4259 (LLS)

      -against-                            **<u>JUDGMENT</u>**

W. J . DEUTSCH & SONS LTD . ET AL .,

                Defendants.

---------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:**    That for the reasons set forth in the Court's Opinion Order & Injunction dated September 07, 2022, Deutsch Family Wine & Spirits and Bardstown Barrrel Selections LLC, their agents, and any third parties who are in active concert or participation with the manufacture, sale, or promotion of Redemption who receive notice of this injunction are permanently restrained and enjoined nationwide from, directly or indirectly, manufacturing, selling, offering for sale, distributing, licensing, importing, exporting, advertising, promoting, displaying, or using in commerce, including in stores, online, and in physical, digital, or recorded advertisements or promotional materials, the Diluting Redemption Packaging at issue in this litigation and any other colorable imitation thereof, except for the product that on the date of entry of this Order has already been transferred to distributors, retail stores, bars, or restaurants. That product in the Redemption packaging that has been transferred by the date of entry of this Order may continue to be sold, but none thereafter. Defendants are directed to undertake a change to the Redemption glass bottle and packaging that will convey a substantially different commercial impression, but may retain those unchallenged aspects of the package like i) the brand name Redemption or terms such as "pre prohibition" or

"rye revival;" ii) the label, other than its border; iii) the embossed rye "frond;" and iv) the concave back of the bottle. If defendants do not create a meaningfully changed Redemption Packaging, such that it cannot dilute the Bulleit trademark and trade dress, Deutsch may be directed to use its present upper-tier barrel-proof Redemption whiskey bottles, with only minor changes sufficient to signify that the bottle does not contain its present premium product. This Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation, enforcement, or modification of this Permanent Injunction.

.

**Dated:**  New York, New York
September 09, 2022

**RUBY J. KRAJICK**

_____
**Clerk of Court**

**BY:**

_____
**Deputy Clerk**

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:17–cv–04259–LLS

Diageo North America, Inc. v. W.J. Deutsch & Sons Ltd. et al

Assigned to: Judge Louis L. Stanton

Cause: 15:1114 Trademark Infringement (Lanham Act)

Date Filed: 06/06/2017
Date Terminated: 09/12/2022
Jury Demand: Plaintiff
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Diageo North America, Inc.**   represented by   **Allison N. Douglis**
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
212–303–2505
Fax: 212–891–1699
Email: adouglis@jenner.com
*ATTORNEY TO BE NOTICED*

**Christine In Kyung Lee**
Jenner & Block LLP (NYC )
919 Third Avenue, 39th Floor
New York, NY 10022
(212)–891–1642
Fax: (212)–909–0843
Email: cjlee@jenner.com
*TERMINATED: 12/28/2018*

**Jacob D. Alderdice**
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
212–891–1625
Fax: 212–891–1699
Email: jalderdice@jenner.com
*ATTORNEY TO BE NOTICED*

**Jacquellena T. Carrero**
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
212–407–1761
Fax: 212–891–1699
Email: jcarrero@jenner.com
*ATTORNEY TO BE NOTICED*

**Susan Joan Kohlmann**
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
212–891–1690
Fax: 212–909–0821
Email: skohlmann@jenner.com
*ATTORNEY TO BE NOTICED*

**Gianni P. Servodidio**
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
212–891–1620
Fax: 212–909–0837

Email: gps@jenner.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**W.J. Deutsch & Sons Ltd.**
*doing business as*
Deutsch Family Wine & Spirits

represented by **Howard Graff**
Arent Fox LLP (NYC)
1301 Avenue of Americas, Floor 42
New York, NY 10019
212–484–3900
Fax: 212–484–3901
Email: howard.graff@arentfox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Asra Jabeen Syed**
Wittliff Cutter PLLC
1209 Nueces Street
78701
Austin, TX 78751
512–948–3047
Fax: 512–960–4869
Email: asra@wittliffcutter.com
*TERMINATED: 08/28/2020*

**Eric Adam Biderman**
Herrick, Feinstein LLP (NYC)
2 Park Avenue
New York, NY 10016
(212)–592–1400
Fax: (212)–592–1500
Email: biderman.eric@arentfox.com
*TERMINATED: 04/29/2022*

**Eric Roman**
Arent Fox LLP
1301 Avenue of the Americas
Ste Floor 42
New York, NY 10019
212–492–3283
Email: eric.roman@arentfox.com
*ATTORNEY TO BE NOTICED*

**Lindsay Gael Korotkin**
Arent Fox LLP (NYC)
1301 Avenue of Americas, Floor 42
New York, NY 10019
212–484–3900
Fax: 212–484–3990
Email: lindsay.korotkin@arentfox.com
*ATTORNEY TO BE NOTICED*

**Margaret Lee Wheeler–Frothingham**
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
212–506–2500
Email: MWheelerFrothingham@mayerbrown.com
*TERMINATED: 03/15/2018*

**Michael S. Cryan**
ArentFox Schiff LLP
800 Boylston St.

Fl 32
Boston, MA 02199
212–484–3929
Fax: 212–484–3990
Email: michael.cryan@afslaw.com
*ATTORNEY TO BE NOTICED*

**Michael A. Grow**
ArentFox Schiff LLP
1717 K Street NW
Washington, DC 20006
202–857–6389
Fax: 202–857–6395
Email: michael.grow@arentfox.com
*ATTORNEY TO BE NOTICED*

**Nikol Gruning Thompson**
Arent Fox LLP(New York)
1675 Broadway
New York, NY 10019
(212)–484–3956
Email: nikol.thompson@arentfox.com
*TERMINATED: 09/14/2017*

**Rachel Allison Remke**
ArentFox Schiff LLP
IL
233 S. Wacker Drive
Suite 7100
Chicago, IL 60606
312–258–5636
Email: rremke@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Zachary D. Smith**
ArentFox Schiff LLP
1717 K Street NW
Washington, DC 20006
202–350–3705
Fax: 202–857–6395
Email: zachary.smith@arentfox.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bardstown Barrel Selections LLC**          represented by

**Howard Graff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Asra Jabeen Syed**
(See above for address)
*TERMINATED: 08/28/2020*

**Eric Adam Biderman**
(See above for address)
*TERMINATED: 04/29/2022*

**Lindsay Gael Korotkin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Margaret Lee Wheeler–Frothingham**
(See above for address)
*TERMINATED: 03/15/2018*

**Michael A. Grow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nikol Gruning Thompson**
(See above for address)
*TERMINATED: 09/14/2017*

**Rachel Allison Remke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Bardstown Barrel Selections LLC**     represented by     **Michael A. Grow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nikol Gruning Thompson**
(See above for address)
*TERMINATED: 09/14/2017*

**Rachel Allison Remke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**W.J. Deutsch & Sons Ltd.**     represented by     **Michael S. Cryan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Grow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel Allison Remke**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Bardstown Barrel Selections LLC**     represented by     **Michael A. Grow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel Allison Remke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**W.J. Deutsch & Sons Ltd.**     represented by     **Michael S. Cryan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Grow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel Allison Remke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Bardstown Barrel Selections LLC**      represented by    **Howard Graff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Asra Jabeen Syed**
(See above for address)
*TERMINATED: 08/28/2020*

**Lindsay Gael Korotkin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Grow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nikol Gruning Thompson**
(See above for address)
*TERMINATED: 09/14/2017*

**Rachel Allison Remke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**W.J. Deutsch & Sons Ltd.**      represented by    **Howard Graff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Asra Jabeen Syed**
(See above for address)
*TERMINATED: 08/28/2020*

**Lindsay Gael Korotkin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael S. Cryan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Grow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nikol Gruning Thompson**
(See above for address)
*TERMINATED: 09/14/2017*

**Rachel Allison Remke**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Diageo North America, Inc.**      represented by    **Susan Joan Kohlmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gianni P. Servodidio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**W.J. Deutsch & Sons Ltd.**                 represented by  **Howard Graff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Asra Jabeen Syed**
(See above for address)
*TERMINATED: 08/28/2020*

**Lindsay Gael Korotkin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael S. Cryan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Grow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nikol Gruning Thompson**
(See above for address)
*TERMINATED: 09/14/2017*

**Rachel Allison Remke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Bardstown Barrel Selections LLC**         represented by  **Howard Graff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Asra Jabeen Syed**
(See above for address)
*TERMINATED: 08/28/2020*

**Lindsay Gael Korotkin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Grow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nikol Gruning Thompson**
(See above for address)
*TERMINATED: 09/14/2017*

**Rachel Allison Remke**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Diageo North America, Inc.**      represented by **Susan Joan Kohlmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                          **Gianni P. Servodidio**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2017 | 1 | COMPLAINT against BardstownBarrel Selections LLC, W.J. Deutsch & Sons Ltd. d/b/a Deutsch Family Wine & Spirits. (Filing Fee $ 400.00, Receipt Number 0208–13751229)Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Servodidio, Gianni) (Entered: 06/06/2017) |
| 06/06/2017 | 2 | CIVIL COVER SHEET filed. (Servodidio, Gianni) (Entered: 06/06/2017) |
| 06/06/2017 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Diageo plc for Diageo North America, Inc.. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 06/06/2017) |
| 06/06/2017 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to W.J. Deutsch & Sons Ltd. d/b/a/ Deutsch Family Wine & Spirits, re: 1 Complaint,. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 06/06/2017) |
| 06/06/2017 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to Bardstown Barrel Selections LLC, re: 1 Complaint,. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 06/06/2017) |
| 06/07/2017 | 6 | AO 120 FORM TRADEMARK – NOTICE OF SUBMISSION BY ATTORNEY. AO 120 Form Patent/Trademark for case opening submitted to court for review.(Servodidio, Gianni) (Entered: 06/07/2017) |
| 06/07/2017 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Gianni P. Servodidio. The party information for the following party/parties has been modified: W.J. Deutsch & Sons Ltd. d/b/a Deutsch Family Wine & Spirits and BardstownBarrel Selections LLC. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; alias party name was omitted. (pc)** (Entered: 06/07/2017) |
| 06/07/2017 | | ***NOTICE TO ATTORNEY REGARDING CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Gianni P. Servodidio. The following case opening statistical information was erroneously selected/entered: County code New York. The following correction(s) have been made to your case entry: the County code has been modified to XX Out of State. (pc)** (Entered: 06/07/2017) |
| 06/07/2017 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge Louis L. Stanton. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (pc) (Entered: 06/07/2017) |
| 06/07/2017 | | Magistrate Judge Kevin Nathaniel Fox is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pc) (Entered: 06/07/2017) |
| 06/07/2017 | | Case Designated ECF. (pc) (Entered: 06/07/2017) |

| 06/08/2017 | 7 | ELECTRONIC SUMMONS ISSUED as to W.J. Deutsch & Sons Ltd.. (pc) (Entered: 06/08/2017) |
|---|---|---|
| 06/08/2017 | 8 | ELECTRONIC SUMMONS ISSUED as to Bardstown Barrel Selections LLC. (pc) (Entered: 06/08/2017) |
| 06/08/2017 | 9 | AO 120 FORM TRADEMARK – CASE OPENING – SUBMITTED. In compliance with the provisions of 15 U.S.C. 1116, the Director of the U.S. Patent and Trademark Office is hereby advised that a court action has been filed on the following trademark(s) in the U.S. District Court Southern District of New York. Director of the U.S. Patent and Trademark Office electronically notified via Notice of Electronic Filing (NEF). (pc) (Entered: 06/08/2017) |
| 06/29/2017 | 10 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Michael A. Grow to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–1845796. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Affidavit in Support of Michael A. Grow Pro Hac Vice Application, # 2 Text of Proposed Order Admitting Michael A. Grow Pro Hac Vice)(Grow, Michael) Modified on 6/30/2017 (wb). (Entered: 06/29/2017) |
| 06/30/2017 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 10 MOTION for Michael A. Grow to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–1845796. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Virginia;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (wb)** (Entered: 06/30/2017) |
| 07/11/2017 | 11 | MOTION for Michael A. Grow to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Affidavit In Support of Motion for Pro Hac Vice Admission of Michael Grow, # 2 Text of Proposed Order)(Grow, Michael) (Entered: 07/11/2017) |
| 07/11/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 11 MOTION for Michael A. Grow to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 07/11/2017) |
| 07/11/2017 | 12 | CERTIFICATE OF SERVICE of Summons and Complaint,. Bardstown Barrel Selections LLC served on 6/9/2017, answer due 6/30/2017; W.J. Deutsch & Sons Ltd. served on 6/9/2017, answer due 6/30/2017. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 07/11/2017) |
| 07/24/2017 | 13 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bardstown Barrel Selections LLC.(Grow, Michael) (Entered: 07/24/2017) |
| 07/24/2017 | 14 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by W.J. Deutsch & Sons Ltd..(Grow, Michael) (Entered: 07/24/2017) |
| 07/24/2017 | 15 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 19 Answer) –** ANSWER to 1 Complaint. COUNTERCLAIM against Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A–1, # 2 Exhibit A–2, # 3 Exhibit B–1, # 4 Exhibit B–2, # 5 Exhibit C–1, # 6 Exhibit C–2, # 7 Exhibit D–1, # 8 Exhibit D–2, # 9 Exhibit E–1, # 10 Exhibit E–2, # 11 Exhibit F–1, # 12 Exhibit F–2, # 13 Exhibit G–1, # 14 Exhibit G–2, # 15 Exhibit H–1, # 16 Exhibit H–2)(Grow, Michael) Modified on 7/26/2017 (db). (Entered: 07/24/2017) |
| 07/24/2017 | 16 | NOTICE OF APPEARANCE by Nikol Gruning Thompson on behalf of Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Thompson, Nikol) (Entered: 07/24/2017) |

| 07/24/2017 | 17 | NOTICE OF APPEARANCE by Howard Graff on behalf of Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Graff, Howard) (Entered: 07/24/2017) |
|---|---|---|
| 07/24/2017 | 18 | NOTICE OF APPEARANCE by Asra Jabeen Syed on behalf of Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Syed, Asra) (Entered: 07/24/2017) |
| 07/25/2017 | 19 | ANSWER to Complaint., COUNTERCLAIM against Diageo North America, Inc.. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A–1, # 2 Exhibit A–2, # 3 Exhibit B–1, # 4 Exhibit B–2, # 5 Exhibit C–1, # 6 Exhibit C–2, # 7 Exhibit D–1, # 8 Exhibit D–2, # 9 Exhibit E–1, # 10 Exhibit E–2, # 11 Exhibit F–1, # 12 Exhibit F–2, # 13 Exhibit G–1, # 14 Exhibit G–2, # 15 Exhibit H–1, # 16 Exhibit H–2)(Grow, Michael) (Entered: 07/25/2017) |
| 07/25/2017 | 20 | ORDER FOR CONFERENCE PURSUANT TO RULE 16(b): Initial Conference set for 8/25/2017 at 02:30 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (Signed by Judge Louis L. Stanton on 7/25/2017) (mro) (Entered: 07/25/2017) |
| 07/26/2017 | 21 | ORDER FOR ADMISSION PRO HAC VICE: granting 11 Motion for Michael A. Grow to Appear Pro Hac Vice. (Signed by Judge Louis L. Stanton on 7/26/2017) (ap) (Entered: 07/26/2017) |
| 08/02/2017 | 22 | LETTER MOTION to Adjourn Conference *(Initial) and extend the time for Plaintiff to answer Defendants' Counterclaims* addressed to Judge Louis L. Stanton from Gianni P. Servodidio. Document filed by Diageo North America, Inc.. (Attachments: # 1 Text of Proposed Order)(Servodidio, Gianni) (Entered: 08/02/2017) |
| 08/03/2017 | 23 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED that the conference pursuant to Fed. R. Civ. P. 16(b) shall be adjourned until Friday, September 8, 2017, at 3:00 p.m.; and it is further STIPULATED AND AGREED that Plaintiff's time to answer, move, or otherwise respond with respect to Defendants' Counterclaims is extended to and including Tuesday, September 5, 2017; and it is further STIPULATED AND AGREED that this Stipulation and Order may be executed in counterparts with facsimile and/or email signatures treated as originals. Diageo North America, Inc. answer due 9/5/2017. (Initial Conference set for 9/8/2017 at 3:00 PM before Judge Louis L. Stanton.) (Signed by Judge Louis L. Stanton on 8/3/2017) (ap) (Entered: 08/03/2017) |
| 08/15/2017 | 24 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 25 Notice) –** NOTICE OF APPEARANCE by Christine In Kyung Lee on behalf of Diageo North America, Inc. (Lee, Christine) Modified on 8/30/2017 (db). (Entered: 08/15/2017) |
| 08/15/2017 | 25 | NOTICE OF APPEARANCE by Christine In Kyung Lee on behalf of Diageo North America, Inc.. (Lee, Christine) (Entered: 08/15/2017) |
| 08/15/2017 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – PDF ERROR. Notice to Attorney Christine Lee to RE–FILE Document 24 Notice of Appearance (Defendant UMG Recordings, Inc. not party to action). (ml)** (Entered: 08/24/2017) |
| 08/17/2017 | | Set/Reset Hearings: Initial Conference set for 9/8/2017 at 3:00 PM is moved to 12:00 Noon on same day in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (ml) (Entered: 08/17/2017) |
| 08/24/2017 | | ***DELETED DOCUMENT. Deleted document number 26 Order. The document was incorrectly filed in this case. (ml)** (Entered: 08/24/2017) |
| 08/25/2017 | 26 | RULE 26(f) DISCOVERY PLAN REPORT.Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 08/25/2017) |
| 09/05/2017 | 27 | MOTION to Dismiss *Defendants' Counterclaims*. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 09/05/2017) |
| 09/05/2017 | 28 | MEMORANDUM OF LAW in Support re: 27 MOTION to Dismiss *Defendants' Counterclaims*. . Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 09/05/2017) |
| 09/08/2017 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Initial Pretrial Conference held on 9/8/2017. (ml) (Entered: 09/08/2017) |

| 09/11/2017 | 29 | PRETRIAL SCHEDULING ORDER: Deposition to be completed by 2/15/2018. Document Production completed by 12/15/2017. Diageo will serve Proposed Findings of Ultimate Fact per Individual Practices of Judge Stanton by 8/22/2018. Deutsch Parties will serve their Proposed Counter–Findings and Findings of Ultimate Fact per Individual Practices of Judge Stanton by 8/29/2018. Diageo will serve its Reply to Defendants/Counterclaim Plaintiffs' Proposed Counter–Findings and Findings of Ultimate Fact per Individual Practices of Judge Stanton by 9/11/2018.Deutsch Parties will serve their Response to Plaintiff/Counterclaim Defendant's Reply to Defendants/Counterclaim Plaintiffs' Proposed Counter–Findings and Findings of Ultimate Fact per Individual Practices of Judge Stanton by 9/18/2018. The parties agree that they will submit a pre–trial order in conformity with the Court's instructions, together with trial briefs and proposed voir dire questions and proposed jury instructions by 10/2/2018. Status Conference for setting Expert Reports and Depositions and Completion of Discovery, set for 2/23/2018 at 12:00 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (Signed by Judge Louis L. Stanton on 9/8/2017) (ml) (Main Document 29 replaced on 9/11/2017) (ml). (Entered: 09/11/2017) |
| --- | --- | --- |
| 09/11/2017 | 30 | ORDER [STIPULATED DOCUMENT PRODUCTION PROTOCOL]:...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Louis L. Stanton on 9/8/2017) (ap) (Entered: 09/11/2017) |
| 09/13/2017 | 31 | MOTION for Nikol Gruning Thompson to Withdraw as Attorney . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd..(Thompson, Nikol) (Entered: 09/13/2017) |
| 09/14/2017 | 32 | MEMO ENDORSEMENT: on granting 31 APPLICATION PURSUANT TO LOCAL RULE 1.4 FOR PERMISSION TO WITHDRAW AS ATTORNEY–OF–RECORD. ENDORSEMENT: Granted. So Ordered. Attorney Nikol Gruning Thompson terminated. (Signed by Judge Louis L. Stanton on 9/14/2017) (ap) (Entered: 09/14/2017) |
| 09/20/2017 | 33 | STIPULATION: IT IS HEREBY STIPULATED AND AGREED that the time for Defendants/Counterclaim Plaintiffs W.J. Deutsch & Sons Ltd. d/b/a Deutsch Family Wine & Spirits and Bardstown Barrel Selections LLC to oppose or otherwise respond to the Motion to Dismiss Defendants' Counterclaims filed by Plaintiff/Counterclaim Defendant Diageo North America, Inc., on September 5, 2017 is extended to and includes September 29, 2017; and IT IS FURTHER STIPULATED AND AGREED that Plaintiff/Counterclaim Defendant Diageo North America, Inc.'s time to respond to any opposition or responsive pleading filed by Defendants/Counterclaim Plaintiffs is extended to and includes October 29, 2017. (Responses due by 9/29/2017. Replies due by 10/29/2017.) (Signed by Judge Louis L. Stanton on 9/20/2017) (ap) (Entered: 09/20/2017) |
| 09/28/2017 | 34 | AMENDED ANSWER to 1 Complaint, with JURY DEMAND., COUNTERCLAIM against Diageo North America, Inc.. Document filed by W.J. Deutsch & Sons Ltd., Bardstown Barrel Selections LLC. (Attachments: # 1 Exhibit A–1, # 2 Exhibit A–2, # 3 Exhibit B–1, # 4 Exhibit B–2, # 5 Exhibit C–1, # 6 Exhibit C–2, # 7 Exhibit D–1, # 8 Exhibit D–2, # 9 Exhibit E–1, # 10 Exhibit E–2, # 11 Exhibit F–1, # 12 Exhibit F–2, # 13 Exhibit G–1, # 14 Exhibit G–2, # 15 Exhibit H–1, # 16 Exhibit H–2, # 17 Exhibit I, # 18 Exhibit J)(Grow, Michael) (Entered: 09/28/2017) |
| 10/27/2017 | 35 | MOTION to Dismiss *Defendants' Amended Counterclaims*. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 10/27/2017) |
| 10/27/2017 | 36 | MEMORANDUM OF LAW in Support re: 35 MOTION to Dismiss *Defendants' Amended Counterclaims*. . Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit A)(Servodidio, Gianni) (Entered: 10/27/2017) |
| 11/10/2017 | 37 | MEMORANDUM OF LAW in Opposition re: 35 MOTION to Dismiss *Defendants' Amended Counterclaims*. . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Grow, Michael) (Entered: 11/10/2017) |
| 11/15/2017 | 38 | STIPULATION: IT IS HEREBY STIPULATED AND AGREED between Plaintiff/Counterclaim Defendant Diageo North America, Inc. ("Diageo) and Defendants/Counterclaim Plaintiffs W. J. Deutsch & Sons Ltd. d/b/a Deutsch Family Wine & Spirits, and Bardstown Barrel Selections, LLC ("Defendants") that Diageo's |

| | | time to file its reply memorandum in further support of Diageo's Motion to Dismiss Defendants' Amended Counterclaims is extended from its original date of November 17, 2017, to and including November 22, 2017. This is Diageo's first request for an extension of time to serve a reply in support of its Motion to Dismiss Defendants' Amended Counterclaims. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. (Replies due by 11/22/2017.) (Signed by Judge Louis L. Stanton on 11/15/2017) (ap) Modified on 11/17/2017 (ap). (Entered: 11/16/2017) |
|---|---|---|
| 11/17/2017 | 39 | PROTECTIVE ORDER governing the handling of any document, information or otherthings exchanged by the parties or received from third parties in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure, in connection with all phases of the above–captioned action leading up to trial, including, but not limited to, the filing of any pleadings, answering any discovery requests, taking depositions, filing motions, andpreparing transcripts and exhibits. This Protective Order does not govern proceedings during trial, nor does it prohibit any party from seeking a separate protective order to govern trial proceedings. (Signed by Judge Louis L. Stanton on 11/17/17) (ml) (Entered: 11/17/2017) |
| 11/21/2017 | 40 | REPLY to Response to Motion re: 35 MOTION to Dismiss *Defendants' Amended Counterclaims*. . Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 11/21/2017) |
| 12/06/2017 | 41 | NOTICE OF APPEARANCE by Margaret Lee Wheeler–Frothingham on behalf of Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Wheeler–Frothingham, Margaret) (Entered: 12/06/2017) |
| 12/11/2017 | 42 | STIPULATION: Based on the foregoing and for good cause shown, IT IS HEREBY STIPULATED AND AGREED that: The date for the completion of document production set forth in the September 11, 2017 Scheduling Order is extended from December 15, 2017, to February 14, 2018. The date for completion of depositions as set forth in the September 11, 2017 Scheduling Order is extended from February 15, 2018, to April 13, 2018. The parties will appea1 at the February 23, 2018 Status Conference, as ordered by the Court in the Scheduling Order, at which point the Court will set the remaining deadlines for expert disclosures, close of discovery, exchange of pre–trial materials, submission of Joint Pre–trial Order and Pre Trial Conference. This is the parties' first request for an extension of the Scheduling Order. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. (Deposition due by 4/13/2018.) (Signed by Judge Louis L. Stanton on 12/11/2017) (ap) (Entered: 12/11/2017) |
| 01/23/2018 | 43 | OPINION & ORDER re: 27 MOTION to Dismiss *Defendants' Counterclaims*. filed by Diageo North America, Inc., 35 MOTION to Dismiss *Defendants' Amended Counterclaims*. filed by Diageo North America, Inc.: The motions to dismiss Deutsch's second, third, and fourth counterclaims (Doc. Nos. 27, 35) are denied. (Signed by Judge Louis L. Stanton on 1/23/18) (ml) (Entered: 01/24/2018) |
| 02/06/2018 | 44 | ANSWER to 34 Counterclaim. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 02/06/2018) |
| 02/22/2018 | 45 | NOTICE OF APPEARANCE by Jacob D. Alderdice on behalf of Diageo North America, Inc.. (Alderdice, Jacob) (Entered: 02/22/2018) |
| 02/23/2018 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Status Conference held on 2/23/2018. (ml) (Entered: 02/23/2018) |
| 02/23/2018 | | Set/Reset Hearings: Status Conference set on 10/26/2018 at 03:00 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (ml) (Entered: 02/23/2018) |
| 02/23/2018 | 46 | STIPULATION SCHEDULING ORDER FOR REMAINING DATES: Based on the foregoing and for good cause shown, IT IS HEREBY STIPULATED AND AGREED that: Document Production and Depositions: a. The date for the completion of document production set forth in the December 11, 2017 So–Ordered Stipulation (ECF 42) is extended from February 14, 2018 to March 14. 2018, and as further set forth in this order. (Deposition due by 10/19/2018. Discovery due by 10/19/2018. Status Conference set for 10/26/2018 at 3:00 PM before Judge Louis L. Stanton.) (Signed by |

| | | Judge Louis L. Stanton on 2/23/2018) (ap) Modified on 4/20/2018 (ap). (Entered: 02/23/2018) |
|---|---|---|
| 02/23/2018 | | Set/Reset Deadlines: Deposition due by 10/19/2018. (ap) (Entered: 04/20/2018) |
| 03/14/2018 | 47 | NOTICE OF APPEARANCE by Lindsay Gael Korotkin on behalf of Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Korotkin, Lindsay) (Entered: 03/14/2018) |
| 03/15/2018 | 48 | MOTION for Margaret Wheeler–Frothingham to Withdraw as Attorney . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd..(Wheeler–Frothingham, Margaret) (Entered: 03/15/2018) |
| 03/15/2018 | 49 | MEMO ENDORSEMENT: on re: granting 48 APPLICATION PURSUANT TO LOCAL RULE 1.4 FOR PERMISSION TO WITHDRAW AS ATTORNEY–OF–RECORD. ENDORSEMENT: So Ordered. Attorney Margaret Lee Wheeler–Frothingham terminated. (Signed by Judge Louis L. Stanton on 3/15/2018) (ap) Modified on 3/19/2018 (ap). Modified on 3/19/2018 (ap). (Entered: 03/19/2018) |
| 05/25/2018 | 50 | NOTICE OF CHANGE OF ADDRESS by Lindsay Gael Korotkin on behalf of Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. New Address: Arent Fox LLP, 1301 Avenue of the Americas, 42 Floor, New York, New York, USA 10019, 212.484.3900. (Korotkin, Lindsay) (Entered: 05/25/2018) |
| 06/25/2018 | 51 | NOTICE OF CHANGE OF ADDRESS by Howard Graff on behalf of Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. New Address: Arent Fox LLP, 1301 Avenue of the Americas, New York, New York, USA 10019, 212–484–3900. (Graff, Howard) (Entered: 06/25/2018) |
| 06/28/2018 | 52 | NOTICE OF APPEARANCE by Eric Adam Biderman on behalf of Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Biderman, Eric) (Entered: 06/28/2018) |
| 07/02/2018 | | Set/Reset Hearings: Status Conference set for 7/13/2018 at 02:30 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (ml) (Entered: 07/02/2018) |
| 07/13/2018 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Status Conference held on 7/13/2018. (Court Reporter Jerry Harrison) (ml) (Entered: 07/16/2018) |
| 08/01/2018 | 53 | TRANSCRIPT of Proceedings re: CORRECTED TRANCRIPT held on 7/13/2018 before Judge Louis L. Stanton. Court Reporter/Transcriber: Jerry Harrison, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/22/2018. Redacted Transcript Deadline set for 9/4/2018. Release of Transcript Restriction set for 10/30/2018.(McGuirk, Kelly) (Entered: 08/01/2018) |
| 08/01/2018 | 54 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE CORRECTED proceeding held on 7/13/18 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 08/01/2018) |
| 08/01/2018 | 55 | TRANSCRIPT of Proceedings re: CONFERENCE held on 7/13/2018 before Judge Louis L. Stanton. Court Reporter/Transcriber: Jerry Harrison, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/22/2018. Redacted Transcript Deadline set for 9/4/2018. Release of Transcript Restriction set for 10/30/2018.(McGuirk, Kelly) (Entered: 08/01/2018) |
| 08/01/2018 | 56 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 7/13/18 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely |

| | | electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 08/01/2018) |
|---|---|---|
| 10/26/2018 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Status Conference held on 10/26/2018. (ml) (Entered: 11/05/2018) |
| 12/19/2018 | 57 | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 12/19/2018) |
| 12/20/2018 | 58 | STIPULATION AND SCHEDULING ORDER FOR REMAINING DATES. IT IS HEREBY STIPULATED AND AGREED that: 1. Expert Reports and Depositions a. The parties will serve expert disclosures and opening expert reports by February 15, 2019; b. The parties will serve rebuttal expert reports by March 22, 2019: c. The parties will complete all expert discovery and depositions by April 25, 2019, and as further set forth in this Stipulation and Scheduling Order for Remaining Dates. So ordered. (Deposition due by 4/25/2019. Expert Discovery due by 4/25/2019.) (Signed by Judge Louis L. Stanton on 12/20/2019) (rjm) (Entered: 12/21/2018) |
| 12/28/2018 | 59 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Christine In Kyung Lee to Withdraw as Attorney . Document filed by Diageo North America, Inc.. (Attachments: # 1 Declaration of Christine I. Lee, # 2 Text of Proposed Order)(Lee, Christine) Modified on 1/22/2019 (ldi). (Entered: 12/28/2018) |
| 12/28/2018 | 60 | ORDER ON MOTION TO WITHDRAW AS ATTORNEY granting 59 Motion to Withdraw as Attorney. Attorney Christine In Kyung Lee terminated. (Signed by Judge Louis L. Stanton on 12/28/2018) (jca) (Entered: 12/28/2018) |
| 01/16/2019 | 61 | MOTION to Compel The Edrington Group to testify at a deposition . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd..(Grow, Michael) (Entered: 01/16/2019) |
| 01/16/2019 | 62 | MEMORANDUM OF LAW in Support re: 61 MOTION to Compel The Edrington Group to testify at a deposition . . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Grow, Michael) (Entered: 01/16/2019) |
| 01/16/2019 | 63 | DECLARATION of Michael A. Grow in Support re: 61 MOTION to Compel The Edrington Group to testify at a deposition .. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A – Deposition and document subpoena, # 2 Exhibit B – Edrington Group Response to Subpoena, # 3 Exhibit C – Edrington Highland Park Glenrothes Declaration)(Grow, Michael) (Entered: 01/16/2019) |
| 01/22/2019 | 64 | MOTION to Withdraw 61 MOTION to Compel The Edrington Group to testify at a deposition . . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd..(Syed, Asra) (Entered: 01/22/2019) |
| 01/22/2019 | 65 | MEMO ENDORSEMENT granting 64 Motion to Withdraw. ENDORSEMENT: Granted. So Ordered. (Signed by Judge Louis L. Stanton on 1/22/2019) (rro) (Entered: 01/22/2019) |
| 03/05/2019 | 66 | LETTER MOTION for Conference */ Letter Motion Requesting a Pre–Motion Discovery Conference* addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated March 5, 2019. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Servodidio, Gianni) (Entered: 03/05/2019) |
| 03/14/2019 | 67 | LETTER RESPONSE to Motion addressed to Judge Louis L. Stanton from Michael A. Grow dated March 14, 2019 re: 66 LETTER MOTION for Conference */ Letter Motion Requesting a Pre–Motion Discovery Conference* addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated March 5, 2019. . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1 – Diageo Archive Exhibits, # 2 Exhibit 2 – Compare of Amended R.26 Disclosures, # 3 Exhibit 3 – Declaration of Ryan Walsh)(Grow, Michael) (Entered: 03/14/2019) |
| 03/18/2019 | 68 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated March 18, 2019 re: response to certain issues raised and misrepresentations made in Defendants' letter filed on March 14, 2019 [Dkt. No. 67]. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit A)(Servodidio, Gianni) (Entered: 03/18/2019) |

| 03/22/2019 | 69 | LETTER addressed to Judge Louis L. Stanton from Michael Grow, Esq. dated 3/22/2019 re: Response to New Issues in LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated March 18, 2019. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1)(Grow, Michael) (Entered: 03/22/2019) |
|---|---|---|
| 03/25/2019 | 70 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated March 25, 2019 re: Defendants' "sur–reply" letter submitted on March 22, 2019 [Dkt. 69]. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 03/25/2019) |
| 03/26/2019 | | Set/Reset Hearings: Pre–Motion Conference set for 4/5/2019 at 02:30 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (Landers, Rigoberto) Modified on 3/26/2019 (Landers, Rigoberto). (Entered: 03/26/2019) |
| 04/05/2019 | | Set/Reset Hearings: Pre–Motion Conference set for 4/5/2019 is adjourned to 4/11/2019 at 03:00 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (ml) (Entered: 04/05/2019) |
| 04/11/2019 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Pre–Motion Conference held on 4/11/2019. (Court Reporter Sonya Ketta Moore) (ml) (Entered: 04/11/2019) |
| 04/11/2019 | 71 | PRE–TRIAL ORDER #1: Based on the submissions of counsel from March 5, 2019, to date (Dkt. Nos. 66–70) and their oral presentations at a conference today, the following rulings will apply: No witness will be heard at trial who has not been identified, and the substance of whose direct testimony has been disclosed, to opposing counsel within the next 60 days. Rulings about whether their depositions may be taken are deferred until after those disclosures. No document, or bottle, or photograph of a bottle, will be received in evidence unless it has been furnished to opposing counsel within the next 60 days, and as further set forth in this Order. SO ORDERED. (Signed by Judge Louis L. Stanton on 4/11/2019) (jca) (Entered: 04/11/2019) |
| 04/16/2019 | 72 | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 04/16/2019) |
| 04/17/2019 | 73 | STIPULATION AND SCHEDULING ORDER FOR REMAINING DATES: IT IS HEREBY STIPULATED AND AGREED that: The parties will complete expert depositions by May 31, 2019. All expert discovery to be completed by May 31. 2019; The parties will request a conference with the Court following the completion of expert discovery, at which time the Court may set additional deadlines for dispositive motions, pre–trial materials, a Joint Pre–Trial Order, and the Final Pre–Trial Conference. This is the parties' fifth request for an extension of the Scheduling Order. SO ORDERED. (Deposition due by 5/31/2019., Expert Discovery due by 5/31/2019.) (Signed by Judge Louis L. Stanton on 4/17/2019) (rro) (Entered: 04/17/2019) |
| 05/21/2019 | 74 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/11/2019 before Judge Louis L. Stanton. Court Reporter/Transcriber: Sonya Ketter Moore, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2019. Redacted Transcript Deadline set for 6/21/2019. Release of Transcript Restriction set for 8/19/2019.(McGuirk, Kelly) (Entered: 05/21/2019) |
| 05/21/2019 | 75 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/11/19 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/21/2019) |
| 07/02/2019 | | Set/Reset Hearings: Status Conference set for 7/23/2019 at 03:00 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (ml) (Entered: 07/02/2019) |

| 07/23/2019 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Status Conference held on 7/23/2019. (ml) (Entered: 07/23/2019) |
|---|---|---|
| 07/31/2019 | 76 | PROPOSED SCHEDULING ORDER. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 07/31/2019) |
| 07/31/2019 | 77 | STIPULATION AND BRIEFING SCHEDULE FOR SUMMARY JUDGMENT: IT IS HEREBY STIPULATED AND AGREED that the parties will file summary judgment motions pursuant to the following schedule: 1. Opening Motions to be filed on September 20, 2019. 2. Opposition briefs be filed on October 18, 2019. 3. Reply briefs to be filed on November 7, 2019. The parties shall contact the Court within 14 days following the Court's ruling on the dispositive motions to request a status conference, at which time the Court may set deadlines for pre–trial materials, a Joint Pre–Trial Order, and the Final Pre–Trial Conference. ( Motions due by 9/20/2019., Responses due by 10/18/2019, Replies due by 11/7/2019.) (Signed by Judge Louis L. Stanton on 7/31/2019) (mro) (Entered: 07/31/2019) |
| 09/13/2019 | 78 | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 09/13/2019) |
| 09/16/2019 | 79 | STIPULATION AND BRIEFING SCHEDULE EXTENSION ORDER: IT IS HEREBY STIPULATED AND AGREED that the current briefing schedule be extended to the following schedule: Motions to be filed by October 4, 2019. Opposition briefs due by November 1, 2019. Reply briefs due by December 7, 2019. This is the parties' first request for an extension of the summary judgment briefing schedule. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. SO ORDERED. (Motions due by 10/4/2019., Responses due by 11/1/2019, Replies due by 12/7/2019.) (Signed by Judge Louis L. Stanton on 9/16/2019) (rro) (Entered: 09/16/2019) |
| 10/03/2019 | 80 | PROPOSED STIPULATION AND ORDER. Document filed by W.J. Deutsch & Sons Ltd.. (Graff, Howard) (Entered: 10/03/2019) |
| 10/04/2019 | 81 | STIPULATION AND BRIEFING SCHEDULE EXTENSION ORDER: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that thecurrent briefing schedule be extended to the following schedule:Motions to be filed by October 11, 2019.Opposition briefs due by November 15, 2019.Reply briefs due by December 20, 2019.This is the parties' second request for an extension of the summary judgment briefing schedule. SO ORDERED. (Motions due by 10/11/2019., Responses due by 11/15/2019, Replies due by 12/20/2019.) (Signed by Judge Louis L. Stanton on 10/3/2019) (rro) (Entered: 10/04/2019) |
| 10/11/2019 | 82 | MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses*. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 10/11/2019) |
| 10/11/2019 | 83 | MEMORANDUM OF LAW in Support re: 82 MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses. (REDACTED)*. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 10/11/2019) |
| 10/11/2019 | 84 | MOTION for Partial Summary Judgment . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd..(Korotkin, Lindsay) (Entered: 10/11/2019) |
| 10/11/2019 | 85 | DECLARATION of Gianni P. Servodidio in Support re: 82 MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II)(Servodidio, Gianni) (Entered: 10/11/2019) |
| 10/11/2019 | 86 | DECLARATION of Edward Bello in Support re: 82 MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 |

| | | |
|---|---|---|
| | | Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26)(Servodidio, Gianni) (Entered: 10/11/2019) |
| 10/11/2019 | 87 | RULE 56.1 STATEMENT. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 10/11/2019) |
| 10/11/2019 | 88 | MOTION to Seal . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Text of Proposed Order on Motion to File Under Seal)(Korotkin, Lindsay) (Entered: 10/11/2019) |
| 10/11/2019 | 89 | LETTER addressed to Judge Louis L. Stanton from Gianni Servodidio dated October 11, 2019 re: documents to be filed under seal as part of Diageo's Motion for Summary Judgment. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 10/11/2019) |
| 10/11/2019 | 90 | LETTER addressed to Judge Louis L. Stanton from Michael Grow dated October 11, 2019 re: documents to be filed under seal as part of Motion for Partial Summary Judgment. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd..(Korotkin, Lindsay) (Entered: 10/11/2019) |
| 10/11/2019 | 91 | DECLARATION of Ryan Walsh in Support re: 84 MOTION for Partial Summary Judgment .. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21)(Korotkin, Lindsay) (Entered: 10/11/2019) |
| 10/11/2019 | 92 | DECLARATION of Dr. Michael Rappeport in Support re: 84 MOTION for Partial Summary Judgment .. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1)(Korotkin, Lindsay) (Entered: 10/11/2019) |
| 10/11/2019 | 93 | DECLARATION of Michael Grow in Support re: 84 MOTION for Partial Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 002.1, # 3 Exhibit 002.2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 021, # 22 Exhibit 022.1, # 23 Exhibit 022.2, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 50, # 60 Exhibit 59, # 61 Exhibit 60, # 62 Exhibit 61, # 63 Exhibit 62, # 64 Exhibit 20, # 65 Exhibit 63, # 66 Exhibit 64, # 67 Exhibit 65, # 68 Exhibit 66, # 69 Exhibit 67, # 70 Exhibit 68, # 71 Exhibit 69, # 72 Exhibit 70, # 73 Exhibit 71, # 74 Exhibit 72, # 75 Exhibit 73, # 76 Exhibit 74, # 77 Exhibit 75, # 78 Exhibit 76, # 79 Exhibit 77, # 80 Exhibit 78, # 81 Exhibit 79, # 82 Exhibit 80, # 83 Exhibit 81, # 84 Exhibit 82, # 85 Exhibit 83, # 86 Exhibit 84, # 87 Exhibit 85, # 88 Exhibit 86, # 89 Exhibit 87, # 90 Exhibit 88, # 91 Exhibit 89, # 92 Exhibit 90, # 93 Exhibit 91, # 94 Exhibit 92, # 95 Exhibit 93, # 96 Exhibit 94, # 97 Exhibit 95, # 98 Exhibit 96, # 99 Exhibit 97, # 100 Exhibit 98, # 101 Exhibit 99, # 102 Exhibit 100)(Graff, Howard) (Entered: 10/11/2019) |
| 10/11/2019 | 94 | DECLARATION of Michael Grow – Part III in Support re: 84 MOTION for Partial Summary Judgment .. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 201, # 2 Exhibit 202, # 3 Exhibit 203, # 4 Exhibit 204, # 5 Exhibit 205, # 6 Exhibit 206, # 7 Exhibit 207, # 8 Exhibit 208, # 9 Exhibit 209, # 10 Exhibit 210, # 11 Exhibit 211, # 12 Exhibit 212, # 13 Exhibit 213, # 14 Exhibit 214, # 15 Exhibit 215, # 16 Exhibit 216, # 17 Exhibit 217, # 18 Exhibit |

|  |  | 218, # <u>19</u> Exhibit 219, # <u>20</u> Exhibit 220, # <u>21</u> Exhibit 221, # <u>22</u> Exhibit 222, # <u>23</u> Exhibit 223, # <u>24</u> Exhibit 224, # <u>25</u> Exhibit 225–1, # <u>26</u> Exhibit 225–2, # <u>27</u> Exhibit 226, # <u>28</u> Exhibit 227, # <u>29</u> Exhibit 228, # <u>30</u> Exhibit 229, # <u>31</u> Exhibit 230, # <u>32</u> Exhibit 231, # <u>33</u> Exhibit 232–1, # <u>34</u> Exhibit 232–2, # <u>35</u> Exhibit 233, # <u>36</u> Exhibit 234, # <u>37</u> Exhibit 235, # <u>38</u> Exhibit 236, # <u>39</u> Exhibit 237, # <u>40</u> Exhibit 238, # <u>41</u> Exhibit 239, # <u>42</u> Exhibit 240, # <u>43</u> Exhibit 241, # <u>44</u> Exhibit 242, # <u>45</u> Exhibit 243, # <u>46</u> Exhibit 244, # <u>47</u> Exhibit 245, # <u>48</u> Exhibit 246, # <u>49</u> Exhibit 247, # <u>50</u> Exhibit 248, # <u>51</u> Exhibit 249, # <u>52</u> Exhibit 250, # <u>53</u> Exhibit 251, # <u>54</u> Exhibit 252, # <u>55</u> Exhibit 253, # <u>56</u> Exhibit 254, # <u>57</u> Exhibit 255, # <u>58</u> Exhibit 256, # <u>59</u> Exhibit 257, # <u>60</u> Exhibit 258, # <u>61</u> Exhibit 259, # <u>62</u> Exhibit 260, # <u>63</u> Exhibit 261, # <u>64</u> Exhibit 262, # <u>65</u> Exhibit 263, # <u>66</u> Exhibit 264, # <u>67</u> Exhibit 265, # <u>68</u> Exhibit 266, # <u>69</u> Exhibit 267, # <u>70</u> Exhibit 268, # <u>71</u> Exhibit 269, # <u>72</u> Exhibit 270, # <u>73</u> Exhibit 271, # <u>74</u> Exhibit 272, # <u>75</u> Exhibit 273, # <u>76</u> Exhibit 274, # <u>77</u> Exhibit 275, # <u>78</u> Exhibit 276, # <u>79</u> Exhibit 277, # <u>80</u> Exhibit 278, # <u>81</u> Exhibit 279, # <u>82</u> Exhibit 280, # <u>83</u> Exhibit 281, # <u>84</u> Exhibit 282, # <u>85</u> Exhibit 283, # <u>86</u> Exhibit 284, # <u>87</u> Exhibit 285, # <u>88</u> Exhibit 286, # <u>89</u> Exhibit 287, # <u>90</u> Exhibit 288, # <u>91</u> Exhibit 289, # <u>92</u> Exhibit 290, # <u>93</u> Exhibit 291, # <u>94</u> Exhibit 292, # <u>95</u> Exhibit 293, # <u>96</u> Exhibit 294, # <u>97</u> Exhibit 295, # <u>98</u> Exhibit 296, # <u>99</u> Exhibit 297, # <u>100</u> Exhibit 298, # <u>101</u> Exhibit 299, # <u>102</u> Exhibit 300, # <u>103</u> Exhibit 301, # <u>104</u> Exhibit 302, # <u>105</u> Exhibit 303, # <u>106</u> Exhibit 304, # <u>107</u> Exhibit 305, # <u>108</u> Exhibit 306, # <u>109</u> Exhibit 307, # <u>110</u> Exhibit 308)(Korotkin, Lindsay) (Entered: 10/11/2019) |
| 10/11/2019 | <u>95</u> | REDACTION to <u>84</u> MOTION for Partial Summary Judgment . *Statement of Undisputed Facts* by W.J. Deutsch & Sons Ltd.(Graff, Howard) (Entered: 10/11/2019) |
| 10/11/2019 | <u>96</u> | MEMORANDUM OF LAW in Support re: <u>84</u> MOTION for Partial Summary Judgment . *(REDACTED)*. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Korotkin, Lindsay) (Entered: 10/11/2019) |
| 10/11/2019 | <u>97</u> | DECLARATION of Thomas Steffanci in Support re: <u>84</u> MOTION for Partial Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6)(Graff, Howard) (Entered: 10/11/2019) |
| 10/11/2019 | <u>98</u> | DECLARATION of Jennifer Thomason in Support re: <u>84</u> MOTION for Partial Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit A)(Graff, Howard) (Entered: 10/11/2019) |
| 10/11/2019 | <u>99</u> | DECLARATION of Michael Grow – Part II in Support re: <u>84</u> MOTION for Partial Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit 101, # <u>2</u> Exhibit 102, # <u>3</u> Exhibit 103, # <u>4</u> Exhibit 104, # <u>5</u> Exhibit 105, # <u>6</u> Exhibit 106, # <u>7</u> Exhibit 107, # <u>8</u> Exhibit 108, # <u>9</u> Exhibit 109, # <u>10</u> Exhibit 110, # <u>11</u> Exhibit 111, # <u>12</u> Exhibit 112, # <u>13</u> Exhibit 113, # <u>14</u> Exhibit 114, # <u>15</u> Exhibit 115, # <u>16</u> Exhibit 116, # <u>17</u> Exhibit 117, # <u>18</u> Exhibit 118, # <u>19</u> Exhibit 119, # <u>20</u> Exhibit 120, # <u>21</u> Exhibit 121, # <u>22</u> Exhibit 122, # <u>23</u> Exhibit 123, # <u>24</u> Exhibit 124, # <u>25</u> Exhibit 125, # <u>26</u> Exhibit 126, # <u>27</u> Exhibit 127, # <u>28</u> Exhibit 128, # <u>29</u> Exhibit 129, # <u>30</u> Exhibit 130, # <u>31</u> Exhibit 131, # <u>32</u> Exhibit 132, # <u>33</u> Exhibit 133, # <u>34</u> Exhibit 134, # <u>35</u> Exhibit 135, # <u>36</u> Exhibit 136, # <u>37</u> Exhibit 137, # <u>38</u> Exhibit 138, # <u>39</u> Exhibit 139, # <u>40</u> Exhibit 140, # <u>41</u> Exhibit 141, # <u>42</u> Exhibit 142, # <u>43</u> Exhibit 143, # <u>44</u> Exhibit 144, # <u>45</u> Exhibit 145, # <u>46</u> Exhibit 146, # <u>47</u> Exhibit 147, # <u>48</u> Exhibit 148, # <u>49</u> Exhibit 149, # <u>50</u> Exhibit 150, # <u>51</u> Exhibit 151, # <u>52</u> Exhibit 152, # <u>53</u> Exhibit 153, # <u>54</u> Exhibit 154, # <u>55</u> Exhibit 155, # <u>56</u> Exhibit 156, # <u>57</u> Exhibit 157, # <u>58</u> Exhibit 158, # <u>59</u> Exhibit 159, # <u>60</u> Exhibit 160, # <u>61</u> Exhibit 161, # <u>62</u> Exhibit 162, # <u>63</u> Exhibit 163, # <u>64</u> Exhibit 164, # <u>65</u> Exhibit 165, # <u>66</u> Exhibit 166, # <u>67</u> Exhibit 167.1, # <u>68</u> Exhibit 167.2, # <u>69</u> Exhibit 168, # <u>70</u> Exhibit 169, # <u>71</u> Exhibit 170, # <u>72</u> Exhibit 171, # <u>73</u> Exhibit 172, # <u>74</u> Exhibit 173, # <u>75</u> Exhibit 174, # <u>76</u> Exhibit 175, # <u>77</u> Exhibit 176, # <u>78</u> Exhibit 177, # <u>79</u> Exhibit 178, # <u>80</u> Exhibit 179, # <u>81</u> Exhibit 180, # <u>82</u> Exhibit 181, # <u>83</u> Exhibit 182, # <u>84</u> Exhibit 183, # <u>85</u> Exhibit 184, # <u>86</u> Exhibit 185, # <u>87</u> Exhibit 186, # <u>88</u> Exhibit 187, # <u>89</u> Exhibit 188, # <u>90</u> Exhibit 189, # <u>91</u> Exhibit 190, # <u>92</u> Exhibit 191, # <u>93</u> Exhibit 192, # <u>94</u> Exhibit 193, # <u>95</u> Exhibit 194, # <u>96</u> Exhibit 195, # <u>97</u> Exhibit 196, # <u>98</u> Exhibit 197, # <u>99</u> Exhibit 198, # <u>100</u> Exhibit 199, # <u>101</u> Exhibit 200)(Grow, Michael) (Entered: 10/11/2019) |
| 10/11/2019 | 100 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/15/2019) |

| 10/17/2019 | 101 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 10/17/2019) |
|---|---|---|
| 11/15/2019 | 102 | MEMORANDUM OF LAW in Opposition re: 84 MOTION for Partial Summary Judgment . . Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 11/15/2019) |
| 11/15/2019 | 103 | DECLARATION of Gianni P. Servodidio in Opposition re: 84 MOTION for Partial Summary Judgment .. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41)(Servodidio, Gianni) (Entered: 11/15/2019) |
| 11/15/2019 | 104 | DECLARATION of Adam Eisman in Opposition re: 84 MOTION for Partial Summary Judgment .. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 11/15/2019) |
| 11/15/2019 | 105 | DECLARATION of Michael Grow in Support re: 84 MOTION for Partial Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 5, # 5 Exhibit 4, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25A, # 26 Exhibit 25B, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44)(Graff, Howard) (Entered: 11/15/2019) |
| 11/15/2019 | 107 | DECLARATION of Glenn May in Opposition re: 84 MOTION for Partial Summary Judgment .. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 11/16/2019) |
| 11/15/2019 | 119 | SEALED DOCUMENT placed in vault.(rz) (Entered: 11/18/2019) |
| 11/16/2019 | 106 | REPLY MEMORANDUM OF LAW in Opposition re: 84 MOTION for Partial Summary Judgment . . Document filed by W.J. Deutsch & Sons Ltd.. (Graff, Howard) (Entered: 11/16/2019) |
| 11/16/2019 | 108 | DECLARATION of Martin A. Jones in Opposition re: 84 MOTION for Partial Summary Judgment .. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 11/16/2019) |
| 11/16/2019 | 109 | REDACTION Deutsch's Response to Diageo's Rule 56.1 Statement by W.J. Deutsch & Sons Ltd.(Graff, Howard) (Entered: 11/16/2019) |
| 11/16/2019 | 110 | DECLARATION of Hal Poret in Opposition re: 84 MOTION for Partial Summary Judgment .. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 11/16/2019) |
| 11/16/2019 | 111 | DECLARATION of Ryan Walsh in Support re: 84 MOTION for Partial Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Graff, Howard) (Entered: 11/16/2019) |
| 11/16/2019 | 112 | RESPONSE re: 95 Redacted Document − Response In Opposition To Defendants' Statement Of Facts. Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 11/16/2019) |
| 11/16/2019 | 113 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated November 15, 2019 re: documents to be filed under seal as part of Diageo's Opposition to Defendants' Motion for Summary Judgment. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 11/16/2019) |

| 11/16/2019 | 114 | MOTION to Strike *Evidence Submitted In Connection With Defendants' Motion For Summary Judgment*. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 11/16/2019) |
|---|---|---|
| 11/16/2019 | 115 | MEMORANDUM OF LAW in Support re: 114 MOTION to Strike *Evidence Submitted In Connection With Defendants' Motion For Summary Judgment*. . Document filed by Diageo North America, Inc.. (Servodidio, Gianni) (Entered: 11/16/2019) |
| 11/16/2019 | 116 | DECLARATION of Jacob D. Alderdice in Support re: 114 MOTION to Strike *Evidence Submitted In Connection With Defendants' Motion For Summary Judgment*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Servodidio, Gianni) (Entered: 11/16/2019) |
| 11/16/2019 | 117 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated November 16, 2019 re: documents to be filed under seal as part of Diageo's Motion to Strike Evidence Submitted in Connection with Defendants' Motion for Summary Judgment. Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 11/16/2019) |
| 11/16/2019 | 118 | LETTER addressed to Judge Louis L. Stanton from Michael Grow dated 11/16/2019 re: List of Documents Filed Under Seal. Document filed by W.J. Deutsch & Sons Ltd..(Graff, Howard) (Entered: 11/16/2019) |
| 11/20/2019 | 120 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 11/20/2019) |
| 11/26/2019 | 121 | PROPOSED STIPULATION AND ORDER. Document filed by W.J. Deutsch & Sons Ltd.. (Graff, Howard) (Entered: 11/26/2019) |
| 12/04/2019 | 122 | ORDER. Accordingly, the present filings are stricken and will not be considered, without prejudice to submissions containing no redactions. Thus, the parties control what they wish to submit, and submit it publicly, and have time to obtain such exceptions to this ruling as may be justified on individual documents, statements, or other evidence. Each presently–effective date for the submission of those motions and responses is extended for 60 days to allow the parties to accommodate the necessary alterations in their submissions. So ordered. Terminating 82 Motion for Summary Judgment; Terminating 84 Motion for Partial Summary Judgment; Terminating 114 Motion to Strike. (Signed by Judge Louis L. Stanton on 12/3/2019) (rjm) Modified on 12/5/2019 (rjm). (Entered: 12/04/2019) |
| 12/20/2019 | 123 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated December 20, 2019 re: the Court's December 3, 2019 Order (ECF 122). Document filed by Diageo North America, Inc..(Servodidio, Gianni) (Entered: 12/20/2019) |
| 12/20/2019 | 124 | MEMO ENDORSEMENT on re: 123 Letter filed by Diageo North America, Inc. ENDORSEMENT: So Ordered. (Signed by Judge Louis L. Stanton on 12/20/2019) (va) (Entered: 12/20/2019) |
| 12/20/2019 | | Set/Reset Deadlines: Replies due by 2/14/2020. (va) (Entered: 01/08/2020) |
| 01/07/2020 | 125 | LETTER MOTION to Seal Document addressed to Judge Louis L. Stanton from Michael A. Grow dated January 7, 2020. Document filed by W.J. Deutsch & Sons Ltd..(Graff, Howard) (Entered: 01/07/2020) |
| 01/23/2020 | 126 | LETTER addressed to Michael A. Grow and cc: to Gianni P. Servodidio from Judge Stanton dated 1/23/2020 re: Diageo North America, Inc. v. W.J. Deutsch & Sons Ltd., et al., 17cv4259: Dear Counsel: I have studied your letter of January 7 and am left with trouble defining what you describe as "a relatively small number [ of documents which] contain highly sensitive trade secrets and confidential business information that should remain under seal or should be redacted in Court filings." You do not ( as far as I can discern) specify which of this relatively small number (if any) may be used to affect judicial determinations with regard to any issue, such as the pending motions for summary judgment. It is those documents which give me the greatest concern, because it is those documents which you may regard as candidates for two competing lines of treatment: submission to a court to affect its judgments, yet held secret from public disclosure as "highly confidential and sensitive business information." Once those few documents are identified, it can be determined whether they are of so exceptional a |

|  |  | character that such treatment is justified – and from your submissions I am unable to identify those special documents. As to the other extreme, documents appropriate and useful in establishing facts at issue inthe litigation but which happen also to contain sensitive portions immaterial to the case, my present (but untutored) reaction would be readily to redact them forthwith from the useful portions of the documents. Since they will play no role in the case, the public has no cognizable interest in them. Your table containing alphabetically designated exhibits in categories A through Jcontains a third box which often identifies specific items sought to be sealed (with occasionally unspecified "excerpts") but does not state whether they are submitted for reasons of advocacy, or merely because they happen to appear in an otherwise useful and non–sensitive document. You state the latter is the case in Categories C, D and G, but do not limit it to those. Until those documents (if any) which are highly sensitive but expected to be submitted in connection with an argument are separately identified, I cannot make a useful determinationabout sealing. (Signed by Judge Louis L. Stanton on 1/23/2020) (ml) (Entered: 01/23/2020) |
|---|---|---|
| 01/30/2020 | 127 | PROPOSED STIPULATION AND ORDER. Document filed by W.J. Deutsch & Sons Ltd.. (Graff, Howard) (Entered: 01/30/2020) |
| 01/31/2020 | 128 | STIPULATION: IT IS HEREBY STIPULATED AND AGREED that the deadline for Defendants/Counterclaim Plaintiffs W.J. Deutsch & Sons Ltd. d/b/a Deutsch Family Wine & Spirits and Bardstown Barrel Selections LLC, and Plaintiff/Counterclaim Defendant Diageo North America, Inc., to file additional requests for exceptions to the Court's December 3, 2019 Orderbased on the parties' summary judgment reply briefs and Defendants/Counterclaim Plaintiffs' motion to strike opposition brief is extended from January 31, to and including February 7, 2020. IT IS FURTHER STIPULATED AND AGREED that Diageo's time to submit a replybrief in further support of its motion to strike is extended from February 14, 2020, to February 21, 2020. This is the parties' first request for an extension of the deadlines to make exceptions to the Court's December 3 Order and the parties' second request for an extension of the deadlines for the motion to strike. SO ORDERED. (Motions due by 2/7/2020., Replies due by 2/21/2020.) (Signed by Judge Louis L. Stanton on 1/31/2020) (rro) (Entered: 01/31/2020) |
| 02/07/2020 | 129 | LETTER MOTION to Seal Document addressed to Judge Louis L. Stanton from Michael A. Grow dated February 7, 2020. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/07/2020) |
| 02/12/2020 | 130 | MEMORANDUM OPINION & ORDER: Accordingly, none of the materials submitted with Diageo's counsel's letters to the Court of January 23, 2020 and February 7, 2020 will be held under seal or redacted. So Ordered. (Signed by Judge Louis L. Stanton on 2/12/2020) (va) (Entered: 02/12/2020) |
| 02/13/2020 | 131 | AMENDED MEMORANDUM OPINION & ORDER: Accordingly, none of the materials submitted with Deutsch's counsel's letters to the Court of January 7, 2020 and February 7, 2020 will be held under seal or redacted. So Ordered. (Signed by Judge Louis L. Stanton on 2/13/2020) (rro) (Entered: 02/13/2020) |
| 02/19/2020 | 132 | NOTICE of Motion. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | 133 | MOTION for Summary Judgment . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | 134 | DECLARATION of Ryan Walsh in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 01, # 2 Exhibit 02, # 3 Exhibit 03, # 4 Exhibit 04, # 5 Exhibit 05, # 6 Exhibit 06, # 7 Exhibit 07, # 8 Exhibit 08, # 9 Exhibit 09, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21).(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | 135 | DECLARATION of Jennifer Thomason in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A).(Graff, Howard) (Entered: 02/19/2020) |

| | | |
|---|---|---|
| 02/19/2020 | <u>136</u> | DECLARATION of Thomas Steffanci in Support re: <u>133</u> MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6).(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | <u>137</u> | DECLARATION of Michael Rappeport in Support re: <u>133</u> MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit 01).(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | <u>138</u> | DECLARATION of Michael Grow in Support re: <u>133</u> MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit 001, # <u>2</u> Exhibit 002A, # <u>3</u> Exhibit 002B, # <u>4</u> Exhibit 003, # <u>5</u> Exhibit 004, # <u>6</u> Exhibit 005, # <u>7</u> Exhibit 006, # <u>8</u> Exhibit 007, # <u>9</u> Exhibit 008, # <u>10</u> Exhibit 009, # <u>11</u> Exhibit 010, # <u>12</u> Exhibit 011, # <u>13</u> Exhibit 012, # <u>14</u> Exhibit 013, # <u>15</u> Exhibit 014, # <u>16</u> Exhibit 015, # <u>17</u> Exhibit 016, # <u>18</u> Exhibit 017, # <u>19</u> Exhibit 018, # <u>20</u> Exhibit 019, # <u>21</u> Exhibit 020, # <u>22</u> Exhibit 021, # <u>23</u> Exhibit 022A, # <u>24</u> Exhibit 022B, # <u>25</u> Exhibit 023, # <u>26</u> Exhibit 024, # <u>27</u> Exhibit 025, # <u>28</u> Exhibit 026, # <u>29</u> Exhibit 027, # <u>30</u> Exhibit 028, # <u>31</u> Exhibit 029, # <u>32</u> Exhibit 030, # <u>33</u> Exhibit 031, # <u>34</u> Exhibit 032, # <u>35</u> Exhibit 033, # <u>36</u> Exhibit 034, # <u>37</u> Exhibit 035, # <u>38</u> Exhibit 036, # <u>39</u> Exhibit 037, # <u>40</u> Exhibit 038, # <u>41</u> Exhibit 039, # <u>42</u> Exhibit 040, # <u>43</u> Exhibit 041, # <u>44</u> Exhibit 042, # <u>45</u> Exhibit 043, # <u>46</u> Exhibit 044, # <u>47</u> Exhibit 045, # <u>48</u> Exhibit 046, # <u>49</u> Exhibit 047, # <u>50</u> Exhibit 048, # <u>51</u> Exhibit 049, # <u>52</u> Exhibit 050, # <u>53</u> Exhibit 051, # <u>54</u> Exhibit 052, # <u>55</u> Exhibit 053, # <u>56</u> Exhibit 054, # <u>57</u> Exhibit 055, # <u>58</u> Exhibit 056, # <u>59</u> Exhibit 057, # <u>60</u> Exhibit 058, # <u>61</u> Exhibit 059, # <u>62</u> Exhibit 060, # <u>63</u> Exhibit 061, # <u>64</u> Exhibit 062, # <u>65</u> Exhibit 063, # <u>66</u> Exhibit 064, # <u>67</u> Exhibit 065, # <u>68</u> Exhibit 066, # <u>69</u> Exhibit 067, # <u>70</u> Exhibit 068, # <u>71</u> Exhibit 069, # <u>72</u> Exhibit 070, # <u>73</u> Exhibit 071, # <u>74</u> Exhibit 072, # <u>75</u> Exhibit 073, # <u>76</u> Exhibit 074, # <u>77</u> Exhibit 075, # <u>78</u> Exhibit 076, # <u>79</u> Exhibit 077, # <u>80</u> Exhibit 078, # <u>81</u> Exhibit 079, # <u>82</u> Exhibit 080, # <u>83</u> Exhibit 081, # <u>84</u> Exhibit 082, # <u>85</u> Exhibit 083, # <u>86</u> Exhibit 084, # <u>87</u> Exhibit 085, # <u>88</u> Exhibit 086, # <u>89</u> Exhibit 087, # <u>90</u> Exhibit 088, # <u>91</u> Exhibit 089, # <u>92</u> Exhibit 090, # <u>93</u> Exhibit 091, # <u>94</u> Exhibit 092, # <u>95</u> Exhibit 093, # <u>96</u> Exhibit 094, # <u>97</u> Exhibit 095, # <u>98</u> Exhibit 096, # <u>99</u> Exhibit 097, # <u>100</u> Exhibit 098, # <u>101</u> Exhibit 099, # <u>102</u> Exhibit 100).(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | <u>139</u> | DECLARATION of Michael Grow in Support re: <u>133</u> MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit 101, # <u>2</u> Exhibit 102, # <u>3</u> Exhibit 103, # <u>4</u> Exhibit 104, # <u>5</u> Exhibit 105, # <u>6</u> Exhibit 106, # <u>7</u> Exhibit 107, # <u>8</u> Exhibit 108, # <u>9</u> Exhibit 109, # <u>10</u> Exhibit 110, # <u>11</u> Exhibit 111, # <u>12</u> Exhibit 112, # <u>13</u> Exhibit 113, # <u>14</u> Exhibit 114, # <u>15</u> Exhibit 115, # <u>16</u> Exhibit 116, # <u>17</u> Exhibit 117, # <u>18</u> Exhibit 118, # <u>19</u> Exhibit 119, # <u>20</u> Exhibit 120, # <u>21</u> Exhibit 121, # <u>22</u> Exhibit 122, # <u>23</u> Exhibit 123, # <u>24</u> Exhibit 124, # <u>25</u> Exhibit 125, # <u>26</u> Exhibit 126, # <u>27</u> Exhibit 127, # <u>28</u> Exhibit 128, # <u>29</u> Exhibit 129, # <u>30</u> Exhibit 130, # <u>31</u> Exhibit 131, # <u>32</u> Exhibit 132, # <u>33</u> Exhibit 133, # <u>34</u> Exhibit 134, # <u>35</u> Exhibit 135, # <u>36</u> Exhibit 136, # <u>37</u> Exhibit 137, # <u>38</u> Exhibit 138, # <u>39</u> Exhibit 139, # <u>40</u> Exhibit 140, # <u>41</u> Exhibit 141, # <u>42</u> Exhibit 142, # <u>43</u> Exhibit 143, # <u>44</u> Exhibit 144, # <u>45</u> Exhibit 145, # <u>46</u> Exhibit 146, # <u>47</u> Exhibit 147, # <u>48</u> Exhibit 148, # <u>49</u> Exhibit 149, # <u>50</u> Exhibit 150, # <u>51</u> Exhibit 151, # <u>52</u> Exhibit 152, # <u>53</u> Exhibit 153, # <u>54</u> Exhibit 154, # <u>55</u> Exhibit 155, # <u>56</u> Exhibit 156, # <u>57</u> Exhibit 157, # <u>58</u> Exhibit 158, # <u>59</u> Exhibit 159, # <u>60</u> Exhibit 160, # <u>61</u> Exhibit 161, # <u>62</u> Exhibit 162, # <u>63</u> Exhibit 163, # <u>64</u> Exhibit 164, # <u>65</u> Exhibit 165, # <u>66</u> Exhibit 166, # <u>67</u> Exhibit 167A, # <u>68</u> Exhibit 167B, # <u>69</u> Exhibit 168, # <u>70</u> Exhibit 169, # <u>71</u> Exhibit 170, # <u>72</u> Exhibit 171, # <u>73</u> Exhibit 172, # <u>74</u> Exhibit 173, # <u>75</u> Exhibit 174, # <u>76</u> Exhibit 175, # <u>77</u> Exhibit 176, # <u>78</u> Exhibit 177, # <u>79</u> Exhibit 178, # <u>80</u> Exhibit 179, # <u>81</u> Exhibit 180, # <u>82</u> Exhibit 181, # <u>83</u> Exhibit 182, # <u>84</u> Exhibit 183, # <u>85</u> Exhibit 184, # <u>86</u> Exhibit 185, # <u>87</u> Exhibit 186, # <u>88</u> Exhibit 187, # <u>89</u> Exhibit 188, # <u>90</u> Exhibit 189, # <u>91</u> Exhibit 190, # <u>92</u> Exhibit 191, # <u>93</u> Exhibit 192, # <u>94</u> Exhibit 193, # <u>95</u> Exhibit 194, # <u>96</u> Exhibit 195, # <u>97</u> Exhibit 196, # <u>98</u> Exhibit 197, # <u>99</u> Exhibit 198, # <u>100</u> Exhibit 199, # <u>101</u> Exhibit 200).(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | <u>140</u> | DECLARATION of Michael Grow in Support re: <u>133</u> MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit 200, # <u>2</u> Exhibit 201, # <u>3</u> Exhibit 202, # <u>4</u> Exhibit 203, # <u>5</u> Exhibit 204, # <u>6</u> Exhibit 205, # <u>7</u> Exhibit 206, # <u>8</u> Exhibit 207, # <u>9</u> Exhibit 208, # <u>10</u> Exhibit 209, # <u>11</u> Exhibit 210, # <u>12</u> Exhibit 211, # <u>13</u> Exhibit 212, # <u>14</u> Exhibit 213, # <u>15</u> Exhibit 214, # <u>16</u> Exhibit 215, # <u>17</u> Exhibit 216, # <u>18</u> Exhibit 217A, # <u>19</u> Exhibit 217B, # <u>20</u> Exhibit |

| | | |
|---|---|---|
| | | 217C, # <u>21</u> Exhibit 218, # <u>22</u> Exhibit 219, # <u>23</u> Exhibit 220, # <u>24</u> Exhibit 221, # <u>25</u> Exhibit 222, # <u>26</u> Exhibit 223, # <u>27</u> Exhibit 224, # <u>28</u> Errata 225A, # <u>29</u> Exhibit 225B, # <u>30</u> Exhibit 226, # <u>31</u> Exhibit 227, # <u>32</u> Exhibit 228, # <u>33</u> Exhibit 229, # <u>34</u> Exhibit 230, # <u>35</u> Exhibit 231, # <u>36</u> Exhibit 232A, # <u>37</u> Exhibit 232B, # <u>38</u> Exhibit 233, # <u>39</u> Exhibit 234, # <u>40</u> Exhibit 235, # <u>41</u> Exhibit 236, # <u>42</u> Exhibit 237, # <u>43</u> Exhibit 238, # <u>44</u> Exhibit 239, # <u>45</u> Exhibit 240, # <u>46</u> Exhibit 241, # <u>47</u> Exhibit 242, # <u>48</u> Exhibit 243, # <u>49</u> Exhibit 244, # <u>50</u> Exhibit 245, # <u>51</u> Exhibit 246, # <u>52</u> Exhibit 247, # <u>53</u> Exhibit 248, # <u>54</u> Exhibit 249, # <u>55</u> Exhibit 250, # <u>56</u> Exhibit 251, # <u>57</u> Exhibit 252, # <u>58</u> Exhibit 253, # <u>59</u> Exhibit 254, # <u>60</u> Exhibit 255, # <u>61</u> Exhibit 256, # <u>62</u> Exhibit 257, # <u>63</u> Exhibit 258, # <u>64</u> Exhibit 259, # <u>65</u> Exhibit 260, # <u>66</u> Exhibit 261, # <u>67</u> Exhibit 262, # <u>68</u> Exhibit 263, # <u>69</u> Exhibit 264, # <u>70</u> Exhibit 265, # <u>71</u> Exhibit 266, # <u>72</u> Exhibit 267, # <u>73</u> Exhibit 268, # <u>74</u> Exhibit 269A, # <u>75</u> Exhibit 269B, # <u>76</u> Exhibit 270, # <u>77</u> Exhibit 271, # <u>78</u> Exhibit 272, # <u>79</u> Exhibit 273, # <u>80</u> Exhibit 274, # <u>81</u> Exhibit 275, # <u>82</u> Exhibit 276, # <u>83</u> Exhibit 277, # <u>84</u> Exhibit 278, # <u>85</u> Exhibit 279, # <u>86</u> Exhibit 280, # <u>87</u> Exhibit 281, # <u>88</u> Exhibit 282, # <u>89</u> Exhibit 283, # <u>90</u> Exhibit 284, # <u>91</u> Exhibit 285, # <u>92</u> Exhibit 286, # <u>93</u> Exhibit 287, # <u>94</u> Exhibit 288, # <u>95</u> Exhibit 289, # <u>96</u> Exhibit 290, # <u>97</u> Exhibit 291, # <u>98</u> Exhibit 292, # <u>99</u> Exhibit 293, # <u>100</u> Exhibit 294, # <u>101</u> Exhibit 295, # <u>102</u> Exhibit 296, # <u>103</u> Exhibit 297, # <u>104</u> Exhibit 298, # <u>105</u> Exhibit 299, # <u>106</u> Exhibit 300, # <u>107</u> Exhibit 301, # <u>108</u> Exhibit 302, # <u>109</u> Exhibit 303, # <u>110</u> Exhibit 304, # <u>111</u> Exhibit 305, # <u>112</u> Exhibit 306, # <u>113</u> Exhibit 307, # <u>114</u> Exhibit 308).(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | <u>141</u> | RULE 56.1 STATEMENT. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | <u>142</u> | MEMORANDUM OF LAW in Support re: <u>133</u> MOTION for Summary Judgment . . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/19/2020) |
| 02/19/2020 | <u>143</u> | MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses*. Document filed by Diageo North America, Inc...(Servodidio, Gianni). (Entered: 02/19/2020) |
| 02/19/2020 | <u>144</u> | MEMORANDUM OF LAW in Support re: <u>143</u> MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/19/2020) |
| 02/19/2020 | <u>145</u> | DECLARATION of Edward Bello in Support re: <u>143</u> MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses*.. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Exhibit 20, # <u>21</u> Exhibit 21, # <u>22</u> Exhibit 22, # <u>23</u> Exhibit 23, # <u>24</u> Exhibit 24, # <u>25</u> Exhibit 25, # <u>26</u> Exhibit 26).(Servodidio, Gianni) (Entered: 02/19/2020) |
| 02/19/2020 | <u>146</u> | DECLARATION of Gianni P. Servodidio in Support re: <u>143</u> MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses*.. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J, # <u>11</u> Exhibit K, # <u>12</u> Exhibit L, # <u>13</u> Exhibit M, # <u>14</u> Exhibit N, # <u>15</u> Exhibit O, # <u>16</u> Exhibit P, # <u>17</u> Exhibit Q, # <u>18</u> Exhibit R, # <u>19</u> Exhibit S, # <u>20</u> Exhibit T, # <u>21</u> Exhibit U, # <u>22</u> Exhibit V, # <u>23</u> Exhibit W, # <u>24</u> Exhibit X, # <u>25</u> Exhibit Y, # <u>26</u> Exhibit Z, # <u>27</u> Exhibit AA, # <u>28</u> Exhibit BB, # <u>29</u> Exhibit CC, # <u>30</u> Exhibit DD, # <u>31</u> Exhibit EE, # <u>32</u> Exhibit FF, # <u>33</u> Exhibit GG, # <u>34</u> Exhibit HH, # <u>35</u> Exhibit II).(Servodidio, Gianni) (Entered: 02/19/2020) |
| 02/19/2020 | <u>147</u> | RULE 56.1 STATEMENT. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/19/2020) |
| 02/19/2020 | <u>148</u> | MOTION to Strike *Evidence Submitted In Connection With Defendants' Motion For Summary Judgment*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/19/2020) |
| 02/19/2020 | <u>149</u> | MEMORANDUM OF LAW in Support re: <u>148</u> MOTION to Strike *Evidence Submitted In Connection With Defendants' Motion For Summary Judgment*. . |

| | | Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/19/2020) |
|---|---|---|
| 02/19/2020 | 150 | DECLARATION of Jacob D. Alderdice in Support re: 148 MOTION to Strike *Evidence Submitted In Connection With Defendants' Motion For Summary Judgment..* Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7).(Servodidio, Gianni) (Entered: 02/19/2020) |
| 02/20/2020 | 151 | MEMORANDUM OF LAW in Opposition re: 143 MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses. Defendants/ Counterclaim Plaintiffs' Memorandum of Law Opposing Plaintiff/ Counterclaim Defendant's Motion For Summary Judgment Dismissing Defendants/Counterclaim.* Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 152 | DECLARATION of Michael Grow in Opposition re: 143 MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses..* Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25A, # 26 Exhibit 25B, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44).(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 153 | COUNTER STATEMENT TO 147 Rule 56.1 Statement. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 154 | MEMORANDUM OF LAW in Opposition re: 148 MOTION to Strike *Evidence Submitted In Connection With Defendants' Motion For Summary Judgment.* . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 155 | MEMORANDUM OF LAW in Opposition re: 133 MOTION for Summary Judgment . . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 156 | RESPONSE re: 141 Rule 56.1 Statement */ Diageo North America, Inc.'s Response in Opposition to Defendants' Statement of Facts.* Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 157 | DECLARATION of Michael Grow in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 01, # 2 Exhibit 02, # 3 Exhibit 03, # 4 Exhibit 04, # 5 Exhibit 05, # 6 Exhibit 06, # 7 Exhibit 07, # 8 Exhibit 08, # 9 Exhibit 09, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13A, # 14 Exhibit 13B, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29).(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 158 | DECLARATION of Ryan Walsh in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 159 | DECLARATION of Hal Poret in Support re: 155 Memorandum of Law in Opposition to Motion. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 160 | DECLARATION of Adam Eisman in Support re: 155 Memorandum of Law in Opposition to Motion. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 161 | DECLARATION of Martin A. Jones in Support re: 155 Memorandum of Law in Opposition to Motion. Document filed by Diageo North America, Inc.. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Exhibit 1).(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 162 | DECLARATION of Glenn May in Support re: 155 Memorandum of Law in Opposition to Motion. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1).(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 163 | DECLARATION of Ryan Walsh in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 101, # 2 Exhibit 102, # 3 Exhibit 103, # 4 Exhibit 104, # 5 Exhibit 105, # 6 Exhibit 106, # 7 Exhibit 107, # 8 Exhibit 108, # 9 Exhibit 109, # 10 Exhibit 110, # 11 Exhibit 111, # 12 Exhibit 112, # 13 Exhibit 113, # 14 Exhibit 114, # 15 Exhibit 115, # 16 Exhibit 116, # 17 Exhibit 117, # 18 Exhibit 118, # 19 Exhibit 119, # 20 Exhibit 120, # 21 Exhibit 121, # 22 Exhibit 122, # 23 Exhibit 123, # 24 Exhibit 124, # 25 Exhibit 125, # 26 Exhibit 126, # 27 Exhibit 127, # 28 Exhibit 128, # 29 Exhibit 129, # 30 Exhibit 130, # 31 Exhibit 131, # 32 Exhibit 132, # 33 Exhibit 133, # 34 Exhibit 134, # 35 Exhibit 135, # 36 Exhibit 136, # 37 Exhibit 137, # 38 Exhibit 138, # 39 Exhibit 139, # 40 Exhibit 140, # 41 Exhibit 141, # 42 Exhibit 142, # 43 Exhibit 143, # 44 Exhibit 144, # 45 Exhibit 145, # 46 Exhibit 146, # 47 Exhibit 147, # 48 Exhibit 148, # 49 Exhibit 149, # 50 Exhibit 150, # 51 Exhibit 151, # 52 Exhibit 152, # 53 Exhibit 153, # 54 Exhibit 154, # 55 Exhibit 155, # 56 Exhibit 156, # 57 Exhibit 157, # 58 Exhibit 158, # 59 Exhibit 159, # 60 Exhibit 160, # 61 Exhibit 161, # 62 Exhibit 162, # 63 Exhibit 163, # 64 Exhibit 164, # 65 Exhibit 165, # 66 Exhibit 166, # 67 Exhibit 167, # 68 Exhibit 168, # 69 Exhibit 169, # 70 Exhibit 170, # 71 Exhibit 171, # 72 Exhibit 172, # 73 Exhibit 173, # 74 Exhibit 174, # 75 Exhibit 175, # 76 Exhibit 176, # 77 Exhibit 177, # 78 Exhibit 178, # 79 Exhibit 179, # 80 Exhibit 180, # 81 Exhibit 181, # 82 Exhibit 182, # 83 Exhibit 183, # 84 Exhibit 184, # 85 Exhibit 185, # 86 Exhibit 186, # 87 Exhibit 187, # 88 Exhibit 188, # 89 Exhibit 189, # 90 Exhibit 190, # 91 Exhibit 191, # 92 Exhibit 192, # 93 Exhibit 193, # 94 Exhibit 194, # 95 Exhibit 195, # 96 Exhibit 196, # 97 Exhibit 197, # 98 Exhibit 198, # 99 Exhibit 199, # 100 Exhibit 200).(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 164 | DECLARATION of Gianni P. Servodidio in Support re: 155 Memorandum of Law in Opposition to Motion. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41).(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 165 | DECLARATION of Ryan Walsh in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 300, # 2 Exhibit 301, # 3 Exhibit 302, # 4 Exhibit 303, # 5 Exhibit 304, # 6 Exhibit 305, # 7 Exhibit 306, # 8 Exhibit 307, # 9 Exhibit 308, # 10 Exhibit 309, # 11 Exhibit 310, # 12 Exhibit 311, # 13 Exhibit 312, # 14 Exhibit 313, # 15 Exhibit 314, # 16 Exhibit 315, # 17 Exhibit 316, # 18 Exhibit 317, # 19 Exhibit 318, # 20 Exhibit 319, # 21 Exhibit 320, # 22 Exhibit 321, # 23 Exhibit 322, # 24 Exhibit 323, # 25 Exhibit 324, # 26 Exhibit 325, # 27 Exhibit 326, # 28 Exhibit 327, # 29 Exhibit 328, # 30 Exhibit 329, # 31 Exhibit 330, # 32 Exhibit 331, # 33 Exhibit 332, # 34 Exhibit 333, # 35 Exhibit 334, # 36 Exhibit 335, # 37 Exhibit 336, # 38 Exhibit 337, # 39 Exhibit 338, # 40 Exhibit 339, # 41 Exhibit 340, # 42 Exhibit 341, # 43 Exhibit 342, # 44 Exhibit 343, # 45 Exhibit 344, # 46 Exhibit 345, # 47 Exhibit 346, # 48 Exhibit 347, # 49 Exhibit 348, # 50 Exhibit 349, # 51 Exhibit 350, # 52 Exhibit 351).(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 166 | DECLARATION of Ryan Walsh in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 001, # 2 Exhibit 002, # 3 Exhibit 003, # 4 Exhibit 004, # 5 Exhibit 005, # 6 Exhibit 006, # 7 Exhibit 007, # 8 Exhibit 008, # 9 Exhibit 009, # 10 Exhibit 010, # 11 Exhibit 011, # 12 Exhibit 012, # 13 Exhibit 013, # 14 Exhibit 014, # 15 Exhibit 015, # 16 Exhibit 016, # 17 Exhibit 017, # 18 Exhibit 018, # 19 Exhibit 019, # 20 Exhibit 020, # 21 Exhibit 021, # 22 Exhibit 022, # 23 Exhibit 023, # 24 Exhibit 024, # 25 Exhibit 025, # 26 Exhibit 026, # 27 Exhibit 027, # 28 Exhibit 028, # 29 Exhibit 029, # 30 Exhibit 030, # |

| | | |
|---|---|---|
| | | 31 Exhibit 031, # 32 Exhibit 032, # 33 Exhibit 033, # 34 Exhibit 034, # 35 Exhibit 035, # 36 Exhibit 036, # 37 Exhibit 037, # 38 Exhibit 038, # 39 Exhibit 039, # 40 Exhibit 040, # 41 Exhibit 041, # 42 Exhibit 042, # 43 Exhibit 043, # 44 Exhibit 044, # 45 Exhibit 045, # 46 Exhibit 046, # 47 Exhibit 047, # 48 Exhibit 048, # 49 Exhibit 049, # 50 Exhibit 050, # 51 Exhibit 051, # 52 Exhibit 052, # 53 Exhibit 053, # 54 Exhibit 054, # 55 Exhibit 055, # 56 Exhibit 056, # 57 Exhibit 057, # 58 Exhibit 058, # 59 Exhibit 059, # 60 Exhibit 060, # 61 Exhibit 061, # 62 Exhibit 062, # 63 Exhibit 063, # 64 Exhibit 064, # 65 Exhibit 065, # 66 Exhibit 066, # 67 Exhibit 067, # 68 Exhibit 068, # 69 Exhibit 069, # 70 Exhibit 070, # 71 Exhibit 071, # 72 Exhibit 072, # 73 Exhibit 073, # 74 Exhibit 074, # 75 Exhibit 075, # 76 Exhibit 076, # 77 Exhibit 077, # 78 Exhibit 078, # 79 Exhibit 079, # 80 Exhibit 080, # 81 Exhibit 081, # 82 Exhibit 082, # 83 Exhibit 083, # 84 Exhibit 084, # 85 Exhibit 085, # 86 Exhibit 086, # 87 Exhibit 087, # 88 Exhibit 088, # 89 Exhibit 089, # 90 Exhibit 090, # 91 Exhibit 091, # 92 Exhibit 092, # 93 Exhibit 093, # 94 Exhibit 094, # 95 Exhibit 095, # 96 Exhibit 096, # 97 Exhibit 097, # 98 Exhibit 098, # 99 Exhibit 099, # 100 Exhibit 100).(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 167 | REPLY MEMORANDUM OF LAW in Support re: 143 MOTION for Summary Judgment *Dismissing Defendants' Amended Counterclaims and Affirmative Defenses*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 168 | REPLY re: 153 Counter Statement to Rule 56.1 */ Diageo North America Inc.'s Reply Statement to Defendants' Rule 56.1 Responses*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 169 | DECLARATION of Gianni P. Servodidio in Support re: 167 Reply Memorandum of Law in Support of Motion. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O).(Servodidio, Gianni) (Entered: 02/20/2020) |
| 02/20/2020 | 170 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 176 Declaration) –** DECLARATION of Ryan Walsh in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 101, # 2 Exhibit 102, # 3 Exhibit 103, # 4 Exhibit 104, # 5 Exhibit 105, # 6 Exhibit 106, # 7 Exhibit 107, # 8 Exhibit 108, # 9 Exhibit 109, # 10 Exhibit 110, # 11 Exhibit 111, # 12 Exhibit 112, # 13 Exhibit 113, # 14 Exhibit 114, # 15 Exhibit 115, # 16 Exhibit 116, # 17 Exhibit 117, # 18 Exhibit 118, # 19 Exhibit 119, # 20 Exhibit 120, # 21 Exhibit 121, # 22 Exhibit 122, # 23 Exhibit 123, # 24 Exhibit 124, # 25 Exhibit 125, # 26 Exhibit 126, # 27 Exhibit 127, # 28 Exhibit 128, # 29 Exhibit 129, # 30 Exhibit 130, # 31 Exhibit 131, # 32 Exhibit 132, # 33 Exhibit 133, # 34 Exhibit 134, # 35 Exhibit 135, # 36 Exhibit 136, # 37 Exhibit 137, # 38 Exhibit 138, # 39 Exhibit 139, # 40 Exhibit 140, # 41 Exhibit 141, # 42 Exhibit 142, # 43 Exhibit 143, # 44 Exhibit 144, # 45 Exhibit 145, # 46 Exhibit 146, # 47 Exhibit 147, # 48 Exhibit 148, # 49 Exhibit 149, # 50 Exhibit 150, # 51 Exhibit 151, # 52 Exhibit 152, # 53 Exhibit 153, # 54 Exhibit 154, # 55 Exhibit 155, # 56 Exhibit 156, # 57 Exhibit 157, # 58 Exhibit 158, # 59 Exhibit 159, # 60 Exhibit 160, # 61 Exhibit 161, # 62 Exhibit 162, # 63 Exhibit 163, # 64 Exhibit 164, # 65 Exhibit 165, # 66 Exhibit 166, # 67 Exhibit 167, # 68 Exhibit 168, # 69 Exhibit 169, # 70 Exhibit 170, # 71 Exhibit 171, # 72 Exhibit 172, # 73 Exhibit 173, # 74 Exhibit 174, # 75 Exhibit 175, # 76 Exhibit 176, # 77 Exhibit 177, # 78 Exhibit 178, # 79 Exhibit 179, # 80 Exhibit 180, # 81 Exhibit 181, # 82 Exhibit 182, # 83 Exhibit 183, # 84 Exhibit 184, # 85 Exhibit 185, # 86 Exhibit 186, # 87 Exhibit 187, # 88 Exhibit 188, # 89 Exhibit 189, # 90 Exhibit 190, # 91 Exhibit 191, # 92 Exhibit 192, # 93 Exhibit 193, # 94 Exhibit 194, # 95 Exhibit 195, # 96 Exhibit 196, # 97 Exhibit 197, # 98 Exhibit 198, # 99 Exhibit 199).(Graff, Howard) Modified on 2/28/2020 (db). (Entered: 02/20/2020) |
| 02/20/2020 | 171 | REPLY re: 156 Response *of Plaintiff/Counterclaim Defendants to Deutsch's Statement of Undisputed Facts*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/20/2020) |
| 02/20/2020 | 172 | DECLARATION of Julia Ziring in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/20/2020) |

| | | |
|---|---|---|
| 02/20/2020 | 173 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MEMORANDUM OF LAW in Support re: 133 MOTION for Summary Judgment . . Document filed by W.J. Deutsch & Sons Ltd. (Graff, Howard) Modified on 2/28/2020 (db). (Entered: 02/20/2020) |
| 02/21/2020 | 174 | REPLY MEMORANDUM OF LAW in Support re: 148 MOTION to Strike *Evidence Submitted In Connection With Defendants' Motion For Summary Judgment*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/21/2020) |
| 02/21/2020 | 175 | DECLARATION of Jacob D. Alderdice in Support re: 148 MOTION to Strike *Evidence Submitted In Connection With Defendants' Motion For Summary Judgment*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4).(Alderdice, Jacob) (Entered: 02/21/2020) |
| 02/24/2020 | 176 | DECLARATION of Ryan Walsh in Support re: 133 MOTION for Summary Judgment .. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 200, # 2 Exhibit 201, # 3 Exhibit 202, # 4 Exhibit 203, # 5 Exhibit 204, # 6 Exhibit 205, # 7 Exhibit 206, # 8 Exhibit 207, # 9 Exhibit 208, # 10 Exhibit 209, # 11 Exhibit 210, # 12 Exhibit 211, # 13 Exhibit 212, # 14 Exhibit 213, # 15 Exhibit 214, # 16 Exhibit 215, # 17 Exhibit 216, # 18 Exhibit 217, # 19 Exhibit 218, # 20 Exhibit 219, # 21 Exhibit 220, # 22 Exhibit 221, # 23 Exhibit 222, # 24 Exhibit 223, # 25 Exhibit 224, # 26 Exhibit 225, # 27 Exhibit 226, # 28 Exhibit 227, # 29 Exhibit 228, # 30 Exhibit 229, # 31 Exhibit 230, # 32 Exhibit 231, # 33 Exhibit 232, # 34 Exhibit 233, # 35 Exhibit 234, # 36 Exhibit 235, # 37 Exhibit 236, # 38 Exhibit 237, # 39 Exhibit 238, # 40 Exhibit 239, # 41 Exhibit 240, # 42 Exhibit 241, # 43 Exhibit 242, # 44 Exhibit 243, # 45 Exhibit 244, # 46 Exhibit 245, # 47 Exhibit 246, # 48 Exhibit 247, # 49 Exhibit 248, # 50 Exhibit 249, # 51 Exhibit 250, # 52 Exhibit 251, # 53 Exhibit 252, # 54 Exhibit 253, # 55 Exhibit 254, # 56 Exhibit 255, # 57 Exhibit 256, # 58 Exhibit 257, # 59 Exhibit 258, # 60 Exhibit 259, # 61 Exhibit 260, # 62 Exhibit 261, # 63 Exhibit 262, # 64 Exhibit 263, # 65 Exhibit 264, # 66 Exhibit 265, # 67 Exhibit 266, # 68 Exhibit 267, # 69 Exhibit 268, # 70 Exhibit 269, # 71 Exhibit 270, # 72 Exhibit 271, # 73 Exhibit 272, # 74 Exhibit 273, # 75 Exhibit 274, # 76 Exhibit 275, # 77 Exhibit 276, # 78 Exhibit 277, # 79 Exhibit 278, # 80 Exhibit 279, # 81 Exhibit 280, # 82 Exhibit 281, # 83 Exhibit 282, # 84 Exhibit 283, # 85 Exhibit 284, # 86 Exhibit 285, # 87 Exhibit 286, # 88 Exhibit 287, # 89 Exhibit 288, # 90 Exhibit 289, # 91 Exhibit 290, # 92 Exhibit 291, # 93 Exhibit 292, # 94 Exhibit 293, # 95 Exhibit 294, # 96 Exhibit 295, # 97 Exhibit 296, # 98 Exhibit 297, # 99 Exhibit 298, # 100 Exhibit 299).(Graff, Howard) (Entered: 02/24/2020) |
| 02/26/2020 | 177 | NOTICE OF APPEARANCE by Susan Joan Kohlmann on behalf of Diageo North America, Inc...(Kohlmann, Susan) (Entered: 02/26/2020) |
| 02/27/2020 | 178 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated February 27, 2020 re: Striking Deutsch's Reply to Diageo's Responses to Deutch's Rule 56.1 Statement of Undisputed Fact (ECF 171). Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 02/27/2020) |
| 02/28/2020 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Howard Graff to RE–FILE Document 173 Memorandum of Law in Support of Motion. Use the event type Reply Memorandum in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (db)** (Entered: 02/28/2020) |
| 02/28/2020 | 179 | REPLY MEMORANDUM OF LAW in Support re: 133 MOTION for Summary Judgment . . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/28/2020) |
| 02/28/2020 | 180 | LETTER addressed to Judge Louis L. Stanton from Michael A. Grow dated February 28, 2020 re: Plaintiff/Counterclaim Defendant's February 27, 2020 Letter re Deutsch's Reply to Diageo's Responses to Deutsch's Rule 56.1 Statement of Undisputed Facts. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 02/28/2020) |
| 03/11/2020 | 181 | MEMO ENDORSEMENT denying 133 Motion for Summary Judgment; denying 143 Motion for Summary Judgment; denying without prejudice to renewal 148 Motion to Strike. ENDORSEMENT: DIAGEO NORTH AMERICA, INC. v. W.J. DEUTSCH & SONS LTD. d/b/a DEUTSCH FAMILY WINE & SPIRITS, and BARDSTOWN |

| | | BARREL SELECTIONS LLC, 17 Civ. 4259 (LLS). Genuine disputes as to material facts: Whether the statement to the patent office that "The bottle shape is unique and distinctive in the beverage alcohol industry. The bottle shape is readily identifiable and distinguishable from all others in the industry, and accordingly stands out as such on a store shelf or behind a bar even apart from the embossed working and design elements" was fraudulent and known to Diageo to be false. Whether Diageo has abandoned, by not enforcing, any rights it had to claim originality in the Bulleit bottle design. Whether the Bulleit bottle design is functional and unentitled to Lanham Act protection. See the full discussion of applicable considerations in Stormy Clime Ltd. v. Pro Group, Inc., 809 F.2d 971 (2d Cir. 1987), require the denial of plaintiff's motion for summary judgment dismissing defendants' amended counterclaims and affirmative defenses (dkt. 143) and defendants' motion for partial summary judgment (dkt. 133). Diageo's motion to strike evidence (dkt. 148) is denied without prejudice to renewal at trial. (Signed by Judge Louis L. Stanton on 3/11/2020) (mro) (Entered: 03/11/2020) |
|---|---|---|
| 03/23/2020 | 182 | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc...(Alderdice, Jacob) (Entered: 03/23/2020) |
| 03/24/2020 | 183 | JOINT STIPULATION AND SCHEDULING EXTENSION: IT IS HEREBY STIPULATED AND AGREED that the parties' deadline for contacting the Court regarding a status conference is extended from March 25, 2020, to April 25, 2020; This is the parties' first request for an extension of the schedule for contacting the Court to schedule a post–summary–judgment status conference SO ORDERED. (Signed by Judge Louis L. Stanton on 3/24/2020) (rro) (Entered: 03/24/2020) |
| 03/24/2020 | 184 | MOTION for Reconsideration re; 181 Order on Motion for Summary Judgment,, Order on Motion to Strike,,,,,,,,,,,,,,,,, . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 03/24/2020) |
| 03/24/2020 | 185 | MEMORANDUM OF LAW in Support re: 184 MOTION for Reconsideration re; 181 Order on Motion for Summary Judgment,, Order on Motion to Strike,,,,,,,,,,,,,,,,, . . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 03/24/2020) |
| 04/03/2020 | 186 | MEMORANDUM OF LAW in Opposition re: 184 MOTION for Reconsideration re; 181 Order on Motion for Summary Judgment,, Order on Motion to Strike,,,,,,,,,,,,,,,,, . . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 04/03/2020) |
| 04/07/2020 | 187 | ORDER denying 184 Motion for Reconsideration. Genuine issues of material facts concerning the similarities between the Deutsch and Bulleit bottles' trade dress, consumer confusion and applicable Polaroid factors require the denial of defendants' motion for partial summary judgment and their motion for reconsideration. (Signed by Judge Louis L. Stanton on 4/7/2020) (rro) (Entered: 04/07/2020) |
| 04/22/2020 | 188 | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc...(Alderdice, Jacob) (Entered: 04/22/2020) |
| 04/23/2020 | 189 | JOINT STIPULATION AND SCHEDULING EXTENSION: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties' deadline for contacting the Court regarding a status conference is extended from April 25, 2020, to May 26, 2020; This is the parties' second request for an extension of the schedule for contacting the Court to schedule a post–summary–judgment status conference. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. SO ORDERED. (Signed by Judge Louis L. Stanton on 4/23/2020) (rro) (Entered: 04/23/2020) |
| 05/26/2020 | 190 | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc...(Alderdice, Jacob) (Entered: 05/26/2020) |
| 05/27/2020 | 191 | JOINT STIPULATION AND SCHEDULING EXTENSION: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties' deadline for contacting the Court regarding a status conference is extended from May 26, 2020, to July 27, 2020. This is the parties' third request for an extension of the schedule for contacting the Court to schedule a post–summary–judgment status conference. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. SO ORDERED. (Signed by Judge Louis L. Stanton on 5/27/2020) (rro) Modified on 6/8/2020 (rro). (Entered: 05/27/2020) |

| 07/24/2020 | 192 | PROPOSED STIPULATION AND ORDER. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 07/24/2020) |
|---|---|---|
| 07/28/2020 | 193 | JOINT STIPULATION AND SCHEDULING EXTENSION: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties' deadline for contacting the Court regarding a status conference is extended from July 27, 2020, to September 28, 2020. This is the parties' fourth request for an extension of the schedule for contacting the Court to schedule a post–summary–judgment status conference. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. SO STIPULATED. (Signed by Judge Louis L. Stanton on 7/28/2020) (rro) (Entered: 07/29/2020) |
| 08/28/2020 | 194 | LETTER MOTION for Conference re: 193 Stipulation and Order, Set Deadlines,,,, addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated August 28, 2020. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 08/28/2020) |
| 08/28/2020 | 195 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 08/28/2020) |
| 08/28/2020 | 196 | MEMO ENDORSEMENT on re: 195 Proposed Order for Withdrawal of Attorney filed by W.J. Deutsch & Sons Ltd. ENDORSEMENT: SO ORDERED. (Attorney Asra Jabeen Syed terminated.) (Signed by Judge Louis L. Stanton on 8/28/2020) (rro) (Entered: 08/28/2020) |
| 09/24/2020 | | Set/Reset Hearings: Status Conference re: when to file a pre–trial order set for 9/29/2020 at 02:00 PM before Judge Louis L. Stanton. The conference will be held via telephone. The parties are directed to call 636–651–3181, access code 6143119, at the scheduled time. All counsel who intend to speak during the call must use a landline or phone with equivalent quality. Each party is directed to ensure that all other parties on the case are aware of the conference date and time. (ml) (Entered: 09/24/2020) |
| 09/25/2020 | 197 | LETTER MOTION for Conference re Deutsch's Motion to Strike Jury Demand addressed to Judge Louis L. Stanton from Michael A. Grow dated 9/25/2020. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit Bryan Van Uden Deposition Transcript, # 2 Exhibit Bryan Van Uden Expert Report).(Graff, Howard) (Entered: 09/25/2020) |
| 09/28/2020 | 198 | LETTER RESPONSE to Motion addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated September 28, 2020 re: 197 LETTER MOTION for Conference re Deutsch's Motion to Strike Jury Demand addressed to Judge Louis L. Stanton from Michael A. Grow dated 9/25/2020. . Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Servodidio, Gianni) (Entered: 09/28/2020) |
| 09/29/2020 | 199 | MEMO ENDORSEMENT on 198 denying 197 Letter Motion for Conference. ENDORSEMENT: On this, and defendants Sept. 25 submissions, and having heard counsel today, this case will be tried to a jury. So Ordered. (Signed by Judge Louis L. Stanton on 9/29/2020) (rro) (Entered: 09/29/2020) |
| 09/29/2020 | | Minute Entry:Status conference for proceedings held before Judge Louis L. Stanton: Telephone Conference held on 9/29/2020. (ml) (Entered: 10/02/2020) |
| 10/01/2020 | 200 | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc...(Alderdice, Jacob) (Entered: 10/01/2020) |
| 10/01/2020 | 201 | NOTICE OF APPEARANCE by Michael S. Cryan on behalf of W.J. Deutsch & Sons Ltd...(Cryan, Michael) (Entered: 10/01/2020) |
| 10/02/2020 | 202 | JOINT STIPULATION AND SCHEDULING EXTENSION Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties will file any Daubert motions with the Court by December 9, 2020; that the parties will file all pre–trial materials with the Court, including consolidated pre–trial order and each party's trial brief on contested issues of law, requests to charge, proposed voir dire, and copies of experts' sworn statements, by February 19, 2021; and that the Final Pre–Trial Conference will be held on March 5, 2021. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. SO ORDERED. (Motions due by 12/9/2020., Pretrial Order due by 2/19/2021.) (Signed by Judge Louis L. Stanton on 10/2/2020) (rro) (Entered: 10/02/2020) |

| 11/30/2020 | [203](#) | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc...(Alderdice, Jacob) (Entered: 11/30/2020) |
|---|---|---|
| 12/02/2020 | [204](#) | JOINT STIPULATION AND SCHEDULING EXTENSION: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties' deadline for filing Daubert motions is extended to December 16, 2020. Opposition briefs will be due on January 12, 2021. Reply briefs will be due on January 26, 2021. This is the parties' first request for an extension of the schedule for filing Daubert motions. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. (Motions due by 12/16/2020., Responses due by 1/12/2021, Replies due by 1/26/2021.) (Signed by Judge Louis L. Stanton on 12/2/2020) (rro) (Entered: 12/02/2020) |
| 12/16/2020 | [205](#) | MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Hal Poret*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 12/16/2020) |
| 12/16/2020 | [206](#) | DECLARATION of Michael Grow in Support re: [205](#) MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Hal Poret..* Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # [1](#) Exhibit 01, # [2](#) Exhibit 02, # [3](#) Exhibit 03, # [4](#) Exhibit 04, # [5](#) Exhibit 05, # [6](#) Exhibit 06, # [7](#) Exhibit 07, # [8](#) Exhibit 08, # [9](#) Exhibit 09).(Graff, Howard) (Entered: 12/16/2020) |
| 12/16/2020 | [207](#) | MEMORANDUM OF LAW in Support re: [205](#) MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Hal Poret.* . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 12/16/2020) |
| 12/16/2020 | [208](#) | MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Martin Jones*. Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | [209](#) | DECLARATION of Lindsay Korotkin in Support re: [208](#) MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Martin Jones..* Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # [1](#) Exhibit 01, # [2](#) Exhibit 02, # [3](#) Exhibit 03).(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | [210](#) | MEMORANDUM OF LAW in Support re: [208](#) MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Martin Jones.* . Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | [211](#) | MOTION to Seal *Exhibit 1 of Lindsay Korotkin's Declaration in Support of the Motion to Exclude Diageo's Expert Martin Jones*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # [1](#) Text of Proposed Order).(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | [212](#) | MOTION in Limine *to Exclude the Testimony of Perry J. Saidman*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | [213](#) | MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Phillip Hampton*. Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | [214](#) | MEMORANDUM OF LAW in Support re: [212](#) MOTION in Limine *to Exclude the Testimony of Perry J. Saidman.* . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | [215](#) | MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Glenn May*. Document filed by W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 12/16/2020) |
| 12/16/2020 | [216](#) | DECLARATION of Jacob D. Alderdice in Support re: [212](#) MOTION in Limine *to Exclude the Testimony of Perry J. Saidman..* Document filed by Diageo North America, Inc.. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 1 to Exhibit 3, # [5](#) Exhibit 2 to Exhibit 3, # [6](#) Exhibit 3 to Exhibit 3, # [7](#) Exhibit 4 to Exhibit 3, # [8](#) Exhibit 5 to Exhibit 3, # [9](#) Exhibit 6 to Exhibit 3, # [10](#) Exhibit 4, # [11](#) Exhibit 5, # [12](#) Exhibit 6, # [13](#) Exhibit 7).(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | [217](#) | DECLARATION of Michael Grow in Support re: [215](#) MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Glenn May..* Document filed by W.J. |

| | | Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Grow, Michael) (Entered: 12/16/2020) |
|---|---|---|
| 12/16/2020 | 218 | MEMORANDUM OF LAW in Support re: 215 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Glenn May*. . Document filed by W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 12/16/2020) |
| 12/16/2020 | 219 | DECLARATION of Michael Grow in Support re: 213 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Phillip Hampton*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 01, # 2 Exhibit 02, # 3 Exhibit 03, # 4 Exhibit 04, # 5 Exhibit 05, # 6 Exhibit 06, # 7 Exhibit 07, # 8 Exhibit 08, # 9 Exhibit 09, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17).(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | 220 | MEMORANDUM OF LAW in Support re: 213 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Phillip Hampton*. . Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | 221 | MOTION to Seal *Exhibits 1 and 2 of Michael Grow's Declaration in Support of the Motion to Exclude Diageo's Expert Phillip Hampton*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Text of Proposed Order).(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | 222 | MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Bryan Van Uden*. Document filed by W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 12/16/2020) |
| 12/16/2020 | 223 | DECLARATION of Michael Grow in Support re: 222 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Bryan Van Uden*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13).(Grow, Michael) (Entered: 12/16/2020) |
| 12/16/2020 | 224 | MEMORANDUM OF LAW in Support re: 222 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Bryan Van Uden*. . Document filed by W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 12/16/2020) |
| 12/16/2020 | 225 | MOTION to Seal *Exhibits 6, 11, 12, and 13 of Michael Grow's Declaration in Support of the Motion to Exclude Diageo's Expert Bryan Van Uden*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Text of Proposed Order).(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | 226 | MOTION to Seal *Exhibit 1 of Michael Grow's Declaration in Support of the Motion to Exclude Diageo's Expert Glenn May*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Text of Proposed Order).(Korotkin, Lindsay) (Entered: 12/16/2020) |
| 12/16/2020 | 227 | MOTION in Limine *to Exclude Certain Testimony of Gary D. Krugman*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 228 | MEMORANDUM OF LAW in Support re: 227 MOTION in Limine *to Exclude Certain Testimony of Gary D. Krugman*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 229 | DECLARATION of Gianni P. Servodidio in Support re: 227 MOTION in Limine *to Exclude Certain Testimony of Gary D. Krugman*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 1 to Exhibit 2, # 4 Exhibit 2 to Exhibit 2, # 5 Exhibit 3 to Exhibit 2, # 6 Exhibit 4 to Exhibit 2, # 7 Exhibit 5 to Exhibit 2, # 8 Exhibit 6 to Exhibit 2, # 9 Exhibit 3, # 10 Exhibit 4, # 11 Exhibit A (Part 1) to Exhibit 4, # 12 Exhibit A (Part 2) to Exhibit 4, # 13 Exhibit A (Part 3) to Exhibit 4, # 14 Exhibit B to Exhibit 4, # 15 Exhibit C to Exhibit 4, # 16 Exhibit D to Exhibit 4, # 17 Exhibit E to Exhibit 4, # 18 Exhibit F to Exhibit 4, # 19 Exhibit G to Exhibit 4, # 20 Exhibit H to Exhibit 4, # 21 Exhibit I to Exhibit 4, # 22 Exhibit J to Exhibit 4, # 23 Exhibit K to Exhibit 4, # 24 Exhibit L to Exhibit 4, # 25 |

| | | |
|---|---|---|
| | | Exhibit M to Exhibit 4, # 26 Exhibit N to Exhibit 4, # 27 Amended Exhibit A (Part 1) to Exhibit 4, # 28 Amended Exhibit A (Part 2) to Exhibit 4, # 29 Amended Exhibit A (Part 3) to Exhibit 4, # 30 Amended Exhibit A (Part 4) to Exhibit 4, # 31 Amended Exhibit A (Part 5) to Exhibit 4, # 32 Exhibit 5, # 33 Exhibit 6, # 34 Exhibit 7, # 35 Exhibit 8).(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 230 | MOTION in Limine *to Exclude Certain Testimony of C. Drew DeSarno*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 231 | MEMORANDUM OF LAW in Support re: 230 MOTION in Limine *to Exclude Certain Testimony of C. Drew DeSarno*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 232 | DECLARATION of Jacob D. Alderdice in Support re: 230 MOTION in Limine *to Exclude Certain Testimony of C. Drew DeSarno*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6).(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 233 | MOTION in Limine *to Exclude the Testimony of Matthew G. Ezell*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 234 | MEMORANDUM OF LAW in Support re: 233 MOTION in Limine *to Exclude the Testimony of Matthew G. Ezell*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 235 | DECLARATION of Gianni P. Servodidio in Support re: 233 MOTION in Limine *to Exclude the Testimony of Matthew G. Ezell*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Appendix A to Exhibit 1, # 3 Appendix B to Exhibit 1, # 4 Appendix C to Exhibit 1, # 5 Appendix D to Exhibit 1, # 6 Appendix E (Part 1) to Exhibit 1, # 7 Appendix E (Part 2) to Exhibit 1, # 8 Appendix E (Part 3) to Exhibit 1, # 9 Appendix E (Part 4) to Exhibit 1, # 10 Appendix E (Part 5) to Exhibit 1, # 11 Appendix E (Part 6) to Exhibit 1, # 12 Exhibit 2, # 13 Exhibit A (Part 1) to Exhibit 2, # 14 Exhibit A (Part 2) to Exhibit 2, # 15 Exhibit A (Part 3) to Exhibit 2, # 16 Exhibit B to Exhibit 2, # 17 Exhibit C to Exhibit 2, # 18 Exhibit D to Exhibit 2, # 19 Exhibit 3, # 20 Exhibit 4, # 21 Exhibit 5, # 22 Exhibit 6, # 23 Exhibit 7, # 24 Exhibit 8, # 25 Exhibit 9, # 26 Exhibit 10, # 27 Exhibit 11).(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 236 | MOTION in Limine *to Exclude Certain Testimony of Michael Rappeport*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 237 | MEMORANDUM OF LAW in Support re: 236 MOTION in Limine *to Exclude Certain Testimony of Michael Rappeport*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/16/2020 | 238 | DECLARATION of Gianni P. Servodidio in Support re: 236 MOTION in Limine *to Exclude Certain Testimony of Michael Rappeport*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Appendix A to Exhibit 1, # 3 Appendix B to Exhibit 1, # 4 Appendix C to Exhibit 1, # 5 Appendix D to Exhibit 1, # 6 Appendix E (Part 1) to Exhibit 1, # 7 Appendix E (Part 2) to Exhibit 1, # 8 Appendix E (Part 3) to Exhibit 1, # 9 Appendix E (Part 4) to Exhibit 1, # 10 Appendix E (Part 5) to Exhibit 1, # 11 Appendix E (Part 6) to Exhibit 1, # 12 Exhibit 2).(Servodidio, Gianni) (Entered: 12/16/2020) |
| 12/28/2020 | 239 | ORDER denying 211 Motion to Seal; denying 221 Motion to Seal; denying 226 Motion to Seal. Defendants move to file several exhibits to their motions in limine under seal: Martin Jones's Expert Report (Dkt. 211), Phillip Hampton, II's Expert and Rebuttal Reports (Dkt. 221), Glenn May's Rebuttal Report (Dkt. 226), and Bryan Van Uden's Deposition Transcript and three Redemption financial documents (Dkt. 225). The public right to access judicial documents is "firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The documents at issue are "relevant to the performance of the judicial function and useful in the judicial process" of deciding defendants' motions in limine, so the public has a right to access them. See Id. at 119. And the mere existence of a protective order calling for the sealing of documents designated confidential provides no support for "specific, on–the–record findings that sealing is necessary to preserve higher values...."See Id. at 124. Accordingly, defendants ' motions to file under seal are |

| | | |
|---|---|---|
| | | denied. Defendants must forthwith publicly file in unredactedform the exhibits they previously filed under seal. So ordered. (Signed by Judge Louis L. Stanton on 12/28/2020) (nb) (Entered: 12/28/2020) |
| 01/12/2021 | 240 | DECLARATION of Michael Grow in Opposition re: 233 MOTION in Limine *to Exclude the Testimony of Matthew G. Ezell*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15).(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 241 | MEMORANDUM OF LAW in Opposition re: 233 MOTION in Limine *to Exclude the Testimony of Matthew G. Ezell*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 242 | DECLARATION of Michael Grow in Opposition re: 236 MOTION in Limine *to Exclude Certain Testimony of Michael Rappeport*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4).(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 243 | MEMORANDUM OF LAW in Opposition re: 236 MOTION in Limine *to Exclude Certain Testimony of Michael Rappeport*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 244 | DECLARATION of Michael Grow in Opposition re: 230 MOTION in Limine *to Exclude Certain Testimony of C. Drew DeSarno*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4).(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 245 | MEMORANDUM OF LAW in Opposition re: 230 MOTION in Limine *to Exclude Certain Testimony of C. Drew DeSarno*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 246 | DECLARATION of Michael Grow in Opposition re: 212 MOTION in Limine *to Exclude the Testimony of Perry J. Saidman*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9).(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 247 | DECLARATION in Opposition re: 227 MOTION in Limine *to Exclude Certain Testimony of Gary D. Krugman*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 248 | MEMORANDUM OF LAW in Opposition re: 227 MOTION in Limine *to Exclude Certain Testimony of Gary D. Krugman*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 249 | MEMORANDUM OF LAW in Opposition re: 212 MOTION in Limine *to Exclude the Testimony of Perry J. Saidman*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/12/2021) |
| 01/12/2021 | 250 | MEMORANDUM OF LAW in Opposition re: 215 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Glenn May*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/12/2021 | 251 | DECLARATION of Jacob D. Alderdice in Opposition re: 215 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Glenn May*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/12/2021 | 252 | MEMORANDUM OF LAW in Opposition re: 222 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Bryan Van Uden*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/12/2021) |

| 01/12/2021 | 253 | DECLARATION of Gianni P. Servodidio in Opposition re: 222 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Bryan Van Uden*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8).(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/12/2021 | 254 | MEMORANDUM OF LAW in Opposition re: 205 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Hal Poret*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/12/2021 | 255 | DECLARATION of Gianni P. Servodidio in Opposition re: 205 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Hal Poret*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4).(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/12/2021 | 256 | DECLARATION of Hal Poret in Opposition re: 205 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Hal Poret*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1).(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/12/2021 | 257 | MEMORANDUM OF LAW in Opposition re: 208 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Martin Jones*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/12/2021 | 258 | DECLARATION of Jacob D. Alderdice in Opposition re: 208 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Martin Jones*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/12/2021 | 259 | MEMORANDUM OF LAW in Opposition re: 213 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Phillip Hampton*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/12/2021 | 260 | DECLARATION of Gianni P. Servodidio in Opposition re: 213 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Phillip Hampton*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4).(Servodidio, Gianni) (Entered: 01/12/2021) |
| 01/26/2021 | 261 | DECLARATION of Michael Grow in Support re: 213 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Phillip Hampton*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17).(Graff, Howard) (Entered: 01/26/2021) |
| 01/26/2021 | 262 | DECLARATION of Lindsay Korotkin in Support re: 208 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Martin Jones*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Graff, Howard) (Entered: 01/26/2021) |
| 01/26/2021 | 263 | DECLARATION of Michael Grow in Support re: 215 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Glenn May*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Graff, Howard) (Entered: 01/26/2021) |
| 01/26/2021 | 264 | DECLARATION of Michael Grow in Support re: 222 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Bryan Van Uden*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13).(Graff, Howard) (Entered: 01/26/2021) |
| 01/26/2021 | 265 | REPLY MEMORANDUM OF LAW in Support re: 230 MOTION in Limine *to Exclude Certain Testimony of C. Drew DeSarno*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/26/2021) |

| 01/26/2021 | 266 | DECLARATION of Jacob D. Alderdice in Support re: 230 MOTION in Limine *to Exclude Certain Testimony of C. Drew DeSarno.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Servodidio, Gianni) (Entered: 01/26/2021) |
|---|---|---|
| 01/26/2021 | 267 | REPLY MEMORANDUM OF LAW in Support re: 233 MOTION in Limine *to Exclude the Testimony of Matthew G. Ezell*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/26/2021) |
| 01/26/2021 | 268 | DECLARATION of Gianni P. Servodidio in Support re: 233 MOTION in Limine *to Exclude the Testimony of Matthew G. Ezell.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6).(Servodidio, Gianni) (Entered: 01/26/2021) |
| 01/26/2021 | 269 | REPLY MEMORANDUM OF LAW in Support re: 212 MOTION in Limine *to Exclude the Testimony of Perry J. Saidman*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/26/2021) |
| 01/26/2021 | 270 | DECLARATION of Jacob D. Alderdice in Support re: 212 MOTION in Limine *to Exclude the Testimony of Perry J. Saidman.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1).(Servodidio, Gianni) (Entered: 01/26/2021) |
| 01/26/2021 | 271 | REPLY MEMORANDUM OF LAW in Support re: 227 MOTION in Limine *to Exclude Certain Testimony of Gary D. Krugman*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/26/2021) |
| 01/26/2021 | 272 | DECLARATION of Gianni P. Servodidio in Support re: 227 MOTION in Limine *to Exclude Certain Testimony of Gary D. Krugman.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1).(Servodidio, Gianni) (Entered: 01/26/2021) |
| 01/26/2021 | 273 | REPLY MEMORANDUM OF LAW in Support re: 236 MOTION in Limine *to Exclude Certain Testimony of Michael Rappeport*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 01/26/2021) |
| 01/26/2021 | 274 | DECLARATION of Gianni P. Servodidio in Support re: 236 MOTION in Limine *to Exclude Certain Testimony of Michael Rappeport.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Servodidio, Gianni) (Entered: 01/26/2021) |
| 01/26/2021 | 275 | DECLARATION of Michael Grow in Support re: 205 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Hal Poret.*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1).(Graff, Howard) (Entered: 01/26/2021) |
| 01/26/2021 | 276 | REPLY MEMORANDUM OF LAW in Support re: 205 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Hal Poret*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/26/2021) |
| 01/26/2021 | 277 | REPLY MEMORANDUM OF LAW in Support re: 208 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Martin Jones*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/26/2021) |
| 01/26/2021 | 278 | DECLARATION of Michael Grow in Support re: 222 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Bryan Van Uden.*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4).(Graff, Howard) (Entered: 01/26/2021) |
| 01/26/2021 | 279 | REPLY MEMORANDUM OF LAW in Support re: 222 MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Bryan Van Uden*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/26/2021) |
| 01/26/2021 | 280 | DECLARATION of Michael Grow in Support re: 213 MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Phillip Hampton.*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Graff, Howard) (Entered: 01/26/2021) |

| 01/26/2021 | [281](#) | REPLY MEMORANDUM OF LAW in Support re: [213](#) MOTION in Limine *to Exclude Plaintiff/Counterclaim Defendant's Expert Phillip Hampton.* . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/26/2021) |
|---|---|---|
| 01/26/2021 | [282](#) | REPLY MEMORANDUM OF LAW in Support re: [215](#) MOTION in Limine *Defendants/Counterclaim Plaintiffs' Notice of Motion To Exclude Plaintiff/Counterclaim Defendant's Expert Glenn May.* . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 01/26/2021) |
| 02/02/2021 | [283](#) | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc...(Alderdice, Jacob) (Entered: 02/02/2021) |
| 02/08/2021 | [284](#) | JOINT STIPULATION AND SCHEDULING EXTENSION: IT IS HEREBY STIPULATED AND AGREED that the parties' deadline for filing all pre–trial materials with the Court, including the consolidated pretrial order and each party 's trial brief on contested issues of law, requests to charge, proposed voir dire, and copies of experts ' sworn statements attaching their reports, will be extended to April 21, 2021. The date for the Final Pre–Trial Conference will be extended, at the Court' s convenience, to May 14, 2021. This is the parties ' first request for an extension of the schedule for filing pre–trial materials. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals., (Pretrial Order due by 4/21/2021.) (Signed by Judge Louis L. Stanton on 2/8/2021) (nb) (Entered: 02/08/2021) |
| 02/09/2021 | [285](#) | IN LIMINE ORDER: denying [205](#) Motion in Limine; denying [208](#) Motion in Limine; denying [212](#) Motion in Limine; denying [213](#) Motion in Limine; denying [215](#) Motion in Limine; denying [222](#) Motion in Limine; denying [225](#) Motion to Seal; denying [227](#) Motion in Limine; denying [230](#) Motion in Limine; denying [233](#) Motion in Limine; denying [236](#) Motion in Limine: that both sides' motions to exclude the other's experts are denied. (Signed by Judge Louis L. Stanton on 2/9/2021) (ml) (Entered: 02/09/2021) |
| 02/23/2021 | [286](#) | MOTION for Zachary D. Smith to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–24054676. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by W.J. Deutsch & Sons Ltd...(Smith, Zachary) (Entered: 02/23/2021) |
| 02/24/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. [286](#) MOTION for Zachary D. Smith to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–24054676. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 02/24/2021) |
| 03/12/2021 | [287](#) | ORDER FOR ADMISSION PRO HAC VICE granting [286](#) Motion for Zachary D. Smith to Appear Pro Hac Vice. (Signed by Judge Louis L. Stanton on 3/12/2021) (nb) (Entered: 03/12/2021) |
| 04/07/2021 | [288](#) | PROPOSED STIPULATION AND ORDER. Document filed by Diageo North America, Inc...(Alderdice, Jacob) (Entered: 04/07/2021) |
| 04/08/2021 | [289](#) | JOINT STIPULATION AND SCHEDULING EXTENSION: IT IS HEREBY STIPULATED AND AGREED that the parties' deadline for filing all pre–trial materials with the Court, including the consolidated pretrial order and each party's trial brief on contested issues of law, requests to charge, proposed voir dire, and copies of experts' sworn statements attaching their reports, will be extended to June 18, 2021. The parties will file motions in limine at any time prior to the date for the filing of the consolidated pre–trial order and other materials. The parties will contact the Court by June 30, 2021 for the scheduling of the Final Pre–Trial Conference and Trial. This is the parties' second request for an extension of the schedule for filing pre–trial materials. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. SO ORDERED., (Pretrial Order due by 6/18/2021.) (Signed by Judge Louis L. Stanton on 4/8/2021) (nb) (Entered: 04/08/2021) |
| 06/18/2021 | [290](#) | MOTION in Limine *to Overrule Specious Objections to Liquor Bottles*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/18/2021) |

| 06/18/2021 | <u>291</u> | JOINT PRELIMINARY TRIAL REPORT. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Schedule 1, # <u>2</u> Schedule 2, # <u>3</u> Schedule 3).(Servodidio, Gianni) (Entered: 06/18/2021) |
|---|---|---|
| 06/18/2021 | <u>292</u> | DECLARATION of Michael Grow in Support re: <u>290</u> MOTION in Limine *to Overrule Specious Objections to Liquor Bottles.*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6).(Graff, Howard) (Entered: 06/18/2021) |
| 06/18/2021 | <u>293</u> | DECLARATION of Glenn May *Regarding Trial Testimony*. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2).(Servodidio, Gianni) (Entered: 06/18/2021) |
| 06/18/2021 | <u>294</u> | MEMORANDUM OF LAW in Support re: <u>290</u> MOTION in Limine *to Overrule Specious Objections to Liquor Bottles*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/18/2021) |
| 06/18/2021 | <u>295</u> | DECLARATION of Bryan M. Van Uden *Regarding Trial Testimony*. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2).(Servodidio, Gianni) (Entered: 06/18/2021) |
| 06/18/2021 | <u>296</u> | DECLARATION of Martin A. Jones *Regarding Trial Testimony*. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 1.1, # <u>3</u> Exhibit 1.2, # <u>4</u> Exhibit 2).(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>297</u> | DECLARATION of Robert F. Reilly *Regarding Trial Testimony*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | <u>298</u> | DECLARATION of Gary Krugman *Regarding Trial Testimony*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | <u>299</u> | DECLARATION of Michael Rappeport *Regarding Trial Testimony*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | <u>300</u> | DECLARATION of Thomas Sooy *Regarding Trial Testimony*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | <u>301</u> | DECLARATION of Perry J. Saidman *Regarding Trial Testimony*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | <u>302</u> | DECLARATION of C. Drew DeSarno *Regarding Trial Testimony*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | <u>303</u> | DECLARATION of Matthew G. Ezell *Regarding Trial Testimony*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | <u>304</u> | DECLARATION of Hal Poret *Regarding Trial Testimony*. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 1.1, # <u>3</u> Exhibit 1.2, # <u>4</u> Exhibit 1.3, # <u>5</u> Exhibit 1.4, # <u>6</u> Exhibit 1.5, # <u>7</u> Exhibit 1.5.1, # <u>8</u> Exhibit 1.5.2, # <u>9</u> Exhibit 1.5.3, # <u>10</u> Exhibit 1.5.4, # <u>11</u> Exhibit 1.5.5, # <u>12</u> Exhibit 2, # <u>13</u> Exhibit 2.1).(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>305</u> | MOTION in Limine *No. 6 to Exclude Evidence of the Berlin Patent Applications*. Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | <u>306</u> | MOTION in Limine *to Preclude Evidence of Damages Other Than An Equitable Accounting of Defendant's Profits*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | <u>307</u> | DECLARATION of Michael Grow in Support re: <u>306</u> MOTION in Limine *to Preclude Evidence of Damages Other Than An Equitable Accounting of Defendant's Profits*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11).(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | <u>308</u> | MEMORANDUM OF LAW in Support re: <u>306</u> MOTION in Limine *to Preclude Evidence of Damages Other Than An Equitable Accounting of Defendant's Profits*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |

| 06/19/2021 | 309 | MOTION in Limine *to Preclude Improper "Industry Standards" Evidence*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
|---|---|---|
| 06/19/2021 | 310 | DECLARATION of Michael Grow in Support re: 309 MOTION in Limine *to Preclude Improper "Industry Standards" Evidence*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1).(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 311 | MEMORANDUM OF LAW in Support re: 309 MOTION in Limine *to Preclude Improper "Industry Standards" Evidence*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 312 | DECLARATION of Philip G. Hampton, II *Regarding Trial Testimony*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 1.1, # 3 Exhibit 1.2, # 4 Exhibit 1.3, # 5 Exhibit 1.4, # 6 Exhibit 1.5 (Part 1), # 7 Exhibit 1.5 (Part 2), # 8 Exhibit 6, # 9 Exhibit 2, # 10 Exhibit 3).(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | 313 | MOTION in Limine *to Preclude Evidence of Exclusive Rights in Specific Aspects of Bottle Design*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 314 | DECLARATION of Michael Grow in Support re: 305 MOTION in Limine *No. 6 to Exclude Evidence of the Berlin Patent Applications*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1–PX 085, # 2 Exhibit 2–PX 161, # 3 Exhibit 3–PX 260 part 1 of 3, # 4 Exhibit 3–PX 260 part 2 of 3, # 5 Exhibit 3–PX 260 part 3 of 3, # 6 Exhibit 4–2021.01.12 – Dkt 246–4 Grow Decl Ex 04 Express Abandon).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 315 | PROPOSED JURY INSTRUCTIONS. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | 316 | MEMORANDUM OF LAW in Support re: 305 MOTION in Limine *No. 6 to Exclude Evidence of the Berlin Patent Applications*. . Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 317 | MOTION in Limine *DMIL08 Notice of Motion re Price Marketing*. Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 318 | PROPOSED VOIR DIRE QUESTIONS. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | 319 | DECLARATION of Michael Grow in Support re: 317 MOTION in Limine *DMIL08 Notice of Motion re Price Marketing*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1–2019.03.01 M. Jones Expert Report With Exhibits, # 2 Exhibit 2–M. Jones Dep Excerpts).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 320 | DECLARATION of Michael Grow in Support re: 313 MOTION in Limine *to Preclude Evidence of Exclusive Rights in Specific Aspects of Bottle Design*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8).(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 321 | MEMORANDUM OF LAW in Support re: 317 MOTION in Limine *DMIL08 Notice of Motion re Price Marketing*. . Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 322 | MEMORANDUM OF LAW in Support re: 313 MOTION in Limine *to Preclude Evidence of Exclusive Rights in Specific Aspects of Bottle Design*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 323 | TRIAL BRIEF . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | 324 | MOTION in Limine *DMIL09 Notice of Motion re Actual Confusion*. Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 325 | MOTION in Limine *to Preclude Improper Evidence of Kremer Boone Research*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |

| 06/19/2021 | 326 | DECLARATION of Michael Grow in Support re: 324 MOTION in Limine *DMIL09 Notice of Motion re Actual Confusion*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1 – 2021.06.08_Joint PTO with Diageo Proposed Findings of Fact, # 2 Exhibit 2 – PX 427 – 2018.09.25 Declaration of Morris Parker, # 3 Exhibit 3 – PX 425 – DIAGEO000078363, # 4 Exhibit 4 – PX 426 – DIAGEO000078364, # 5 Exhibit 5 – A. Schuler Deposition Excerpts).(Korotkin, Lindsay) (Entered: 06/19/2021) |
|---|---|---|
| 06/19/2021 | 327 | MEMORANDUM OF LAW in Support re: 324 MOTION in Limine *DMIL09 Notice of Motion re Actual Confusion*. . Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 328 | PROPOSED VOIR DIRE QUESTIONS. Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 329 | REQUEST TO CHARGE. Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 330 | TRIAL BRIEF . Document filed by W.J. Deutsch & Sons Ltd...(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 331 | MOTION in Limine *#1 for an Order Precluding Defendants' Reliance on Wholly Dissimilar Third−Party Bottles*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | 332 | MEMORANDUM OF LAW in Support re: 331 MOTION in Limine *#1 for an Order Precluding Defendants' Reliance on Wholly Dissimilar Third−Party Bottles*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | 333 | DECLARATION of Michael Grow in Support re: 325 MOTION in Limine *to Preclude Improper Evidence of Kremer Boone Research*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 14.1, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17).(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 334 | DECLARATION of Jacob D. Alderdice in Support re: 331 MOTION in Limine *#1 for an Order Precluding Defendants' Reliance on Wholly Dissimilar Third−Party Bottles*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | 335 | MEMORANDUM OF LAW in Support re: 325 MOTION in Limine *to Preclude Improper Evidence of Kremer Boone Research*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 336 | PROPOSED ORDER. Document filed by Diageo North America, Inc.. Related Document Number: 331 ..(Servodidio, Gianni) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 06/19/2021) |
| 06/19/2021 | 337 | MOTION in Limine *to Preclude Unreliable "Squirt" Survey Evidence*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 338 | DECLARATION of Michael Grow in Support re: 337 MOTION in Limine *to Preclude Unreliable "Squirt" Survey Evidence*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5).(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 339 | MOTION in Limine *#2 for an Order Precluding Defendants from Introducing Evidence of Certain Third−Party Bottles*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | 340 | MEMORANDUM OF LAW in Support re: 337 MOTION in Limine *to Preclude Unreliable "Squirt" Survey Evidence*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/19/2021) |
| 06/19/2021 | 341 | MEMORANDUM OF LAW in Support re: 339 MOTION in Limine *#2 for an Order Precluding Defendants from Introducing Evidence of Certain Third−Party Bottles*. . |

| | | Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
|---|---|---|
| 06/19/2021 | <u>342</u> | DECLARATION of Jacob D. Alderdice in Support re: <u>339</u> MOTION in Limine *#2 for an Order Precluding Defendants from Introducing Evidence of Certain Third–Party Bottles.*. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Exhibit 20, # <u>21</u> Exhibit 21, # <u>22</u> Exhibit 22, # <u>23</u> Exhibit 23, # <u>24</u> Exhibit 24, # <u>25</u> Exhibit 25, # <u>26</u> Exhibit 26 (Part 1), # <u>27</u> Exhibit 26 (Part 2), # <u>28</u> Exhibit 26 (Part 3), # <u>29</u> Exhibit 27 (Part 1), # <u>30</u> Exhibit 27 (Part 2), # <u>31</u> Exhibit 28, # <u>32</u> Exhibit 29, # <u>33</u> Exhibit 30).(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>343</u> | PROPOSED ORDER. Document filed by Diageo North America, Inc.. Related Document Number: <u>339</u> ..(Servodidio, Gianni) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 06/19/2021) |
| 06/19/2021 | <u>344</u> | MOTION in Limine *#3 for an Order Precluding Defendants from Introducing Belatedly Produced Cost Information.* Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>345</u> | MEMORANDUM OF LAW in Support re: <u>344</u> MOTION in Limine *#3 for an Order Precluding Defendants from Introducing Belatedly Produced Cost Information.*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>346</u> | DECLARATION of Gianni P. Servodidio in Support re: <u>344</u> MOTION in Limine *#3 for an Order Precluding Defendants from Introducing Belatedly Produced Cost Information.*. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9).(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>347</u> | PROPOSED ORDER. Document filed by Diageo North America, Inc.. Related Document Number: <u>344</u> ..(Servodidio, Gianni) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 06/19/2021) |
| 06/19/2021 | <u>348</u> | MOTION in Limine *#4 for an Order Precluding Defendants from Introducing Irrelevant and Prejudicial Evidence Concerning Non–Parties.* Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>349</u> | MEMORANDUM OF LAW in Support re: <u>348</u> MOTION in Limine *#4 for an Order Precluding Defendants from Introducing Irrelevant and Prejudicial Evidence Concerning Non–Parties.*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>350</u> | DECLARATION of Gianni P. Servodidio in Support re: <u>348</u> MOTION in Limine *#4 for an Order Precluding Defendants from Introducing Irrelevant and Prejudicial Evidence Concerning Non–Parties.*. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5).(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>351</u> | PROPOSED ORDER. Document filed by Diageo North America, Inc.. Related Document Number: <u>348</u> ..(Servodidio, Gianni) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 06/19/2021) |
| 06/19/2021 | <u>352</u> | MOTION in Limine *#5 for an Order Precluding Inadmissible Exhibits and Fact Witness Testimony.* Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>353</u> | MEMORANDUM OF LAW in Support re: <u>352</u> MOTION in Limine *#5 for an Order Precluding Inadmissible Exhibits and Fact Witness Testimony.*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/19/2021) |
| 06/19/2021 | <u>354</u> | DECLARATION of Gianni P. Servodidio in Support re: <u>352</u> MOTION in Limine *#5 for an Order Precluding Inadmissible Exhibits and Fact Witness Testimony.*. Document filed by Diageo North America, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> |

| | | Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14).(Servodidio, Gianni) (Entered: 06/19/2021) |
|---|---|---|
| 06/19/2021 | 355 | PROPOSED ORDER. Document filed by Diageo North America, Inc.. Related Document Number: 352 ..(Servodidio, Gianni) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 06/19/2021) |
| 06/19/2021 | 356 | JOINT PRELIMINARY TRIAL REPORT. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Schedule 1, # 2 Schedule 2, # 3 Schedule 3).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 357 | NOTICE of Filing re: 302 Declaration. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A–DeSarno Industry Expert Rebuttal Report).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 358 | NOTICE of Filing re: 297 Declaration. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A –Deutsch Rebuttal Report – Reilly).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 359 | NOTICE of Filing re: 299 Declaration. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A–2019.04.12 Rebuttal Report of Dr. Michael Rappeport, # 2 Rappeport Declaration–Oct 4, 2019).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 360 | NOTICE of Filing re: 300 Declaration. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A–Expert Report of Thomas E. Sooy).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 361 | NOTICE of Filing re: 301 Declaration. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A–Expert Report of Perry J. Saidman, # 2 Exhibit B–Rebuttal Expert Report of Perry J. Saidman).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 362 | NOTICE of Filing re: 303 Declaration. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A–Expert Report of Matthew G. Ezell, # 2 Exhibit A Survey Report, # 3 Exhibit A Appendix E survey data file, # 4 Exhibit A Appendix F omnibus data file, # 5 Exhibit B Publications, # 6 Exhibit C Trial and Deposition Testimony, # 7 Exhibit D Professional History, # 8 Exhibit B part 1 of 3 – Publications since 2011, # 9 B part 2 of 3 – Trial and Deposition Testimony since 2017, # 10 B part 3 of 3 – CV).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/19/2021 | 363 | NOTICE of Filing re: 298 Declaration, 229 Declaration in Support of Motion,,,,,. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit A–Expert Report of Gary D. Krugman, # 2 Exhibit B–Rebuttal Expert Report of Gary D. Krugman).(Korotkin, Lindsay) (Entered: 06/19/2021) |
| 06/21/2021 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 355 Proposed Order 347 Proposed Order 336 Proposed Order 351 Proposed Order 343 Proposed Order was reviewed and approved as to form. (km)** (Entered: 06/21/2021) |
| 06/23/2021 | 364 | PROPOSED STIPULATION AND ORDER. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 06/23/2021) |
| 06/23/2021 | 365 | NOTICE OF APPEARANCE by Allison N. Douglis on behalf of Diageo North America, Inc...(Douglis, Allison) (Entered: 06/23/2021) |
| 06/24/2021 | 366 | LETTER MOTION for Conference *(Telephone Status Conference)* addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated June 24, 2021. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/24/2021) |
| 06/28/2021 | 367 | LETTER MOTION for Leave to File Motion to Strike addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated June 28, 2021. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/28/2021) |
| 06/28/2021 | 368 | LETTER RESPONSE in Opposition to Motion addressed to Judge Louis L. Stanton from Michael A. Grow dated 6/28/2021 re: 367 LETTER MOTION for Leave to File Motion to Strike addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated June 28, 2021. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) |

| | | (Entered: 06/28/2021) |
|---|---|---|
| 06/29/2021 | 369 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated June 29, 2021 re: response to Defendants' opposition (ECF No. 368) to Diageo's request to strike five Motions in Limine already ruled on by this Court. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 06/29/2021) |
| 06/29/2021 | | Set/Reset Hearings: Status Conference set for 7/1/2021 at 03:30 PM before Judge Louis L. Stanton. The conference will be held by telephone on the following conference line: (877) 873–8017, access code 6143119. (ml) (Entered: 06/29/2021) |
| 06/30/2021 | 370 | JOINT STIPULATION AND SCHEDULING EXTENSION REGARDING MOTIONS IN LIMINE: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties' deadline for filing oppositions to the Motions In Limine is extended to July 16, 2021. Reply briefs will be due on August 6, 2021. This is the parties' first request for an extension of the schedule for filing oppositions and relies with respect to the Motions In Limine. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. (Responses due by 7/16/2021, Replies due by 8/6/2021.) (Signed by Judge Louis L. Stanton on 6/30/2021) (rro) (Entered: 06/30/2021) |
| 07/01/2021 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Telephonic Status Conference held on 7/1/2021. (Court Reporter Sharanda Jones) (ml) (Entered: 07/01/2021) |
| 07/01/2021 | 371 | ORDER: Diageo's application for leave to move to strike Deutsch's Motions in Limine is denied. Both parties' motions in limine listed in their June 23stipulation so–ordered by this Court on June 30 are denied without prejudice and with leave to renewal at trial, except for Diageo's Motions in Limine # 1, 3, and 4, and Deutsch's Motion in Limine # 4. Those will be dealt with as scheduled in the stipulation and order. (Signed by Judge Louis L. Stanton on 7/1/2021) (ml) (Entered: 07/01/2021) |
| 07/16/2021 | 372 | MEMORANDUM OF LAW in Opposition re: 313 MOTION in Limine *to Preclude Evidence of Exclusive Rights in Specific Aspects of Bottle Design.* . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 07/16/2021) |
| 07/16/2021 | 373 | DECLARATION of Gianni P. Servodidio in Opposition re: 313 MOTION in Limine *to Preclude Evidence of Exclusive Rights in Specific Aspects of Bottle Design.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31).(Servodidio, Gianni) (Entered: 07/16/2021) |
| 07/17/2021 | 374 | MEMORANDUM OF LAW in Opposition re: 331 MOTION in Limine *#1 for an Order Precluding Defendants' Reliance on Wholly Dissimilar Third–Party Bottles.* . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd...(Biderman, Eric) (Entered: 07/17/2021) |
| 07/17/2021 | 375 | MEMORANDUM OF LAW in Opposition re: 344 MOTION in Limine *#3 for an Order Precluding Defendants from Introducing Belatedly Produced Cost Information.* . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 07/17/2021) |
| 07/17/2021 | 376 | DECLARATION of Michael Grow in Opposition re: 331 MOTION in Limine *#1 for an Order Precluding Defendants' Reliance on Wholly Dissimilar Third–Party Bottles.*. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1–2021.05.15 Smith email re Diageo v Deutsch Exhibit List Objections, # 2 Exhibit 2–Diageo v Deutsch Stipulations for Deutsch Exhibits, # 3 Exhibit 3–DXT–012 Third Party Bottle Chart_July 16 2021, # 4 Exhibit 4–Bulleit and Redemption Bottle Comparison – 105 Differences, # 5 Exhibit 5– 2021.05.27 Alderdice email Re Diageo v Deutsch Exhibit List Objections).(Biderman, Eric) (Entered: 07/17/2021) |

| | | |
|---|---|---|
| 07/17/2021 | 377 | MEMORANDUM OF LAW in Opposition re: 348 MOTION in Limine *#4 for an Order Precluding Defendants from Introducing Irrelevant and Prejudicial Evidence Concerning Non–Parties.* . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd...(Biderman, Eric) (Entered: 07/17/2021) |
| 07/17/2021 | 378 | DECLARATION of Michael Grow in Opposition re: 348 MOTION in Limine *#4 for an Order Precluding Defendants from Introducing Irrelevant and Prejudicial Evidence Concerning Non–Parties.*. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1–DIAGEO000042290, # 2 Exhibit 2–2017 News Articles, # 3 Exhibit 3–Social Media Posts, # 4 Exhibit 4–2019 News Articles, # 5 Exhibit 5–2019.03.01 Van Uden Expert Report–HIGHLY CONFIDENTIAL, # 6 Exhibit 6–2019.05.29 Van Uden Bryan Depo Trans, # 7 Exhibit 7– Bulleit and Redemption Bottle Comparison).(Biderman, Eric) (Entered: 07/17/2021) |
| 07/17/2021 | 379 | DECLARATION of Michael Grow in Opposition re: 344 MOTION in Limine *#3 for an Order Precluding Defendants from Introducing Belatedly Produced Cost Information.*. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit Ex 1–DFWS00085279, # 2 Exhibit Ex 2–2018.11.30 Deutsch Responses and Objections to Diageo First Interrogatories, # 3 Exhibit Ex 3–12–20–2018 Ltr. from G. Servodidio re Defs ROG responses, # 4 Exhibit Ex 4–2019.05.30 Reilly deposition excerpt, # 5 Exhibit Ex 5–2019.01.28 Korotkin email to Servodidio, # 6 Exhibit Ex 6– 2–1–19 RE Diageo v. Deutsch CV 117 –04269, # 7 Exhibit Ex 7– 2019.02.05 Diageo follow up Diageo Deutsch Meet and Confer, # 8 Exhibit Ex 8– 2019.02.08 Ds to Diageo Diageo Deutsch Meet and Confer, # 9 Exhibit Ex. 9 – Video Deposition of Bryan M, Van Uden dated May 29, 2019).(Grow, Michael) (Entered: 07/17/2021) |
| 07/17/2021 | 380 | RESPONSE to Motion re: 331 MOTION in Limine *#1 for an Order Precluding Defendants' Reliance on Wholly Dissimilar Third–Party Bottles.*, 348 MOTION in Limine *#4 for an Order Precluding Defendants from Introducing Irrelevant and Prejudicial Evidence Concerning Non–Parties.*, 344 MOTION in Limine *#3 for an Order Precluding Defendants from Introducing Belatedly Produced Cost Information. Michael Grow Affirmation of ECF Technical Difficulty.* Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 07/17/2021) |
| 07/22/2021 | 381 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated July 22, 2021 re: the parties' efforts to schedule a firm date for trial. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 07/22/2021) |
| 07/22/2021 | 382 | LETTER addressed to Judge Louis L. Stanton from Michael A. Grow dated 7/22/2021 re: Trial Start Date. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 07/22/2021) |
| 08/06/2021 | 383 | REPLY MEMORANDUM OF LAW in Support re: 331 MOTION in Limine *#1 for an Order Precluding Defendants' Reliance on Wholly Dissimilar Third–Party Bottles.* . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 08/06/2021) |
| 08/06/2021 | 384 | DECLARATION of Jacob D. Alderdice in Support re: 331 MOTION in Limine *#1 for an Order Precluding Defendants' Reliance on Wholly Dissimilar Third–Party Bottles.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Servodidio, Gianni) (Entered: 08/06/2021) |
| 08/06/2021 | 385 | REPLY MEMORANDUM OF LAW in Support re: 344 MOTION in Limine *#3 for an Order Precluding Defendants from Introducing Belatedly Produced Cost Information.* . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 08/06/2021) |
| 08/06/2021 | 386 | DECLARATION of Gianni P. Servodidio in Support re: 344 MOTION in Limine *#3 for an Order Precluding Defendants from Introducing Belatedly Produced Cost Information.*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Servodidio, Gianni) (Entered: 08/06/2021) |
| 08/06/2021 | 387 | REPLY MEMORANDUM OF LAW in Support re: 348 MOTION in Limine *#4 for an Order Precluding Defendants from Introducing Irrelevant and Prejudicial Evidence Concerning Non–Parties.* . Document filed by Diageo North America, |

| | | Inc...(Servodidio, Gianni) (Entered: 08/06/2021) |
|---|---|---|
| 08/06/2021 | 388 | DECLARATION of Gianni P. Servodidio in Support re: 348 MOTION in Limine #4 *for an Order Precluding Defendants from Introducing Irrelevant and Prejudicial Evidence Concerning Non−Parties..* Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4).(Servodidio, Gianni) (Entered: 08/06/2021) |
| 08/06/2021 | 389 | REPLY MEMORANDUM OF LAW in Support re: 313 MOTION in Limine *to Preclude Evidence of Exclusive Rights in Specific Aspects of Bottle Design.* . Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 08/06/2021) |
| 08/19/2021 | 390 | ORDER granting 331 MOTION in Limine #1 for an Order Precluding Defendants' Reliance on Wholly Dissimilar Third−Party Bottles.; denying 344 MOTION in Limine #3 for an Order Precluding Defendants from Introducing Belatedly Produced Cost Information; granting 348 MOTION in Limine #4 for an Order Precluding Defendants from Introducing Irrelevant and Prejudicial Evidence Concerning Non−Parties; denying 313 MOTION in Limine to Preclude Evidence of Exclusive Rights in Specific Aspects of Bottle Design. Diageo's Motions in Limine Nos. 1, 3 and 4, and Deutsch's Motion in Limine No. 4, are resolved as follows: Diageo No. 1: Seventy or less bottles selected by defendants should be more than sufficient to show similarity. Diageo No. 3: Defendants' delay in production of costs seems substantially justified. Defendants must produce all the supporting material they will offer at trial by September 30 and plaintiff may take discovery respecting it by November 30. Diageo No. 4: There shall be no reference, direct or indirect, by any party, witness, lawyer, or person participating in this t rial, about Tom Bulleit's alleged misconduct, or publicity about it, in an opening statement, questioning of any witness, argument or address to the Court, offer of evidence, or at any time within the possible hearing of any juror. Any attempted, or effected, circumvention of this order may be punished as a contempt of court. Counsel must so instruct their witnesses. If there is an unexpected change of circumstance, counsel may apply in camera, after fair notice to their adversary. Deutsch No. 4: Denied. Arguments about functionality and generic design features are for a properly instructed jury. (Signed by Judge Louis L. Stanton on 8/19/2021) (jca) (Entered: 08/19/2021) |
| 09/05/2021 | 391 | TRANSCRIPT of Proceedings re: CONFERENCE held on 7/1/2021 before Judge Louis L. Stanton. Court Reporter/Transcriber: Sharonda Jones, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/27/2021. Redacted Transcript Deadline set for 10/6/2021. Release of Transcript Restriction set for 12/6/2021..(Moya, Goretti) (Entered: 09/05/2021) |
| 09/05/2021 | 392 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 7/1/21 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 09/05/2021) |
| 12/28/2021 | 393 | LETTER MOTION to Continue *for a 90−day adjournment* addressed to Judge Louis L. Stanton from Michael Grow dated December 28, 2021. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 12/28/2021) |
| 12/28/2021 | 394 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated December 28, 2021 re: Defendants' Letter Motion 393 . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 12/28/2021) |
| 01/04/2022 | 395 | ORDER granting 393 Letter Motion to Continue. Subject to the vicissitudes facing the parties and the court, such as the priorities given to criminal cases, and the necessary rulings by the Ad Hoc Committee on the Resumption of Jury Trials, the trial of this case will be scheduled for the earliest date available in April 2022. To facilitate the process of selection of a particular date, counsel are requested to inform the Court of their available and preferred April and May dates. (Signed by Judge Louis L. Stanton |

| | | |
|---|---|---|
| | | on 1/4/2022) (vfr) (Entered: 01/04/2022) |
| 02/08/2022 | | Magistrate Judge Jennifer Willis is so redesignated. (sjo) (Entered: 02/08/2022) |
| 03/23/2022 | 396 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated March 23, 2022 re: permission to bring certain physical exhibits into the Court beginning on the day before trial commences through its duration. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 03/23/2022) |
| 03/23/2022 | 397 | PROPOSED ORDER. Document filed by Diageo North America, Inc.. Related Document Number: 396 ..(Servodidio, Gianni) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 03/23/2022) |
| 03/23/2022 | 398 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated March 23, 2022 re: conference request. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 03/23/2022) |
| 03/24/2022 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 397 Proposed Order was reviewed and approved as to form. (km)** (Entered: 03/24/2022) |
| 03/25/2022 | 399 | ORDER: IT IS HEREBY ORDERED this 25th day of March that the parties' request to bring physical bottles, including alcoholic beverage bottles, into Court and the trial Courtroom for use as exhibits at trial is GRANTED. The bottles that may be brought into Court must be either empty or full and securely sealed. The parties shall take steps to ensure that all physical bottles are secured and locked when Court is not in session. The parties are permitted to bring said bottles into Court for use during trial beginning on Wednesday, May 11, 2022, and throughout the duration of the trial. (Signed by Judge Louis L. Stanton on 3/25/2022) (rro) (Entered: 03/25/2022) |
| 03/25/2022 | | Set/Reset Hearings: Status Conference set for 4/7/2022 at 02:30 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (ml) (Entered: 03/25/2022) |
| 04/07/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Status Conference held on 4/7/2022. (Court Reporter Carol Ganley) (ml) (Entered: 04/07/2022) |
| 04/11/2022 | 400 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated April 11, 2022 re: Permission to Bring Personal Electronic and General Purpose Computer Devices into the Court. Document filed by Diageo North America, Inc.. (Attachments: # 1 Proposed Order).(Servodidio, Gianni) (Entered: 04/11/2022) |
| 04/12/2022 | | Set/Reset Hearings: Discovery Hearing set for 4/22/2022 at 12:30 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (ml) (Entered: 04/12/2022) |
| 04/18/2022 | 401 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated April 18, 2022 re: Revised Devices Request. Document filed by Diageo North America, Inc.. (Attachments: # 1 Proposed Order).(Servodidio, Gianni) (Entered: 04/18/2022) |
| 04/19/2022 | 402 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/7/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Carol Ganley, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/10/2022. Redacted Transcript Deadline set for 5/20/2022. Release of Transcript Restriction set for 7/18/2022..(Moya, Goretti) (Entered: 04/19/2022) |
| 04/19/2022 | 403 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/7/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/19/2022) |
| 04/19/2022 | 404 | NOTICE OF APPEARANCE by Jacquellena T. Carrero on behalf of Diageo North America, Inc...(Carrero, Jacquellena) (Entered: 04/19/2022) |

| 04/20/2022 | 405 | LETTER addressed to Judge Louis L. Stanton from Michael A. Grow dated 4/20/2022 re: Permission to Bring Personal Electronic and General Purpose Computer Devices into the Court. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Proposed Order).(Cryan, Michael) (Entered: 04/20/2022) |
|---|---|---|
| 04/22/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Discovery Hearing held on 4/22/2022. (ml) (Entered: 05/06/2022) |
| 04/28/2022 | 406 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by W.J. Deutsch & Sons Ltd...(Biderman, Eric) (Entered: 04/28/2022) |
| 04/29/2022 | 407 | MEMO ENDORSEMENT on re: 406 Proposed Order for Withdrawal of Attorney filed by W.J. Deutsch & Sons Ltd. ENDORSEMENT: SO ORDERED. Attorney Eric Adam Biderman terminated. (Signed by Judge Louis L. Stanton on 4/29/2022) (rro) (Entered: 04/29/2022) |
| 05/03/2022 | 408 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated May 3, 2022 re: Revised Devices Request. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 05/03/2022) |
| 05/03/2022 | 409 | **FILING ERROR – ELECTRONIC FILING OF NON–ECF DOCUMENT –** PROPOSED ORDER. Document filed by Diageo North America, Inc.. Related Document Number: 408 ..(Servodidio, Gianni) **Proposed Order to be reviewed by Clerk's Office staff.** Modified on 5/3/2022 (km). (Entered: 05/03/2022) |
| 05/03/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING REJECTION OF PROPOSED ORDER TO BRING PERSONAL ELECTRONIC DEVICE(S) OR GENERAL PURPOSE COMPUTING DEVICE(S) INTO THE COURTHOUSES OF THE SDNY FOR USE IN A PROCEEDING OR TRIAL. Notice to Attorney Gianni Servodidio re: Document 409 Proposed Order, was rejected by the Clerk's Office for the following reason, the Order to Bring Personal Electronic Device(s) or General Purpose Computing Device(s) Into the Courthouses of the SDNY for Use in a Proceeding or Trial should not be electronically filed. Please download and review the Local Rules, Judge's Individual Rules of Practice and ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf–related–instructions.. (km)** (Entered: 05/03/2022) |
| 05/03/2022 | | Set/Reset Hearings: Final Pretrial Conference set for 5/9/2022 at 03:00 PM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (ml) (Entered: 05/03/2022) |
| 05/09/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Final Pretrial Conference held on 5/9/2022. (Court Reporter Rebecca Forman) (ml) (Entered: 06/08/2022) |
| 05/10/2022 | 410 | MOTION for Rachel Allison Remke to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number BNYSDC–26126289. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd...(Remke, Rachel) (Entered: 05/10/2022) |
| 05/10/2022 | 411 | ORDER FOR ADMISSION PRO HAC VICE granting 410 Motion for Rachel Remke to Appear Pro Hac Vice. (Signed by Judge Louis L. Stanton on 5/10/2022) (rro) (Entered: 05/10/2022) |
| 05/12/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial begun on 5/12/2022. (Court Reporter Steven Greenblum/Pamela Utters) (ml) (Entered: 05/18/2022) |
| 05/12/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Selection held on 5/12/2022. (Court Reporter Steven Greenblum/Pamela Utters) (ml) (Entered: 05/18/2022) |
| 05/13/2022 | 412 | JOINT STIPULATION RE: NON–OBJECTIONABLE TRIAL EXHIBITS: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties have agreed that the joint trial exhibits (TX), plaintiff exhibits (PX), and defendant exhibits (DX) in the attached Exhibit A are admitted into evidence. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. SO ORDERED. (Signed by Judge Louis L. Stanton on 5/12/2022) (rro) Modified on |

| | | |
|---|---|---|
| | | 5/18/2022 (rro). (Entered: 05/13/2022) |
| 05/13/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/13/2022. (Court Reporter Steven Greenblum/Pamela Utters) (ml) (Entered: 05/18/2022) |
| 05/16/2022 | 413 | JOINT STIPULATION RE: ADDITIONAL NON–OBJECTIONABLE TRIAL EXHIBITS: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties have agreed that the plaintiff exhibits (PX) and defendant exhibits (DX) in the attached Exhibit A are admitted into evidence. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. SO ORDERED. (Signed by Judge Louis L. Stanton on 5/16/2022) (va) (Entered: 05/17/2022) |
| 05/16/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/16/2022. (Court Reporter Steven Greenblum/Pamela Utters) (ml) (Entered: 05/18/2022) |
| 05/17/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/17/2022. (Court Reporter Steven Greenblum/Pamela Utters) (ml) (Entered: 05/18/2022) |
| 05/18/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/18/2022. (Court Reporter Steven Greenblum/Pamela Utters) (ml) (Entered: 05/19/2022) |
| 05/19/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/19/2022. (Court Reporter Steven Greenblum/Pamela Utters) (ml) (Entered: 05/20/2022) |
| 05/20/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/20/2022. (Court Reporter Steven Greenblum/Pamela Utters) (ml) (Entered: 05/23/2022) |
| 05/23/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/23/2022. (Court Reporter Pam Utter/Alena Lynch) (ml) (Entered: 05/23/2022) |
| 05/24/2022 | 414 | JOINT STIPULATION RE: WITHDRAWING NON–OBJECTIONABLE TRIAL EXHIBITS: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties have agreed that the defendant exhibits (DX) in the attached Exhibit A are withdraw from evidence. This Stipulation may be executed in counterparts with facsimile and/or email signatures treated as originals. SO STIPULATED. (Signed by Judge Louis L. Stanton on 5/24/2022) (rro) (Entered: 05/24/2022) |
| 05/24/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/24/2022. (Court Reporter Pam Utter/Alena Lynch) (ml) (Entered: 05/25/2022) |
| 05/25/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/25/2022. (Court Reporter Pam Utter/Alena Lynch) (ml) (Entered: 05/25/2022) |
| 05/26/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/26/2022. (Court Reporter Pam Utter/Alena Lynch) (ml) (Entered: 05/26/2022) |
| 05/27/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/27/2022. (Court Reporter Pam Utter/Rebecca Forman) (ml) (Entered: 05/31/2022) |
| 05/31/2022 | 415 | JOINT STIPULATION RE: ADMITTING NON–OBJECTIONABLE TRIAL EXHIBITS: Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that the parties have agreed that the above exhibits are admitted into evidence. SO ORDERED. (Signed by Judge Louis L. Stanton on 5/31/2022) (rro) (Entered: 05/31/2022) |
| 05/31/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial held on 5/31/2022. (Court Reporter Steven Greenblum/Pamela Utters) (ml) (Entered: 05/31/2022) |
| 06/01/2022 | | Minute Entry for proceedings held before Judge Louis L. Stanton: Jury Trial completed on 6/1/2022. (Court Reporter Steven Greenblum) (ml) (Entered: 06/02/2022) |

| 06/02/2022 | 416 | Jury Notes– Court Exhibit #1..(ml) (Entered: 06/02/2022) |
|---|---|---|
| 06/02/2022 | 417 | Jury Notes –Court Exhibit #2..(ml) (Entered: 06/02/2022) |
| 06/02/2022 | 418 | Jury Notes – Court Exhibit #3..(ml) (Entered: 06/02/2022) |
| 06/02/2022 | 419 | Jury Notes – Court exhibit #4..(ml) (Entered: 06/02/2022) |
| 06/02/2022 | 420 | JURY VERDICT..(ml) (Entered: 06/02/2022) |
| 06/03/2022 | 421 | ORDER: The parties' initial additional submissions, if any, under Rules 50(a) and 50(b) of the FRCP, along with the text proposed for any injunction, shall be made by July 1, 2022, with responses thereto by July 21, 2022 (Signed by Judge Louis L. Stanton on 6/3/2022) (ml) (Entered: 06/03/2022) |
| 06/15/2022 | 422 | TRANSCRIPT of Proceedings re: TRIAL held on 5/12/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 423 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/12/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 424 | TRANSCRIPT of Proceedings re: TRIAL held on 5/13/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 425 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/13/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 426 | TRANSCRIPT of Proceedings re: TRIAL held on 5/16/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 427 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/16/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 428 | TRANSCRIPT of Proceedings re: TRIAL held on 5/17/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. |

| | | |
|---|---|---|
| | | Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 429 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/17/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 430 | TRANSCRIPT of Proceedings re: TRIAL held on 5/18/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 431 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/18/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 432 | TRANSCRIPT of Proceedings re: TRIAL held on 5/19/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 433 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/19/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 434 | TRANSCRIPT of Proceedings re: TRIAL held on 5/20/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 435 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/20/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 436 | TRANSCRIPT of Proceedings re: TRIAL held on 5/23/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |

| | | |
|---|---|---|
| 06/15/2022 | 437 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/23/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 438 | TRANSCRIPT of Proceedings re: TRIAL held on 5/24/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 439 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/24/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 440 | TRANSCRIPT of Proceedings re: TRIAL held on 5/25/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 441 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/25/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 442 | TRANSCRIPT of Proceedings re: TRIAL held on 5/26/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 443 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/26/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 444 | TRANSCRIPT of Proceedings re: TRIAL held on 5/27/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 445 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/27/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar |

| | | |
|---|---|---|
| | | days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 446 | TRANSCRIPT of Proceedings re: TRIAL held on 5/31/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 447 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 5/31/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 448 | TRANSCRIPT of Proceedings re: TRIAL held on 6/1/2022 before Judge Louis L. Stanton. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/6/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/13/2022..(Moya, Goretti) (Entered: 06/15/2022) |
| 06/15/2022 | 449 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TRIAL proceeding held on 6/1/22 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 06/15/2022) |
| 07/01/2022 | 450 | MOTION for Permanent Injunction *Plaintiff Diageo North America, Inc.'s Notice of Motion for a Permanent Injunction*. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 07/01/2022) |
| 07/01/2022 | 451 | MEMORANDUM OF LAW in Support re: 450 MOTION for Permanent Injunction *Plaintiff Diageo North America, Inc.'s Notice of Motion for a Permanent Injunction*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 07/01/2022) |
| 07/01/2022 | 452 | PROPOSED ORDER. Document filed by Diageo North America, Inc.. Related Document Number: [450 and 451]..(Servodidio, Gianni) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 07/01/2022) |
| 07/01/2022 | 453 | NOTICE of Renewed Motion For Judgment As A Matter Of Law Or In The Alternative For A New Trial. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 07/01/2022) |
| 07/01/2022 | 454 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for Judgment as a Matter of Law *Or in the Alternative for a New Trial*. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) Modified on 7/7/2022 (kj). (Entered: 07/01/2022) |
| 07/01/2022 | 455 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** DECLARATION of Michael A. Grow in Support re: 454 MOTION for Judgment as a Matter of Law *Or in the Alternative for a New Trial*.. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7).(Graff, Howard) Modified on 7/7/2022 (kj). (Entered: 07/01/2022) |

| | | |
|---|---|---|
| 07/01/2022 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Howard Graff to RE–FILE Document 454 MOTION for Judgment as a Matter of Law *Or in the Alternative for a New Trial.*. Use the event type Replies, Opposition and Supporting Documents found under the event list Memorandum in Support. ***REMINDER*** MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE FOR A NEW TRIAL WAS NOT FILED. FIRST FILE THE MOTION, THEN LINK THE SUPPORTING DOCUMENTS TO THE MOTION.*** (kj) (Entered: 07/07/2022) |
| 07/01/2022 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Howard Graff to RE–FILE Document 455 Declaration in Support of Motion,. ERROR(S): Supporting document(s) was linked to a deficient filing (Doc.#454). Please refile once the Motion(s) is filed. (kj) (Entered: 07/07/2022) |
| 07/05/2022 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 452 Proposed Order was reviewed and approved as to form. (km) (Entered: 07/05/2022) |
| 07/07/2022 | 456 | MEMORANDUM OF LAW in Support re: 454 MOTION for Judgment as a Matter of Law *Or in the Alternative for a New Trial.* . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 07/07/2022) |
| 07/07/2022 | 457 | DECLARATION of Michael A. Grow in Support re: 454 MOTION for Judgment as a Matter of Law *Or in the Alternative for a New Trial.*. Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7).(Graff, Howard) (Entered: 07/07/2022) |
| 07/21/2022 | 458 | MEMORANDUM OF LAW in Opposition re: 454 MOTION for Judgment as a Matter of Law *Or in the Alternative for a New Trial*. / *Plaintiff Diageo North America, Inc.'s Opposition to Defendants'/Counterclaim Plaintiffs' Memorandum of Law in Support of Their Renewed Motion for Judgment as a Matter of Law or in the Alternative for a new Trial*. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit A).(Servodidio, Gianni) (Entered: 07/21/2022) |
| 07/21/2022 | 459 | MEMORANDUM OF LAW in Opposition re: 450 MOTION for Permanent Injunction / *Plaintiff Diageo North America, Inc.'s Notice of Motion for a Permanent Injunction*. . Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 07/21/2022) |
| 07/21/2022 | 460 | DECLARATION of Thomas Steffanci in Opposition re: 450 MOTION for Permanent Injunction / *Plaintiff Diageo North America, Inc.'s Notice of Motion for a Permanent Injunction*.. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 07/21/2022) |
| 07/21/2022 | 461 | DECLARATION of Anna Geller in Opposition re: 450 MOTION for Permanent Injunction / *Plaintiff Diageo North America, Inc.'s Notice of Motion for a Permanent Injunction*.. Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 07/21/2022) |
| 07/21/2022 | 462 | PROPOSED ORDER. Document filed by W.J. Deutsch & Sons Ltd.. Related Document Number: 459 ..(Graff, Howard) Proposed Order to be reviewed by Clerk's Office staff. (Entered: 07/21/2022) |
| 07/22/2022 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 462 Proposed Order was reviewed and approved as to form. (nd) (Entered: 07/22/2022) |
| 07/28/2022 | 463 | REPLY to Response to Motion re: 450 MOTION for Permanent Injunction / *Plaintiff Diageo North America, Inc.'s Notice of Motion for a Permanent Injunction*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 07/28/2022) |
| 07/28/2022 | 464 | LETTER addressed to Judge Louis L. Stanton from Michael A. Grow dated 7/28/2022 re: Plaintiff Diageo North America's filing of a Reply In Support of Its Motion For a Permanent Injunction. Document filed by W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 07/28/2022) |

| 07/29/2022 | 465 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated July 29, 2022 re: Defendants' letter dated July 28, 2022. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 07/29/2022) |
|---|---|---|
| 08/02/2022 | 466 | MEMO ENDORSEMENT on re: 464 Letter, filed by W.J. Deutsch & Sons Ltd. ENDORSEMENT: So Ordered. ( Replies due by 8/12/2022.) (Signed by Judge Louis L. Stanton on 8/2/2022) (rro) (Entered: 08/02/2022) |
| 08/12/2022 | 467 | REPLY MEMORANDUM OF LAW in Support re: 454 MOTION for Judgment as a Matter of Law *Or in the Alternative for a New Trial.* . Document filed by W.J. Deutsch & Sons Ltd...(Grow, Michael) (Entered: 08/12/2022) |
| 09/07/2022 | 468 | OPINION, ORDER & INJUNCTION re: 450 MOTION for Permanent Injunction */ Plaintiff Diageo North America, Inc.'s Notice of Motion for a Permanent Injunction.* filed by Diageo North America, Inc. Accordingly, IT IS HEREBY ORDERED THAT: Deutsch Family Wine & Spirits and Bardstown Barrrel Selections LLC, their agents, and any third parties who are in active concert or participation with the manufacture, sale, or promotion of Redemption who receive notice of this injunction are permanently restrained and enjoined nationwide from, directly or indirectly, manufacturing, selling, offering for sale, distributing, licensing, importing, exporting, advertising, promoting, displaying, or using in commerce, including in stores, online, and in physical, digital, or recorded advertisements or promotional materials, the Diluting Redemption Packaging at issue in this litigation and any other colorable imitation thereof, except for the product that on the date of entry of this Order has already been transferred to distributors, retail stores, bars, or restaurants. That product in the Redemption packaging that has been transferred by the date of entry of this Order may continue to be sold, but none thereafter. Defendants are directed to undertake a change to the Redemption glass bottle and packaging that will convey a substantially different commercial impression, but may retain those unchallenged aspects of the package like i) the brand name Redemption or terms such as "pre prohibition" or "rye revival;" ii) the label, other than its border; iii) the embossed rye "frond;" and iv) the concave back of the bottle. If defendants do not create a meaningfully changed Redemption Packaging, such that it cannot dilute the Bulleit trademark and trade dress, Deutsch may be directed to use its present upper–tier barrel–proof Redemption whiskey bottles, with only minor changes sufficient to signify that the bottle does not contain its present premium product. This Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation, enforcement, or modification of this Permanent Injunction. (Signed by Judge Louis L. Stanton on 9/7/2022) (rro) (Entered: 09/07/2022) |
| 09/08/2022 | 469 | MOTION to Stay *Injunction Pending Appeal.* Document filed by W.J. Deutsch & Sons Ltd...(Graff, Howard) (Entered: 09/08/2022) |
| 09/08/2022 | | Transmission to Orders and Judgments Clerk. Transmitted re: 468 Memorandum & Opinion to the Orders and Judgments Clerk..(rro) (Entered: 09/08/2022) |
| 09/09/2022 | 470 | CLERK'S JUDGMENT re: 468 Opinion & Order & Injunction. in favor of Diageo North America, Inc. against Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons set forth in the Court's Opinion Order & Injunction dated September 07, 2022, Deutsch Family Wine & Spirits and Bardstown Barrrel Selections LLC, their agents, and any third parties who are in active concert or participation with the manufacture, sale, or promotion of Redemption who receive notice of this injunction are permanently restrained and enjoined nationwide from, directly or indirectly, manufacturing, selling, offering for sale, distributing, licensing, importing, exporting, advertising, promoting, displaying, or using in commerce, including in stores, online, and in physical, digital, or recorded advertisements or promotional materials, the Diluting Redemption Packaging at issue in this litigation and any other colorable imitation thereof, except for the product that on the date of entry of this Order has already been transferred to distributors, retail stores, bars, or restaurants. That product in the Redemption packaging that has been transferred by the date of entry of this Order may continue to be sold, but none thereafter. Defendants are directed to undertake a change to the Redemption glass bottle and packaging that will convey a substantially different commercial impression, but may retain those unchallenged aspects of the package like i) the brand name Redemption or terms such as "pre prohibition" or "rye revival;" ii) the label, other than its border; iii) the embossed rye "frond;" and iv) the concave back |

|  |  | of the bottle. If defendants do not create a meaningfully changed Redemption Packaging, such that it cannot dilute the Bulleit trademark and trade dress, Deutsch may be directed to use its present upper–tier barrel–proof Redemption whiskey bottles, with only minor changes sufficient to signify that the bottle does not contain its present premium product. This Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation, enforcement, or modification of this Permanent Injunction. (Signed by Clerk of Court Ruby Krajick on 09/09/2022) (Attachments: # 1 Notice of Right to appeal) (nd) (Entered: 09/12/2022) |
|---|---|---|
| 09/12/2022 | 471 | AO 120 FORM TRADEMARK – CASE TERMINATED – SUBMITTED. In compliance with the provisions of 15 U.S.C. 1116, the Director of the U.S. Patent and Trademark Office is hereby advised that a final decision was rendered on 09/09/2022 in a court action filed on the following trademark(s) in the U.S. District Court Southern District of New York. Director of the U.S. Patent and Trademark Office electronically notified via Notice of Electronic Filing (NEF)..(nd) (Entered: 09/12/2022) |
| 09/12/2022 | 472 | LETTER MOTION to Expedite *Deutsch's Motion for Stay of Injunction Pending Appeal* addressed to Judge Louis L. Stanton from Michael S. Cryan dated 9/12/2022. Document filed by W.J. Deutsch & Sons Ltd...(Cryan, Michael) (Entered: 09/12/2022) |
| 09/13/2022 | 473 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated September 13, 2022 re: Defendants' letter dated September 12, 2022. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 09/13/2022) |
| 09/13/2022 | 474 | ORDER granting 472 Letter Motion to Expedite. Accordingly, to allow adequate time for defendants to make the requisite motion, the Permanent Injunction Order is stayed for fourteen days from issuance of this order, plus any additional time necessary for plaintiff to submit its opposition and the Court of Appeals to decide thematter. (Signed by Judge Louis L. Stanton on 9/13/2022) (rro) (Entered: 09/13/2022) |
| 09/14/2022 | 475 | NOTICE of Motion for Clarification of Permanent Injunction. Document filed by W.J. Deutsch & Sons Ltd...(Cryan, Michael) (Entered: 09/14/2022) |
| 09/14/2022 | 476 | MOTION Clarification *of Permanent Injunction*. Document filed by W.J. Deutsch & Sons Ltd...(Cryan, Michael) (Entered: 09/14/2022) |
| 09/14/2022 | 477 | MEMORANDUM OF LAW in Support re: 476 MOTION Clarification *of Permanent Injunction*. . Document filed by W.J. Deutsch & Sons Ltd.. (Attachments: # 1 Text of Proposed Order Proposed Order).(Cryan, Michael) (Entered: 09/14/2022) |
| 09/16/2022 | 478 | LETTER addressed to Judge Louis L. Stanton from Gianni P. Servodidio dated September 16, 2022 re: Defendants' motion for clarification. Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 09/16/2022) |
| 09/19/2022 | 479 | REPLY MEMORANDUM OF LAW in Support re: 476 MOTION Clarification *of Permanent Injunction*. . Document filed by W.J. Deutsch & Sons Ltd...(Cryan, Michael) (Entered: 09/19/2022) |
| 09/23/2022 | 480 | NOTICE OF APPEARANCE by Eric Roman on behalf of W.J. Deutsch & Sons Ltd...(Roman, Eric) (Entered: 09/23/2022) |
| 09/26/2022 | 481 | MEMORANDUM OF LAW in Opposition re: 476 MOTION Clarification *of Permanent Injunction*. . Document filed by Diageo North America, Inc...(Servodidio, Gianni) (Entered: 09/26/2022) |
| 09/26/2022 | 482 | DECLARATION of Edward Bello in Opposition re: 476 MOTION Clarification *of Permanent Injunction*.. Document filed by Diageo North America, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6).(Servodidio, Gianni) (Entered: 09/26/2022) |
| 09/26/2022 | 483 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** NOTICE OF APPEAL TO THE FEDERAL CIRCUIT. Form 7 and Form 22 are due within 14 days. Document filed by W.J. Deutsch & Sons Ltd.. Filing fee $ 505.00, receipt number ANYSDC–26732969..(Cryan, Michael) Modified on 9/26/2022 (nd). (Entered: 09/26/2022) |

| | | |
|---|---|---|
| 09/26/2022 | <u>484</u> | ORDER: IT IS HEREBY ORDERED this 26th day of Sept that the parties' request to bring physical bottles, including alcoholic beverage bottles, into Court and the Courtroom for use as exhibits during the September 27, 2022 conference is GRANTED. The bottles that may be brought into Court must be either empty or full and securely sealed. The parties are permitted to bring said bottles into Court for use on Tuesday, September 27, 2022. (Signed by Judge Louis L. Stanton on 9/26/2022) (rro) (Entered: 09/26/2022) |
| 09/26/2022 | <u>485</u> | **FILING ERROR – FILERS NOT SELECTED –** NOTICE OF APPEAL from <u>470</u> Clerk's Judgment,,,,,,,,,. Document filed by W.J. Deutsch & Sons Ltd.. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Cryan, Michael) Modified on 9/26/2022 (nd). (Entered: 09/26/2022) |
| 09/26/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Michael Cryan to RE–FILE Document No. <u>485</u> Notice of Appeal,.. The filing is deficient for the following reason(s): the filers were NOT selected for the appeal;. Re–file the appeal using the event type Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filers – select the correct order/judgment being appealed. (nd)** (Entered: 09/26/2022) |
| 09/26/2022 | <u>486</u> | NOTICE OF APPEAL from <u>470</u> Clerk's Judgment,,,,,,,,,. Document filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd.. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Cryan, Michael) Modified on 9/26/2022 (nd). (Entered: 09/26/2022) |
| 09/26/2022 | | Appeal Fee Paid electronically via Pay.gov: for <u>486</u> Notice of Appeal,. Filing fee $ 505.00. Pay.gov receipt number ANYSDC–26732969, paid on 09/26/2022..(nd) (Entered: 09/26/2022) |
| 09/26/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: <u>486</u> Notice of Appeal,..(nd) (Entered: 09/26/2022) |
| 09/26/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for <u>486</u> Notice of Appeal, filed by Bardstown Barrel Selections LLC, W.J. Deutsch & Sons Ltd. were transmitted to the U.S. Court of Appeals..(nd) (Entered: 09/26/2022) |

ORIGINAL

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

DIAGEO NORTH AMERICA, INC.,

               Plaintiff,

  - against -

W.J. DEUTSCH & SONS LTD. ET AL.,

               Defendants.

- - - - - - - - - - - - - - - - - -X

17 Civ. 4259 (LLS)

OPINION, ORDER
& INJUNCTION

This is a case about two spirits distributors, Diageo North America and Deutsch Family Wine & Spirits, who sell whiskey in similarly designed canteen-shaped, embossed bottles with a label placed on the lower portion. The central issue is whether the trademark and trade dress rights of Diageo in its Bulleit Bottle Packaging Design are violated by Deutsch's Redemption Bottle Packaging. After an approximately three-week trial, on June 1, 2022, the jury rendered its verdict finding, in part, that the Bulleit Packaging Design Mark and Trade Dress are valid, protectable, and famous, and that Deutsch's Redemption Bottle packaging diluted the Bulleit Packaging Design under federal and New York law. The jury did not consider damages because it found that Deutsch's dilution was not willful.

Diageo now seeks a permanent injunction to prevent Deutsch's further use of the diluting Redemption bottle design and packaging. Dkt. No. 450. Deutsch opposes that issuance and further moves for Judgment as a Matter of Law or in the Alternative for a New Trial. Dkt. No. 453. For the reasons

1

explained below, Diageo's motion for a permanent injunction is granted and Deutsch's motion for Judgment as a Matter of Law or a New Trial is denied.

**FACTS**

The Court assumes that the parties know the full extent of the facts and will only recapitulate what is necessary.

Following the close of evidence in Diageo's affirmative case, Deutsch moved under Federal Rule of Civil Procedure 50(a) "for judgment as a matter of law based on the plaintiff's failure to meet their burden of proof on any of the causes of action that they've asserted in this case." Trial Tr. 1077:2-5; see Deutsch's Memorandum of Law in Support of its Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(a) ("Deutsch is moving for judgment as a matter of law on all of Diageo's claims for relief because it has failed to meet its burden of proof."). Conversely, at the close of Deutsch's affirmative case on its counterclaims, Diageo moved orally under Rule 50(a) for dismissal as a matter of law "with respect to Deutsch's counterclaims in this case for fraud, abandonment, and functionality." Trial Tr. at 1823:24-1824:1. Deutsch opposed the motion. See Trial Tr. 1823:11-1828:9 (addressing only Diageo's Rule 50(a) motion for denial of Deutsch's counterclaims).

The Court reserved decision on both motions and the case was submitted to the jury. See Trial Tr. 1823:11–1828:9. The jury found that defendants were not liable for trade dress infringement or willful trade dress dilution but held Deutsch liable for trade dress dilution under both federal and New York law. Additionally, it found in Diageo's favor against Deutsch's counterclaims and affirmative defenses of functionality, abandonment, and fraud.

Accordingly, the Court ordered the parties to make any additional submissions under Rule 50 or for an injunction by July 21, 2022. Dkt. No. 421.

## DISCUSSION

### Renewed Motion for Judgment as a Matter of Law

In its renewed motion, Deutsch argues that it is entitled to judgment as a matter of law under Rule 50(b) denying Diageo's federal dilution claim, saying that the evidence at trial did not demonstrate that the Bulleit Trade Dress was famous or that it was famous prior to Deutsch's use of the Redemption Packaging, and that the evidence was insufficient to establish dilution by blurring. See Capri Sun GmbH v. Am. Beverage Corp., No. 19 CIV 1422, 2022 WL 976270, at *61 (S.D.N.Y. Mar. 31, 2022)("Federal trademark dilution claims require showing that '(1) the mark is famous; (2) defendant's use of the mark is made in commerce; (3) the defendant used the [junior] mark after the

3

[senior] mark is famous; and (4) the defendant's use of the mark is likely to dilute the quality of the mark by blurring or tarnishment.").

Deutsch similarly asserts that it is entitled to judgment as a matter of law denying Diageo's state dilution claim because there is insufficient evidence to show that the marks are similar. Id. at *64. ("Courts in the Second Circuit consider six factors to determine dilution by blurring under New York law: (i) the similarity of the marks; (ii) the similarity of the products covered; (iii) the sophistication of the consumers; (iv) the existence of predatory intent; (v) the renown of the senior mark; and (vi) the renown of the junior mark.).

Finally, Deutsch argues that it is entitled to judgment as a matter of law finding in favor of its counterclaims that the Bulleit Trademark and Trade Dress are invalid because they are functional, have been abandoned, and the trademark registration was obtained fraudulently.

**Legal Standards**

Under Rule 50(a), "before the submission of the case to the jury," a party may move for judgment as a matter of law, provided such motion "must specify the judgment sought and the law and the facts that entitle the movant to the judgment." F. R. Civ. P. 50(a)(2). The purpose behind Rule 50's strict timing and specificity requirements is "to give the claimant a fair

4

opportunity to cure the defects in proof that might otherwise preclude him from taking the case to the jury." Piesco v. Koch, 12 F.3d 332, 340 (2d Cir. 1993) (internal citation omitted); see also Tolbert v. Queens College, 242 F.3d 58, 76–77 (2d Cir. 2001) ("The motion must be sufficient to inform the opposing party of the precise issue as to which more evidence is needed in order to warrant its submission to the jury.").

After the jury returns its verdict, the motion may be renewed under Rule 50(b), but "only on grounds that were specifically articulated before submission of the case to the jury." Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 164 (2d Cir. 1998); Leniart v. Ellison, 761 F. App'x 47, 49 (2d Cir. 2019) (summary order) (citing Tolbert, 242 F.3d at 70) ("A party may renew the motion after an unfavorable verdict on the grounds specifically raised in the prior motion for judgment as a matter of law."). "[T]his procedural requirement may not be waived as a mere technicality." Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1155 (2d Cir. 1994). A Rule 50(b) motion that articulates new grounds for relief may be granted only to "prevent a manifest injustice in cases [w]here a jury's verdict is wholly without legal support." Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 129 (2d Cir. 1999) (alteration in original) (internal quotations omitted); Kirsch, 148 F.3d at 164 ("As to any issue on which no proper Rule 50(b)

5

motion was made, JMOL may not properly be granted by the
district court ... unless that action is required in order to
prevent manifest injustice.").

Under Rule 50(b), "[a] district court may grant judgment as
a matter of law only if it finds that 'a reasonable jury would
not have a legally sufficient evidentiary basis to find for the
[nonmoving] party.'" Triolo v. Nassau Cnty., 24 F.4th 98, 105
(2d Cir. 2022) (quoting Fed. R. Civ. P. 50(a)(1)). A court must
"'consider the evidence in the light most favorable to the party
against whom the motion was made and . . . give that party the
benefit of all reasonable inferences that the jury might have
drawn in [its] favor from the evidence.'" Knox v. John Varvatos
Enters. Inc., 512 F. Supp. 3d 470, 478 (S.D.N.Y. 2021) (quoting
Tolbert, 242 F.3d at 70). "In performing this function, a court
cannot 'assess the weight of conflicting evidence, pass on the
credibility of the witnesses, or substitute its judgment for
that of the jury, and must disregard all evidence favorable to
the moving party that the jury is not required to believe.'" Id.
(quoting Tolbert, 242 F.3d at 70). "The movant's burden is
'particularly heavy' where, as here, the 'jury has deliberated
in the case and actually returned its verdict.'" Triolo, 24
F.4th at 105 (quoting Cross v. N.Y.C. Transit Auth., 417
F.3d 241, 248 (2d Cir. 2005)).

**Deutsch's Counterclaims**

Deutsch alleges that it may move for Judgment as a Matter of Law under Rule 50(b) granting its counterclaims of functionality, abandonment, and fraud because it provided notice of such arguments and Diageo will not be prejudiced by the absence of formal notice in a 50(a) motion.  Dkt. No. 467 (Reply) at 16.

But, under Rule 50(a), Deutsch only moved against Diageo's claims of dilution under federal and state law, claim of Deceptive Acts and Practices under state law, claims to any monetary relief, and claims of trademark infringement under federal and common law. See Deutsch's Memorandum of Law in Support of its Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(a). Deutsch did not move for judgment as a matter of law granting its counterclaims.

A "Rule 50(a) motion requesting judgment as a matter of law on one ground but omitting another is insufficient to preserve a JMOL argument based on the latter." Lore v. City of Syracuse, 670 F.3d 127, 152 (2d Cir. 2012). Accordingly, Deutsch's 50(b) motion granting its counterclaims can be granted only if necessary to prevent manifest injustice. Id. ("As to any issue on which proper Rule 50 motions were not made, JMOL may not properly be granted by the district court, or upheld on appeal, or ordered by the appellate court unless that action is required in order to prevent manifest injustice.") No manifest injustice

requires the granting of defendants' motion. Therefore, Deutsch's Rule 50(b) motion for granting its counterclaims of functionality, abandonment, and fraud is denied.

### Federal Dilution

<u>Fame</u>

Viewing the evidence in the light most favorable to Diageo, Deutsch does not show that the jury lacked an evidentiary basis to find in favor of Diageo. Rather, Diageo presented compelling evidence at trial that the Bulleit Packaging Design is nationally famous and a reasonable trier of fact could and did conclude that the Bulleit trade dress was famous before Deutsch used the Redemption packaging: the Bulleit trade dress has been in identical use for 21 years (Trial Tr. 78:25-79:5, 79:6-12, 118:14-121:1, 138:11-16 (Bello)); $56 million has been spent in advertising during the five years prior to the introduction of the competing Redemption packaging in 2016 (PX 338); advertising campaigns featuring the Bulleit trade dress have appeared in national print and digital magazines (PX 340), on billboards located across the country (PX 341), in and at professional arenas, sporting events, and festivals throughout the nation (PX 340, 448; Trial Tr. 128:23-129:17; 129:18-131:17 (Bello)), and on social media, which reached over 100 million consumers (Trial Tr. 126:23-127:18 (Bello); the Bulleit trade dress has appeared in television shows and movies from 2005 through 2019 (PX 355);

8

150 million dollars' worth of sales of Bulleit were made in
Fiscal Year 2016 alone (PX 438); and Deutsch witnesses admitted
"consumers already know and love" Bulleit (PX 71 (April 2016
email from former Deutsch Marketing Director Jennifer
Thomason)). See Nabisco, Inc. v. PF Brands, Inc., 50 F. Supp. 2d
188, 203 (S.D.N.Y. 1999) (holding that the "extended duration
and high volume of use tend to make the Goldfish mark distinct
and famous"), aff'd, 191 F.3d 208 (2d Cir. 1999); Savin Corp. v.
Savin Grp., 391 F.3d 439, 450 (2d Cir. 2004) (finding fame from
$20 million in advertising in one year, annual revenues of $675
million, and "products and services, which are regularly
featured in print advertisements, trade magazines, and tradeshow
promotions"); Victorinox AG v. B & F Sys., Inc., 114 F. Supp. 3d
132, 139-40 (S.D.N.Y. 2015) (holding that the Swiss Army knife
trade dress was famous when it received "extensive unsolicited
media coverage," including "its appearance in the opening
credits of the television series 'MacGyver'"), aff'd, 709 F.
App'x 44 (2d Cir. 2017).

The jury was reasonable and had a legally sufficient
evidentiary basis to find the Bulleit trade dress was famous
before the introduction of the diluting Redemption packaging.

Dilution By Blurring

In assessing a claim for dilution by blurring, a factfinder
may consider the following factors: (i) "The degree of

similarity between the mark or trade name and the famous mark";
(ii) "The degree of inherent or acquired distinctiveness of the
famous mark"; (iii) "The extent to which the owner of the famous
mark is engaging in substantially exclusive use of the mark";
(iv) "The degree of recognition of the famous mark"; (v) "Whether
the user of the mark or trade name intended to create an
association with the famous mark"; and (vi) "Any actual
association between the mark or trade name and the famous mark."
15 U.S.C. § 1125(c)(2)(B).

To support its argument that the jury did not have a
sufficient evidentiary basis to find dilution by blurring,
Deutsch argues that there is insufficient evidence to support
the first (degree of similarity) and third (substantially
exclusive use) factors. Deutsch points to the facts that the
bottles are nonidentical with numerous differences and that
Diageo did not submit dilution survey evidence showing an
association between the bottles' packages in the minds of
consumers. It also argues that Diageo is not engaging in
substantially exclusive use of the mark because the Bulleit
trade dress has already been blurred by extensive third-party
use.

Deutsch's arguments ignore the evidence presented at trial
and ask the Court to substitute its (assumed) judgment for that
of the jury. The evidence, such as the bottles themselves,

pictures of the bottles on shelves, and testimony from consumers and parties' witness, showed the jury the similarities and dissimilarities between the bottles, and it came to a sensible judgment that the bottles are similar enough to support a finding that dilution by blurring would occur. See Miss Universe, L.P. v. Villegas, 672 F. Supp. 2d 575, 593 (S.D.N.Y. 2009) ("Substantial similarity is not necessarily required, and a lack of similarity is not necessarily dispositive.").

Diageo was not required to perform a dilution survey to prove similarity. See Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 736 F.3d 198, 212–13 (2d Cir. 2013)(holding that although a survey showing actual association is probative, proof of actual association is not required). Diageo showed the bottles were similar by presenting three incidents of actual association by participants in Deutsch's focus group, in a Facebook page comment, and by two consumers. While mere evidence of isolated instances of "actual association" is insufficient, that evidence in conjunction with the other evidence just mentioned suffices for a reasonable fact finder to determine that the bottles are similar.

Additionally, the jury was able to review a plethora of third-party bottles to determine whether those bottles were similar enough to the Bulleit Packaging Design to render use of the design non-exclusive. The jury was within its right to

credit the evidence as it did, and the Court cannot weigh conflicting evidence of third-party bottles to overcome its verdict.

Deutsch's Renewed Motion for Judgment as a Matter of Law against Diageo's claim for federal dilution is denied.

**NY State Law Dilution**

Deutsch argues that there is insufficient evidence to show that there is a substantial similarity between the Bulleit Trade Dress and the Redemption Packaging because "[t]he fact that they found no likelihood of confusion or infringement necessarily implies that the evidence failed to establish that the Bulleit Trade Dress and the Redemption Packaging are similar enough to support a finding of infringement in this case." Dkt. No. 456 (JMOL) at 22.

But New York law provides dilution may be found "notwithstanding the absence . . . of confusion as to the source of goods or services." N.Y. Gen. Bus. L. § 360-l. As discussed above, there was ample evidence of the close similarity between the Bulleit Trade Dress and the Redemption packaging, and such evidence of similarity may be taken with some evidence of instances of consumer confusion to show likelihood of dilution. See ABC Rug & Carpet Cleaning Serv., Inc. v. ABC Rug Cleaners, Inc., 2010 WL 10091076, at *23 (S.D.N.Y. Feb. 10, 2010) (holding that the marks were substantially similar under New York's

12

dilution statute in part because, based on four affiants of actual confusion, "enough consumers were confused by the similarity of the marks for the Court to conclude that they are 'essentially the same'" and showed a likelihood of blurring), report and recommendation adopted, 2011 WL 182114 (S.D.N.Y. Jan. 13, 2011).

The jury was also presented with extensive evidence allowing it to find that the other factors used to assess dilution under New York law also were in Diageo's favor—such as the fact that the products are identical in type and the famous nature of the Bulleit Packaging Design. Accordingly, the evidence on dilution under New York law was sufficient to support the jury's finding and Deutsch's motion for judgment as a matter of law dismissing Diageo's claim of dilution under New York law is denied.

## New Trial

Deutsch moves for a new trial arguing that: the jury's verdict granting the federal and state dilution claims and denying the functionality, abandonment, and fraud counterclaims is against the weight of the evidence; the jury instructions were erroneous; and evidence was improperly excluded.

### Legal Standards

Under Rule 59, a court may grant a new trial on some or all issues "after a jury trial, for any reason for which a new trial

13

has heretofore been granted in an action at law in federal court," F. R. C. P. 59(a)(1)(A), including that the verdict is against the weight of the evidence, <u>Raedle v. Credit Agricole Indosuez</u>, 670 F.3d 411, 418 (2d Cir. 2012). A decision is against the weight of the evidence if the verdict is seriously erroneous or a miscarriage of justice. <u>Id.</u>; <u>Ali v. Kipp</u>, 891 F.3d 59, 64 (2d Cir. 2018) ("A trial court should not grant a motion for a new trial unless it is 'convinced that the jury ... reached a seriously erroneous result or that the verdict is a miscarriage of justice.'").

In contrast to a motion for judgment as a matter of law, on a motion for a new trial, a trial judge "'is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner.'" <u>Song v. Ives Labs, Inc.</u>, 957 F.2d 1041, 1047 (2d Cir. 1992) (quoting <u>Bevevino v. Saydjari</u>, 574 F.2d 676, 684 (2d Cir. 1983). "However, our precedent counsels that trial judges must exercise their ability to weigh credibility with caution and great restraint, as a judge 'should rarely disturb a jury's evaluation of a witness's credibility,' and may not 'freely substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury.'" <u>Raedle</u>, 670 F.3d at 418 (citations omitted).

**Verdict Against Weight of Evidence**

14

Diageo's Federal and State Dilution Claims

Even under Rule 59's different standards, Deutsch cannot show that the verdict is seriously erroneous or a miscarriage of justice. The jury's findings of fame and of likelihood of dilution under federal and state law are fact-intensive inquiries involving a variety of factors and, as discussed above, there was ample evidence to support the jury's verdict on those issues. See Can't Live Without It, LLC v. ETS Express, Inc., 373 F. Supp. 3d 434, 442-43 (S.D.N.Y. 2018) (denying motion for a new trial when the plaintiff put forward "ample evidence for the jury to find that it met its burden" of proving trade dress infringement and holding that even a "relatively close question" was not sufficient to find that the "jury's verdict was seriously erroneous or a miscarriage of justice" warranting a new trial).

Deutsch's motion for a New Trial on federal and state dilution is denied.

### Deutsch's Counterclaims

*Functionality*

Deutsch argues that each of the elements of the Bulleit Trade Dress, including the bottle's rounded shoulders, shape, cork closure, embossing, black cap, clear glass, label borders, arched text, and text dividers, has its separate utilitarian or aesthetic function.

15

That overlooks that the functionality of the trade dress
must be assessed with respect to the trade dress as a whole.
See, e.g., Cartier, Inc. v. Sardell Jewelry, Inc., 294 F. App'x
615, 620-21 (2d Cir. 2008) (holding "sound" the district court's
conclusion that "it was improper for defendants to break the
trade dress down into specific elements and call them
functional, because plaintiffs' claim is that the combination
and arrangement of those design elements comprise the trade
dress at issue"); GeigTech E. Bay LLC v. Lutron Elecs. Co., 352
F. Supp. 3d 265, 280-81 (S.D.N.Y. 2018) ("Where the asserted
trade dress extends to the overall look of the combination of
features comprising a product or product line, the Court must
evaluate the distinctiveness and functionality of those features
taken together, not in isolation." (quotation marks omitted)).

Looking at the Bulleit Trade Dress as a whole, the evidence
at trial was sufficient for the jury to find that the bottle
design is not functional because of evidence that it: increases
the cost of production, is not advertised as being functional,
was not intended to be functional, and has many alternatives,
such that competitors' ability to compete is not impaired. See,
e.g., Trial Tr. 99:1-7 (Bello) ("This is a hard to pack bottle.
It costs us money to bottle, it is difficult."); id. at 573:20-
579:17 (Guiliani) (testifying how the Bulleit design increases
the bottle's manufacturing costs); id. at 580:17-581:3

(Guiliani) (testifying that no aspect of the bottle is intended to make it easier to ship or to minimize the chance of breakage); id. at 99:19-100:3 (Bello) (calling it ridiculous to insinuate Bulleit advertised functional benefits of the design); id. at 286:10-287:3, 288:10-289:18 (Sandstrom) (testifying that his design process did not take account of whether the bottle would be easy to pour or whether elements of the bottle would make manufacturing it easier or more difficult); id. at 101:16-102:19 (Bello) (discussing the alternative bottle designs used by Crown Royal, Johnnie Walker, George Dickel, and Singleton).

Deutsch's motion for a New Trial on the counterclaim that the design is functional is denied.

*Abandonment*

Deutsch argues that the evidence introduced at trial overwhelmingly established that Diageo has tolerated numerous third-party competitors who have continuously used bottle packaging with features that are similar to or identical to those that Diageo claims as part of the Bulleit Design Mark and Trade Dress, both before and after the Bulleit bottle design was first used.

But the evidence shows that Diageo does not tolerate third-party use and protects its rights by pursuing enforcement actions when necessary. See Trial Tr. 145:10-159:2 (Bello) (discussing Diageo's enforcement actions against McGillicuddy

17

and Manatawny). The jury's conclusion finding no abandonment has evidentiary support and will not be disturbed.

Deutsch's motion for a New Trial on that issue is denied.

*Fraud*

Deutsch argues that the Bulleit Design Mark was obtained fraudulently because Diageo knew or should have known that its statement to the Trademark Office that the bottle shape was unique and not functional was false.

While the argument that Diageo should have known that the statements to the Trademark Office were false has force, there is too little evidence that its representatives did actually know that their representations were untrue. See MPC Franchise, LLC v. Tarntino, 826 F.3d 653, 659 (2d Cir. 2016) ("That is, to succeed on a claim that a trademark holder procured the mark by fraud, a plaintiff cannot merely show that the trademark holder 'should have known' that the application contained false statements of material fact."). Deutsch's argument that as the largest alcohol company in the world, Diageo must have been aware of third-party bottles with similar shapes and should have known of that the bottle's rounded shoulders serve a functional purpose does not establish that they actually knew it, especially when extensive evidence was adduced at trial that showed Diageo thought that its bottle shape was distinctive. See TX 1 at 40-41 (Diageo's outside counsel Robert Henley's

statement, in response to the Trademark Office's request to disclaim protection for the bottle shape in the registration application, that the Bulleit bottle shape was an inherently distinctive component of the mark and stood out in the beverage alcohol industry); Trial Tr. 572:15-573:11 (Guiliani) (the Bulleit bottle shape uses a proprietary custom mold and was designed to look different from other products on the market); id. 274:12-16 (Sandstrom)(same); Henley Dep. Tr. 167:3-8 ("[G]iven the bottle's unique shape, it[s] tapering, the type of high, high, short neck, wide shoulders, and somewhat barreling of the chest, so to speak, of the bottle design, I do remember it being—it being unique.").

Thus, the evidence on that question was divided and posed a classic case for resolution by a jury, and its verdict will not be disturbed.

Deutsch's motion for a New Trial is denied.

### Claims of Improper Jury Instructions

"A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." Dancy v. McGinley, 843 F. 3d 93, 116 (2d Cir. 2016). The error must be sufficiently serious to undermine "the very integrity of the trial." SCS Commc'ns Inc. v. Herrick Co., 360 F.3d 329, 343 (2d Cir. 2004) (quoting Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 61 (2d Cir.

2002)). The charge is adequate so long as it, "taken as a whole, is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it." Newport Elecs., Inc. v. Newport Corp., 56 F. App'x 63, 65 (2d Cir. 2003); e.g., Schermerhorn v. Local 100, Transp. Workers Union of Am., 91 F.3d 316, 322 (2d Cir. 1996).

Under Federal Rule of Civil Procedure 51(c)(1), a party "who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Accordingly, "a party may not 'rely on her submission of proposed jury instructions that included a[ ] [requested] instruction' to preserve an objection." Emamian v. Rockefeller Univ., 971 F.3d 380, 387 (2d Cir. 2020) (quoting Caruso v. Forslund, 47 F.3d 27, 31 (2d Cir. 1995) (alteration in Emamian). A party's failure to object to an instruction on the record may be excused when "the party's position has previously been made clear to the trial court and it was apparent that further efforts to object would be unavailing." Id.

The Court addresses in turn Deutsch's claims that the jury was wrongly given the following instructions:

- The Court instructed that "A trade dress is famous if it is widely recognized by the general consuming public of the United States as a designation that the source of the

20

product is the owner of the trade dress." Jury Instructions
21:471-474.

Deutsch now objects to the term "general consuming
public" and the lack of an instruction that niche market
fame was insufficient to meet the standard. However,
Deutsch did not object on the record to the use of "general
consuming public." Moreover, "general consuming public" is
the statutory language of 15 USC § 1125(c)(2)(A) and is
sufficient to apprise the jury that it needed to consider
the fame of the Bulleit Packaging Design beyond any niche
market or limited set of consumers.

- The Court instructed that "If you determine that Diageo has
proven by a preponderance of the evidence that the
Redemption bottle dilutes the Bulleit Trade Dress and you
determine that Deutsch's use of the packaging began after
the Bulleit Trade Dress became famous, you must find that
Deutsch diluted Diageo's trade dress in violation of
federal law." Jury Instructions 22-23:510-515.

Deutsch now objects to the lack of an instruction that
Diageo was required to establish that the Bulleit Design
Mark or the Bulleit Trade Dress achieved the requisite
level of fame before Deutsch began using its Redemption
packaging. Deutsch did not make such an objection on the

record. The instruction explicitly required that Deutsch's use "began after the Bulleit Trade Dress became famous."

- The Court instructed that "to determine whether the accused Redemption packaging will cause a likelihood of dilution under New York General Business Law, you may consider the following factors: 1) Whether the Bulleit Trade Dress and Redemption Trade Dress are very similar. If they are not, then there is no dilution." Jury Instructions 23:517-22.

    Deutsch objects and argues that the jury was not properly instructed that it was required to find that the Redemption packaging is so substantially similar to the Bulleit Trade Dress that consumers would view the marks as essentially the same. However, on the record, Deutsch did not object to the use of "very similar," which comports with the law of this Circuit. See Playtex Prod., Inc. v. Georgia-Pac. Corp., 390 F.3d 158, 167 (2d Cir. 2004) ("A plaintiff cannot prevail on a state or federal dilution claim unless the marks at issue are 'very' or 'substantially similar.'"); Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 114 (2d Cir. 2009) (quoting Playtex Prod., Inc., 390 F.3d 167).

- The Court instructed that the standard of proof for abandonment is clear and convincing evidence, which Deutsch objected to on the record arguing that the standard is

22

preponderance of the evidence. Nonetheless, the instruction provided the correct legal standard. See e.g., Saratoga Vichy Spring Co. v. Lehman, 625 F.2d 1037, 1044 (2d Cir. 1980) ("abandonment, being the forfeiture of a property interest, should be strictly proved'); Emmpresa Cubana Del Tabaco v. Culbro Corp., 213 F. Supp. 2d 247, 268 (S.D.N.Y. 2002); Dual Groupe, LLC v. Gans-Mex LLC, 932 F. Supp. 2d 569, 574 (S.D.N.Y. 2013); J. Thomas McCarthy, 3 McCarthy on Trademarks and Unfair Competition § 17:12 (5th ed. 2021) (stating that "[t]he majority of courts" require that "evidence of the elements of abandonment must be clear and convincing").

- The Court instructed that "When considering whether the Bulleit bottle Trade Dress is functional, you must consider the entire trade dress as a whole." Jury Instructions 7:168-170. Deutsch objected on the record and argued that the functionality of each feature of the trade dress must be examined. Such an instruction would have been error. See, e.g., Cartier, Inc. v. Sardell Jewelry, Inc., 294 F. App'x 615, 620-21 (2d Cir. 2008); GeigTech E. Bay LLC v. Lutron Elecs. Co., 352 F. Supp. 3d 265, 280-81 (S.D.N.Y. 2018) ("Where the asserted trade dress extends to the overall look of the combination of features comprising a product or product line, the Court must evaluate the

23

distinctiveness and functionality of those features taken together, not in isolation.").

- The Court instructed that "In determining whether the Bulleit Trade Dress is functional, you may consider . . . (3) the availability to competitors of alternative design mark designs for the same kinds of products. If there are alternative designs (i.e., alternative combinations of elements that make up the design mark) available for the same kind of product, that is evidence of non-functionality." Jury Instructions 8:172-193.

Deutsch argues that it did properly object to this instruction on the record:

MR. GROW: Well, again, I would propose where it says in determining whether the non-functional features of the Bulleit trade dress, in considering whether the non-functional features of the Bulleit trade dress, you may consider the following factors. There is no amount of advertising, there is no amount of intent or availability of an alternative designs that can save the invalidity of the bottle. Trial Tr. at 1665:20-1666:1.

Whatever thought that statement conveys, it is not an objection to using the availability of alternative designs as a factor in determining utilitarian functionality.

24

Accordingly, Deutsch did not properly preserve that objection. Further, the charge as given is correct.

- The Court instructed that "To find for Diageo on this claim [of unregistered trade dress infringement], you must conclude that Diageo has shown by a preponderance of the evidence that it owns a valid Bulleit Trade Dress. . . An unregistered trade dress is valid if it is (1) non-functional . . . In reaching a determination of whether the Bulleit Trade Dress is non-functional. . . you should consider the same factors . . . always aware that for this claim Diageo, not Deutsch, carries the burden of proof." Jury Instructions 15: 330-40.

    Deutsch for the first-time objects that the jury was not instructed that the burden of proving that an unregistered trade dress is not functional is on the plaintiff. In the final sentence, the Court stated that "Diageo, not Deutsch, carries the burden of proof."

- The Court instructed that to prevail on its fraud counterclaim Deutsch must prove that "Diageo knew that the representation was false." Jury Instructions 10:233.

    Deutsch objected on the record that it wanted the instruction "to read knew or had to have known." Trial Tr. 1670:16-17. The Court declined to give that instruction because "The law is clear that had to have known is not

knowing and is not punishable as knowing. Knowing is
something different. At least I'm following the cases that
say that. I think it makes more sense." Id. at 1670:23-
1671:3. To have given Deutsch's proposed instruction would
be error.

- The jury verdict form instructed that Deutsch had to prove
that "Diageo obtained the Bulleit Trademark Registration
through intentional fraud on the U.S. Patent and Trademark
Office." Jury Verdict # 3.

  Deutsch now objects to that for the first time. Even
had the objection been properly raised, the Court's full
charge outlined the elements of fraud, and in context, the
reference to "intentional fraud" plainly refers to the
element of the claim that requires proof of intent to
deceive the PTO. See Jury Charge at 10:227-11:239.
Accordingly, there was not error in the instruction.

- Deutsch objects to the fact that no instruction was given
concerning the distinction between Diageo's Registered
Design Mark and its Unregistered Trade Dress. While Deutsch
did not make this exact objection on the record, it made
clear its position that the registered and unregistered
trade dresses were separate and distinct sufficiently to
save the point. See Trial Tr. at 1696:1-8 (counsel for
Deutsch noting that "The way the instruction is written,

26

the way the verdict form is written, in the first
paragraph, we're only addressing the registered mark which
is not the same as the registered trade dress or the
unregistered trade dress, and it is not the bottle
package."); id. at 1632:4-1633:16; id. at 1643:18-1644:19;
id. at 1646:18-1647:23; id. at 1662:23-24. Adopting the
suggested phrase of "Bulleit design mark and trade dress,"
the Court and Deutsch's counsel went through the charge
page by page, substituting that phrase chosen by counsel to
make clear that the trademark and trade dress were separate
items. Thus, Deutsch's objection to the lack of the
instruction is unsubstantiated because "the charge, taken
as a whole, is correct and sufficiently covers the case so
that a jury can intelligently determine the questions
presented to it.'" _Newport Elecs., Inc._, 56 F. App'x at 65.

None of Deutsch's present objections, timely or untimely,
have merit.

### _Evidentiary Rulings_

Deutsch argues that three key exhibits were excluded from
trial: a demonstrative display showing 180 differences between
the bottles; a third-party stock bottle, the Q.Zera Philadelphia
flask bottle; and an antique Four Roses bottle.

"A district court has broad discretion over the
admissibility of evidence at trial." _Ojeda v. Metro.

27

Transportation Auth., 477 F. Supp. 3d 65, 77 (S.D.N.Y. 2020), aff'd, 41 F.4th 56 (2d Cir. 2022) (citing Kogut v. Cnty. of Nassau, 789 F.3d 36, 47 (2d Cir. 2015)). "[A]n erroneous evidentiary ruling warrants a new trial only when 'a substantial right of a party is affected.'" Lore, 670 F.3d at 155 (quoting Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007)). This means it must be "likely that in some material respect the factfinder's judgment was 'swayed by the error.'" Costantino v. David M. Herzog, M.D., P.C., 203 F.3d 164, 174 (2d Cir. 2000) (quoting Perry v. Ethan Allen, Inc., 115 F.3d 143, 150 (2d Cir. 1997)).

Deutsch certainly has not met this demanding standard. The exclusion of the demonstrative display did not sway the jury's judgment as they could see for themselves the differences between the Bulleit and Redemption trade dresses. Neither did the exclusion of the O.Berk Philadelphia flask bottle because it was cumulative of many other bottles already admitted to prove Duetsch's counterclaims.

The Court provided Deutsch with an opportunity to lay a foundation to show the antique Four Roses bottle was relevant to its fraud counterclaim. But Deutsch was unable to lay a foundation that Diageo knew of the bottle, making it irrelevant to the registration statement Diageo made to the Patent and Trademark Office. See Trial Tr. 1535:1-1540:2. A new trial is not warranted.

## Conclusion

The jury was properly instructed. Its verdict was a discriminating and reasoned appraisal of the evidence and will not be disturbed. It remains only to address the proper remedy.

### Permanent Injunction

The Federal Trademark Dilution Act provides that subject to the principles of equity, the owner of a trademark found to have been diluted "shall be entitled to an injunction . . . regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury." 15 U.S.C.A. § 1125(c)(1); see id. § 1125(c)(5) ("In an action brought under this subsection, the owner of the famous mark shall be entitled to injunctive relief as set forth in section 1116 of this title.").

Similarly, under New York General Business Law, "(l)ikelihood of . . . dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered . . ., notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen. Bus. Law § 360-1. The New York and federal statutes are similar in many respects and may be analyzed together. Nabisco, Inc. v. PF Brands, Inc., 50 F. Supp. 2d 188, 200 (S.D.N.Y.), aff'd, 191 F.3d 208 (2d Cir. 1999) ("Both

29

statutes permit a claim for dilution regardless of whether there is proof of consumer confusion.").

In short, the court should issue an injunction when a plaintiff has succeeded on the merits and has demonstrated that (1) it suffered irreparable harm; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships between the parties warrants such a remedy; and (4) that the public interest would not be disserved by the issuance of an injunction. Moonbug Ent. Ltd. v. A20688, No. 21 CIV. 4313 (VM), 2022 WL 1239586, at *2 (S.D.N.Y. Apr. 26, 2022); see U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc., 800 F. Supp. 2d 515, 539 (S.D.N.Y. 2011), aff'd, 511 F. App'x 81 (2d Cir. 2013).

**Irreparable harm**

Upon a finding of trademark dilution, a plaintiff seeking a permanent injunction "shall be entitled to a rebuttable presumption of irreparable harm."[1] 15 U.S.C.A. § 1116(a).

---

[1] Although the rebuttable presumption of irreparable harm was not enacted until the Trademark Modernization Act of 2020 (TMA), years after this litigation commenced but prior to the trial, the Second Circuit has held that intervening legislation applies to prospective requests for injunctive relief. Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 477 F.3d 765, 766 (2d Cir. 2007). Moreover, the Second Circuit's warning that "unless Congress intended a 'major departure from the long tradition of equity practice,' a court deciding whether to issue an injunction must not adopt 'categorical' or 'general' rules or presume that a party has met an element of the injunction standard" is heeded. Salinger v. Colting, 607 F.3d 68, 78 n.7 (2d Cir. 2010). Here, Congress passed the TMA to confirm that "the historical practice of applying a rebuttable presumption of irreparable harm is the appropriate course for claims under the Lanham Act." H.R. Rep. No. 116-645, att 19 (2020).

Irreparable harm exists in a trademark case when the party seeking the injunction shows that it will potentially lose goodwill and control over the reputation of its trademark. See Kelly Toys Holdings, LLC v. alialialiLL Store, No. 21 CIV 8434, 2022 WL 2072567, at *11 (S.D.N.Y. June 9, 2022); U.S. Polo Ass'n, Inc., 800 F. Supp. 2d at 540. Goodwill is simply the intangible "business value of a company's brand and reputation" beyond the value of its tangible assets. 1 McCarthy on Trademarks & Unfair Competition § 2:19 (5th ed. June 2022 update).

As the jury has found that the Bulleit Trade Dress is diluted by the Redemption packaging, Deutsch seeks to rebut the presumption of irreparable harm by arguing that no evidence adduced at trial supported a showing of a loss of goodwill arising from Deutsch's use of the Redemption packaging or of erosion of the Bulleit Trade Dress by the Redemption packaging.

To the contrary, Diageo introduced evidence of both. Ample evidence showed a loss of goodwill and the whittling away of the distinctiveness of Bulleit packaging to the detriment of its reputation and its ability to signify to the public that it is a unique product, including Deutsch's design brief requesting a shape "similar to Bulleit" (PX 40 at DFWS00083062); comments made by participants in Deutsch's focus group and by consumers associating the brands because of the similarities in their

31

bottle designs (TX 5 at 1:07:15-1:07:31 (focus group participant
stating that the proposed Redemption design is "just trying to
be the Bulleit Rye bottle"); PX 103 (comment on Deutsch's
Facebook post that the Redemption bottle "Looks a bit like
Bulleit"); PX 425 (consumer phone call asking why Diageo was now
using the Bulleit bottle for Redemption); Schuler Dep. Tr. 27:4–
15, 33:5-34:10 (read into trial record) (consumer referring to
the Redemption bottle as "Bulleit Redemption Bourbon" because he
thought the brands were "linked" and Redemption was "an offshoot
from what Bulleit had to offer")); survey evidence on the
likelihood of confusion (Trial Tr. 591:24-592:10 (finding "a net
confusion rate of 15 percent, which I found to be a significant
level that I believe indicates a significant likelihood of real
marketplace confusion with the Redemption bottle."), Id. at
611:11-613:3 ("33 percent said they think the Redemption product
is made by the same company as Bulleit and an additional 7
percent said they think that the company that makes Redemption
is affiliated with or sponsored or approved by the company that
makes Bulleit. So it was a 40 percent total rate of connecting
the Redemption product to Bulleit."); and a decline in sales
(Id. at 144:25-145:7 (Bello) (testifying that when the
Redemption packaging entered the market, Bulleit "went from
growing 25, 28, high twenties, to basically 10 percent and then
single digits. So it halved our growth, more than halved our

growth."), Id. at 855:8-13 (expert testimony that Deutsch earned "approximately $21.4 million" in profits from the sale of Redemption).

Therefore, in addition to the statutory presumption to which Diageo is entitled, the evidence at trial demonstrated that Diageo suffers irreparable harm due to the diluting Redemption Packaging.

**Inadequate Legal Remedies**

Where, as here, there is an absence of willful dilution, the sole remedy to a finding of dilution is an injunction prohibiting the use of the diluting packaging. See 15 U.S.C.A. § 1125(c)(1); 15 U.S.C.A. § 1116(a); N.Y. Gen. Bus. Law § 360-l; cf. John E. Andrus Mem'l, Inc. v. Daines, 600 F. Supp. 2d 563, 572 n.6 (S.D.N.Y. 2009) (citing United States v. State of New York, 708 F.2d 92, 93 (2d Cir. 1983) (finding injunctive relief appropriate when it was the only available remedy).

Further, a plaintiff has no adequate remedy at law if, absent an injunction, the defendant is likely to continue diluting its trade dress rights. See Kelly Toys Holdings, 2022 WL 2072567, at *11 ("A showing that there is no adequate remedy at law 'is satisfied where the record contains no assurance against defendant's continued violation' of a plaintiff's rights."); Mattel, Inc. v. 1622758984, No. 18-CV-8821, 2020 WL 2832812, at *5 (S.D.N.Y. May 31, 2020). Deutsch's President has

publicly asserted in post-verdict press interviews that "nothing in this decision requires us to change anything about Redemption's packaging." Dkt. No. 451 (Memorandum of Law in Support of Motion for Permanent Injunction) at 2. Deutsch has also made no assurance that it will cease diluting the Bulleit trade dress.

The Court finds that remedies at law are inadequate to protect Diageo.

**The Balance of Hardships**

Deutsch argues that it will be irreparably crippled by the issuance of the requested injunction, which prohibits Deutsch from continuing to put into the market "additional diluting packaging or creating new advertising materials that feature the enjoined packaging," Dkt. No. 463 (Reply) at 7, because it would essentially be the "death knell of the brand" and cause Deutsch to lose approximately $33 million in annual revenues, Dkt. No. 459 (Opposition) at 15 & 17.

But a dilutor cannot complain about the loss of its ability to sell a diluting product. Cf. Mattel, Inc. v. 1622758984, No. 18-CV-8821, 2020 WL 2832812, at *5 (S.D.N.Y. May 31, 2020).

Further, Deutsch has available alternative packaging designs into which it can rebottle its existing inventory of whiskey, including the bottle used to package its upper-tier barrel-proof Redemption whiskey. TX 62; see N.Y.C. Triathlon,

LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 326-27
(S.D.N.Y. 2010) (finding that harm to defendant, "who has other
names and marks available to it," would not outweigh harm to
plaintiff). Changing the diluting Redemption packaging will not
disproportionately harm Deutsch's business, since approximately
97% of Deutsch's total sales are from non-infringing products.
Thus, the hardships imposed on Deutsch are not so great as to
outweigh the harm that is being done to Diageo absent an
injunction.

**The Public Interest**

Granting injunctive relief does not disserve the public
interest. Consumers have an interest in being assured that the
mark it associates with a product is not attached or associated
with other goods. N.Y.C. Triathlon, LLC, 704 F. Supp. 2d at 344
("The public has an interest in not being deceived – in being
assured that the mark it associates with a product is not
attached to goods of unknown origin and quality.").

Indeed, that public interest in the prevention of dilution
is shown by the passage of both federal and state legislation
providing for injunctive relief for that purpose.

Diageo's motion for a permanent injunction is granted.

**Injunction Terms**

"A district court has 'broad discretion to enjoin possible
future violations of law where past violations have been

35

shown.'" <u>City of New York v. Tavern on the Green Int'l LLC</u>, No.
17-CV-1376, 2021 WL 1316956, at *3 (S.D.N.Y. Apr. 7, 2021)
(quoting <u>United States v. Carson</u>, 52 F.3d 1173, 1184 (2d Cir.
1995)). Still, "injunctive relief must be 'narrowly tailored to
fit specific legal violations.'" <u>Coty Inc. v. Excell Brands,
LLC</u>, 277 F. Supp. 3d 425, 463 (S.D.N.Y. 2017)

   Accordingly, IT IS HEREBY ORDERED THAT:

1. Deutsch Family Wine & Spirits and Bardstown Barrrel
   Selections LLC, their agents, and any third parties who are
   in active concert or participation with the manufacture,
   sale, or promotion of Redemption who receive notice of this
   injunction are permanently restrained and enjoined
   nationwide from, directly or indirectly, manufacturing,
   selling, offering for sale, distributing, licensing,
   importing, exporting, advertising, promoting, displaying,
   or using in commerce, including in stores, online, and in
   physical, digital, or recorded advertisements or
   promotional materials, the Diluting Redemption Packaging at
   issue in this litigation and any other colorable imitation
   thereof, except for the product that on the date of entry
   of this Order has already been transferred to distributors,
   retail stores, bars, or restaurants. That product in the
   Redemption packaging that has been transferred by the date

of entry of this Order may continue to be sold, but none thereafter.

2. Defendants are directed to undertake a change to the Redemption glass bottle and packaging that will convey a substantially different commercial impression, but may retain those unchallenged aspects of the package like i) the brand name Redemption or terms such as "pre-prohibition" or "rye revival;" ii) the label, other than its border; iii) the embossed rye "frond;" and iv) the concave back of the bottle. If defendants do not create a meaningfully changed Redemption Packaging, such that it cannot dilute the Bulleit trademark and trade dress, Deutsch may be directed to use its present upper-tier barrel-proof Redemption whiskey bottles, with only minor changes sufficient to signify that the bottle does not contain its present premium product.[2]

3. This Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation, enforcement, or modification of this Permanent Injunction.

---

[2] The Court recognizes that this gives scant guidance about the individual elements of the acceptable trade dress, but it is not a judicial function to design an unobjectionable package. That has difficulties shown by the testimony of the main designer of the diluting bottle. Nonetheless the Redemption package must have no superficial, at a glance, resemblance to the Bulleit bottle.

So Ordered.

Dated:   New York, New York
         September 7, 2022


                                    Louis L. Stanton
                                    LOUIS L. STANTON
                                        U.S.D.J.

<u>**ADDENDUM B**</u>

**Proposed Issues to Be Raised on Appeal**

1.    Is Deutsch entitled to judgment as a matter of law on Diageo's federal dilution claim because the evidence was insufficient to support the level of fame required?

*Standard of Review*: de novo.  *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108 (2d Cir. 2001).

2.    Is Deutsch entitled to judgment as a matter of law on Diageo's New York dilution claim because the evidence of record was insufficient to support a finding of substantial similarity between Diageo's design mark and trade dress and Deutsch's Redemption bottle and packaging, as required under New York dilution law?

*Standard of Review*: de novo.  *Yurman*, 262 F.3d at 108.

3.    To prevail on a federal dilution claim, a plaintiff must prove that the design mark and trade dress were famous among the general public, not simply among a specific subset of consumers.  Over Deutsch's objection, the trial court instructed the jury to consider whether Diageo's design mark and trade dress were famous among the "general consuming public" but refused to instruct the jury that "niche fame" among whiskey consumers was insufficient.  Is Deutsch entitled to a new trial before a properly instructed jury?

*Standard of Review*: de novo. *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 115-16 (2d Cir. 2000).